# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • FACSIMILE: +1.216.579.0212

Direct Number: (216) 586-1344
DFADLER@JONESDAY.COM

January 15, 2015

JP000868:kjf
425966-640023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 1 2015
```

**VIA ECF**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: *Blackrock Allocation Target Shares, et al. v. US Bank National Association*
> Case No. 14-cv-9401-KBF
>
> *National Credit Union Administration Board, et al. v. US Bank National Association, et al.*
> Case No. 14-cf-9928
>
> *Phoenix Light SF Limited, et al. v. US Bank National Association, et al.*
> Case No. 14-cv-10116
>
> (Rel. 12-cv-2865-KBF)

Dear Judge Forrest:

I write on behalf of Defendant, U.S. Bank National Association ("USB"), specifically with respect to the BlackRock Allocation Target Shares: Series S Portfolio et al. v. U.S. Bank National Association case (sometimes referred to as "BlackRock" or the "BlackRock USB Action"), in response to your Honor's January 15, 2015 Orders setting identical schedules for motion to dismiss briefing in each of BlackRock, Phoenix Light SF Limited et al. v. U.S Bank National Association ("Phoenix Light"), and National Credit Union Administration Board v. U.S. Bank National Association ("NCUA").

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Katherine B. Forrest
January 15, 2015
Page 2

In BlackRock, USB respectfully requests entry of a different schedule, in which the Court's subject matter jurisdiction over a substantial portion of the case is briefed first, followed by motion to dismiss briefing on what claims and trusts remain before the Court. USB believes this bifurcated schedule is appropriate in BlackRock in light of recent developments outlined below. (NCUA and Phoenix Light do not appear to present any threshold subject matter jurisdiction issues, although USB is still examining the basis for jurisdiction in those cases and reserves its right to raise jurisdictional issues in its motions to dismiss.) We have conferred with counsel for Plaintiffs in BlackRock on bifurcated briefing, but did not reach agreement (except that, if the Court orders bifurcated briefing, Plaintiffs do not object to the following schedule for jurisdiction-only briefing).

### Proposed Bifurcated Briefing Schedule

USB's Rule 12(b)(1) motion due on January 26, 2015

Plaintiffs' opposition due on February 9, 2015

USB's reply due on February 16, 2015.

USB would then file its Rule 12(b)(6) motion on the claims and trusts remaining in front of the Court within 14 days after the Court issues its ruling on supplemental jurisdiction.

### Relevant Procedural History and Second Circuit Developments

Plaintiffs filed the BlackRock USB Action on November 24, 2014, at the same time as they filed similar actions against HSBC, Deutsche Bank, Citibank, Bank of New York Mellon, and Wells Fargo (with the BlackRock USB Action, the "BlackRock Cases"). Plaintiffs based federal jurisdiction in the BlackRock Cases (including the USB Action) on: (1) the Trust Indenture Act ("TIA"); (2) the Class Action Fairness Act ("CAFA"); and (3) 28 U.S.C. § 1367 supplemental jurisdiction (in addition to Plaintiffs' TIA claim, Plaintiffs have asserted a number of state law claims).

On December 12, 2014, Plaintiffs sent a letter Judge Shira Scheindlin (with a copy to, among others, your Honor), presiding over the HSBC case, to request a pre-motion conference on Plaintiffs' planned motion to consolidate the BlackRock Cases. Judge Scheindlin held that conference on December 22, and she and the parties agreed that, at a minimum, the threshold question of federal jurisdiction based on CAFA would be briefed collectively in the first instance. Judge Scheindlin decided to hold the issue of TIA jurisdiction in abeyance pending the Second Circuit's decision in Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago v. The Bank of New York Mellon (hereinafter cited as "BNYM"). Judge Scheindlin directed the parties to meet and confer on a briefing schedule for the CAFA

JONES DAY

Honorable Katherine B. Forrest
January 15, 2015
Page 3

jurisdiction issue, and also on whether any other issues could be addressed by consolidated briefing, and to return for another conference on January 6, 2015.

Following Judge Scheindlin's conference, the Second Circuit issued its decision in BNYM. *See* BNYM, Nos. 13-1776, 13-1777, --- F.3d ---, 2014 WL 7272269 (2d Cir., December 23, 2014). Among other things, the Court held that the TIA does not apply to RMBS trusts governed by Pooling and Servicing Agreements, generally established under New York law ("PSA Trusts"). This is as opposed to indenture trusts, generally established under Delaware law ("Delaware Trusts"), to which the TIA does apply. This is important in BlackRock because, of the 843 trusts in the BlackRock USB Action, approximately 38 are Delaware Indenture Trusts (TIA applies) and 805 are PSA trusts (TIA does not apply under BNYM).[1]

As a result of BNYM, the parties in the six BlackRock Cases discussed a schedule for consolidated briefing on, among other issues, CAFA and whether there is federal supplemental jurisdiction over the state law claims on the PSA Trusts. But a few hours before the scheduled January 6 conference with Judge Scheindin, the judge's law clerk informed counsel that the Chief Judge had decided not to consolidate the BlackRock Cases for purposes of pre-trial motion practice.

Plaintiffs in BlackRock have represented that they are no longer relying upon CAFA as a basis for federal jurisdiction (and gave us permission to inform the Court of this representation), such that supplemental jurisdiction is the only possible basis for federal jurisdictional over the state law claims on the 805 PSA Trusts to which the TIA does not apply. USB does not believe supplemental jurisdiction exists, and even if it does, USB believes the Court should decline to exercise it. (USB is not objecting to supplemental jurisdiction over the state law claims on the 38 Delaware Trusts to which the TIA does apply.)

USB believes that briefing Rule 12(b)(6) issues on the 805 PSA Trusts, before deciding whether this Court has supplemental jurisdiction over the claims on these trusts, would be inefficient because it would require extensive briefing on issues that will be irrelevant if the Court does not exercise supplemental jurisdiction over these claims. Moreover, the jurisdiction issue is relatively straightforward and likely can be resolved quickly. Thus briefing jurisdiction first, followed by a Rule 12(b)(6) motion, may cause only a small variance to the briefing schedule in BlackRock as compared to NCUA and Phoenix Light, and resolution of the motions to dismiss in all three cases likely could still be at the same time.

---

[1] The Plaintiffs in BNYM have sought en banc review of the Panel's decision.

JONES DAY

Honorable Katherine B. Forrest
January 15, 2015
Page 4

Thank you for your attention to this matter.

Very truly yours,

/s/ David F. Adler

David F. Adler

cc: Counsel of Record (by ECF)
BOI-140045813v1

Order
Request to bifurcate denied. It is more efficient to deal with all issues at once. The schedule at ECF 34 governs.

K. B. F.
USDJ
1/21/15