JOHN A. LIBRA

jlibra@koreintillery.com
*p: 312.641.9750*
*f: 312.641.9751*

KOREIN TILLERY

*Attorneys at Law*

205 North Michigan, Suite 1950
Chicago, Illinois  60601-4269

www.koreintillery.com

February 13, 2015

**VIA CM/ECF**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007
(212) 805-0276

Re:   *National Credit Union Administration Board v. U.S. Bank National
      Association, et al.,* **Case No. 14-cv-09928-KBF [rel. Case No. 12-cv-02865]**

      *Phoenix Light SF Ltd., et al. v. U.S. Bank National Association, et al.,* **Case No.
      14-cv-10116-KBF [rel. Case No. 12-cv-02865]**

Dear Judge Forrest:

      I write on behalf of Plaintiffs in the above-referenced cases in response to the
Court's February 6, 2015 Order directing the parties to set forth their views as to
whether Plaintiffs' Trust Indenture Act ("TIA") claims are subject to dismissal under the
Second Circuit's decision in *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of
Chicago v. Bank of New York Mellon*, No. 13-cv-1776, 2014 WL 7272269 (2d Cir. Dec. 23,
2014) and whether the Complaints should be amended to remove the TIA claims.

      Plaintiffs' position is that, while this Court is obligated to follow the Second
Circuit's decision that the TIA does not apply to RMBS that are certificates issued
through pooling and servicing agreements (which are the type of RMBS at issue in the
Complaints), the Complaints should not be amended to remove the TIA claims because
Plaintiffs wish to preserve their right to appeal to the U.S. Supreme Court.[1]

---

[1] Plaintiffs also note that the plaintiffs in the *Policemen's* case have filed a petition for
rehearing and/or rehearing *en banc*.

Please do not hesitate to contact any of Plaintiffs' counsel should the Court have any questions.

Respectfully Submitted,

John A. Libra

cc:     Counsel of Record (via CM/ECF)