**MUNGER, TOLLES & OLSON LLP**

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

July 12, 2018

Writer's Direct Contact
(213) 683-9260
(213) 593-2960 FAX
jacob.kreilkamp@mto.com

*Via ECF*

The Honorable Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007-1312

    Re:    *Phoenix Light SF DAC et al. v. U.S. Bank Nat. Ass'n et al.*, No. 14-cv-10116-VSB-DCF, ECF No. 202

Dear Magistrate Judge Freeman:

    I am counsel for Defendant Bank of America, N.A. ("BANA") in the above-referenced action. I write, as allowed under Your Honor's Individual Rule I.C., to respond to Plaintiffs' July 11, 2018 letter (ECF No. 327) concerning Defendants' challenge to Plaintiffs' privilege claims over certain documents shared among Plaintiffs, Portigon, and EAA. In short, Plaintiffs fail to distinguish the relevant authorities regarding waiver of work-product protection, and they mischaracterize the factual record.

    Plaintiffs' letter does not cite so much as a single case supporting their position that they have not waived work-product protection over documents not logged as work product on Plaintiffs' first three privilege logs. Instead, Plaintiffs' case law discussion consists entirely of straining to distinguish numerous decisions in this District making clear that Plaintiffs waived any claim of work-product protection over the documents at issue. Plaintiffs' arguments are unavailing, as a simple review of those cases demonstrates.

MUNGER, TOLLES & OLSON LLP

Honorable Debra C. Freeman
July 12, 2018
Page 2

Plaintiffs' letter likewise does not dispute two key facts: First, Plaintiff did not assert work-product protection over numerous documents at issue in Motion 202 prior to serving the fourth iteration of their privilege log in January 2018—long *after* Motion 202 was filed. Second, Plaintiffs never informed BANA that they intended to add blanket assertions of work-product protection over all of the documents at issue in that motion. Had they done so, the motion and meet-and-confer negotiations leading up to it would have been very different.

For the reasons explained in BANA's July 2, 2018 letter to the Court (ECF No. 319), Plaintiffs' failure to assert work product in a timely manner in their multiple iterations of their privilege logs is dispositive, and Plaintiffs therefore waived their belatedly added work-product assertions. (*See* ECF No. 319.) For the sake of clarity, however, BANA briefly responds to the factual assertions in Plaintiffs' letter concerning the parties' meet-and-confer discussions:

The language Plaintiffs cite from meet-and-confer letters did not arise from a work-product dispute, much less in the context of Plaintiffs claiming they intended to *add* work-product designations to documents they already had logged three times without asserting work product. Instead, the correspondence addressed a separate issue: Plaintiffs' improper assertions of common-interest protection over numerous documents that had no connection to litigation.

On December 7, 2017, Kathleen McDowell, counsel for BANA, wrote to Plaintiffs and pointed out that Plaintiffs were continuing improperly to assert common-interest protection over documents that, by Plaintiffs' own description, were unconnected to litigation.[1] That letter identified 19 individually logged examples from Plaintiffs' privilege log and cited *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 628 (2016), as authority that Plaintiffs' common-interest privilege assertions over such non-litigation documents were improper under New York law. The letter further noted that any claims of work-product protection over these documents were equally deficient, because federal work-product protection also does not apply to documents not prepared in anticipation of litigation.

Notably, Ms. McDowell's December 7, 2017 letter did *not* address the subject matter of Motion 202—the impropriety of Plaintiffs' assertion of common interest between themselves, Portigon and EAA—because the parties were already well along in drafting a dispute letter on that discrete issue, with Defendants having provided Plaintiffs a draft section for a joint letter to Judge Broderick on November 15. Thus, when Plaintiffs' counsel Rose Hallinan responded on December 8 that Plaintiffs would not assert common interest over non-litigation matters and would re-review their documents accordingly, the clear implication was that Plaintiffs intended to produce the wrongly withheld documents discussed in Ms. McDowell's December 7 letter, not

---

[1] If it would be helpful to the Court, BANA would be happy to submit copies of the parties' meet-and-confer letters.

MUNGER, TOLLES & OLSON LLP

Honorable Debra C. Freeman
July 12, 2018
Page 3

that Plaintiffs would add a work-product assertion to already-logged documents that were beyond the scope of that letter.

Further, Plaintiffs' July 11 letter to the Court rests on the erroneous assumption that Plaintiffs' mere suggestion that certain documents were "related to litigation matters" was the functional equivalent of asserting work-product protection. It was not. Even setting aside that Plaintiffs were obligated to state their actual bases for withholding documents—rather than general facts that could explain a basis for protection—work-product protection does not apply to all documents "related to litigation matters." (ECF No. 327 at 2.) For instance, it does not apply to documents "that would have been created in essentially similar form irrespective of the litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998). Nor does it extend to "[c]ommunications between two non-parties to a litigation, neither of whom is a 'representative' of a litigating party." *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66, 68 (S.D.N.Y. 2003).

At bottom, if Plaintiffs believed that specific documents or categories of documents constituted attorney work product, they were required to assert work-product protection in their privilege logs. Knowing this, Plaintiffs *did* assert work-product protection over numerous documents prior to January 2018, but *not* over the documents at issue in Motion 202 until *after* that motion was filed. As the authorities BANA has cited make clear, a party is not permitted to serve multiple privilege logs, each time failing to assert a particular privilege, and then, once a motion is filed demonstrating that the *other* privilege the party relies on does not apply, amend its log yet again to raise the privilege it previously elected not to assert; "neither the Federal Rules of Civil Procedure nor the Local Rules permit any party to make it assertions of privilege a moving target." *SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 166 (S.D.N.Y. 2014).

Thus, for the reasons discussed in BANA's previous letters (ECF Nos. 202 and 319), a live dispute exists as to whether the attorney-client privilege applies to the documents at issue in Motion 202, and whether such documents are subject to production.

Respectfully submitted,

Jacob S. Kreilkamp