# EXHIBIT 4

**MANDATE**

20-1312-cv
*Phoenix Light SF DAC, et al. v. U.S. Bank National Association*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           JOSEPH F. BIANCO,
                       *Circuit Judges.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/202_
```

PHOENIX LIGHT SF DAC *et al.*,

       *Plaintiffs-Appellants,*     20-1312-cv

       v.

U.S. BANK NATIONAL ASSOCIATION,

       *Defendant-Appellee.*[*]

**FOR PLAINTIFFS-APPELLANTS:**  WILLIAM A. MAHER (David H. Wollmuth, Lyndon M. Tretter, Steven S. Fitzgerald, *on the brief*), Wollmuth Maher & Deutsch LLP, New York, NY

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

**FOR DEFENDANT-APPELLEE:**   LOUIS A. CHAITEN (Amanda R. Parker, David F. Adler, Michael T. Marcucci, *on the brief*) Jones Day, Cleveland, OH, Boston, MA.

Appeal from orders of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED.**

Plaintiffs—Phoenix Light SF Limited ("Phoenix Light"), Blue Heron Funding VI Ltd., Blue Heron Funding VII Ltd., Kleros Preferred Funding V PLC, Silver Elms CDO PLC, Silver Elms CDO II Limited, C-Bass CBO XIV Ltd., and C-bass CBO XVII Ltd.— appeal orders granting summary judgment and denying reconsideration.

Plaintiffs are issuers of collateralized debt obligations ("CDOs"), who bring breach of contract claims, alleging that they have suffered losses from their investments in certain Residential Mortgage Backed Securities ("RMBS") trusts. Defendant U.S. Bank National Association is one of the RMBS trustees. Plaintiffs purchased RMBS certificates from third parties and then used those RMBS certificates as collateral to back the CDO notes they issued. Plaintiffs transferred their RMBS certificates to CDO Indenture Trustees and conveyed to them "all . . . right, title, and interest" in the certificates. Special App. 64–65. When Plaintiffs initially filed suit, the District Court (Katherine B. Forrest, *Judge*) dismissed the complaint for lack of standing. The CDO Indenture Trustees subsequently assigned the rights to pursue these claims back to the Plaintiffs, the Plaintiffs filed an amended complaint, and the District Court allowed the matter to proceed to discovery. The matter was re-assigned, and the District Court (Vernon S. Broderick, *Judge*) granted Defendant's motion for summary judgment. The District Court found the assignments champertous under New York law, rendering them invalid and leaving Plaintiffs without standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo. *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 846 F.3d 58, 63 (2d Cir. 2017). We review a district court's denial of a motion for reconsideration for an "abuse of discretion." *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 177 (2d Cir. 2015); *see generally, In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008).

A.

Where, as here, a case presents questions of both constitutional and prudential standing, "we may assume Article III standing and address 'the alternative threshold question' of whether a party has prudential standing." *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004)). Because Plaintiffs granted

2

the CDO Indenture Trustees "all of [their] right, title, and interest" in the RMBS certificates, valid assignments—from the CDO Indenture Trustees back to the Plaintiffs—of the right to bring claims against the RMBS trustees were necessary in order for Plaintiffs to have prudential standing. Special App. 64–65. Defendant argues that the assignments made were invalid because they constituted champerty under New York Judiciary Law § 489. Based on the factual findings of the District Court, it is clear that the assignments made were indeed champertous, as they were made "with the intent and for the primary purpose of bringing a lawsuit." *Justinian Cap. SPC v. WestLB AG*, 28 N.Y.3d 160, 163 (N.Y. 2016). For substantially the reasons given by Judge Broderick, we conclude the assignments were therefore invalid.

Plaintiffs argue that they had a "preexisting proprietary interest" in the RMBS certificates and the assignments were therefore valid under *Trust for the Certificate Holders of Merrill Lynch Mortgage Investors, Inc. v. Love Funding Corp.*, 13 N.Y.3d 190, 195 (N.Y. 2009) ("We hold that a corporation or association that takes an assignment of a claim does not violate Judiciary Law § 489(1) if its purpose is to collect damages, by means of a lawsuit, for losses on a debt instrument in which it holds a preexisting proprietary interest."). But Plaintiffs cannot point to sufficient facts in the record to raise a question of material fact that they had such a "preexisting proprietary interest."

Three aspects of Plaintiffs' arguments are noteworthy. *First*, to the degree they claim some sort of residual ownership interest in the RMBS certificates, Plaintiffs run up against both the particular language of their CDO indentures and the law of our Circuit, which support the conclusions of both Judge Forrest and Judge Broderick that a grant of "all . . . right, title, and interest" to an indenture trustee is a "complete transfer," *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 253 (2d Cir. 2018). A CDO making such a grant "convey[s] *in toto* all interest that they had . . . in the Underlying Securities." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, No. 14-CV-9928 (KBF), 2016 WL 796850, at *8 (S.D.N.Y. Feb. 25, 2016), *aff'd*, 898 F.3d 243 (2d Cir. 2018). *Second*, Plaintiffs' arguments based on various obligations they have under the indentures were plainly not made in their opposition to summary judgment. We decline Plaintiffs' invitation to reach those arguments now. *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) ("[Plaintiff] failed to . . . raise this argument in his opposition to summary judgement. Thus, this argument has been waived."). *Third*, Plaintiffs essentially entwine discussions of Article III standing and the *Love Funding* champerty analysis, arguing that because their interests in the underlying securities suffice for Article III standing, those same interests must qualify them for the *Love Funding* "exception." We reject that proposition, which is without support in case law. Moreover, unlike the plaintiff in *Love Funding*, who held the underlying loan at issue, here Plaintiffs retain no ownership interest in the RMBS certificates.

B.

Separately, Plaintiffs contend that Phoenix Light's Trust Agreement with Deutsche Bank was different than the indenture agreements of the other Plaintiffs insofar as Section 3.7 of the Trust

3

Agreement authorized Phoenix Light "to collect or have collected . . . or otherwise exercise or deal with (which terms shall, for the avoidance of doubt, include the enforcement of any security) the rights pledged under Clause 3.2." App. 2580. Plaintiffs conclude that "[t]his means that, from the very beginning of this case, Phoenix Light indisputably had *both* Article III and contractual standing to sue on claims relating to RMBS Certificates—Phoenix Light did not grant 'all . . . right, title, and interest' to the claims and retained authority to sue." Appellant's Br. 55. That is not so. Phoenix Light *did* grant "all . . . right, title, and interest" in their "Account Collateral" (including the CDO notes they held and RMBS certificates at issue in this case) to their trustee, Deutsche Bank. *See* App. 2558-59, 2577-78. The Trust Agreement and U.S. Security Agreement leave no daylight between Phoenix Light and the other CDO plaintiffs for the purposes of the champerty analysis.

C.

Plaintiffs amended their notice of appeal to include the District Court's Opinion and Order denying their Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, but they appear to abandon this aspect of their appeal in briefing. Regardless, we find no indication that the District Court abused its discretion in denying that motion. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[T]he standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. Denials of motions for reconsideration are reviewed only for abuse of discretion." (internal quotation marks omitted) (second alteration in original)).

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 18, 2020 and August 12, 2020 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit