AO 133   (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Phoenix Light SF LTD., et al. )
)
v. )   Case No.: 14-cv-10116
U.S. Bank National Association )
)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/11/2022

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____03/18/2020_____ against _____Plaintiffs_____ ,
                                                                                          Date

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 0.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| See Objections / Declaration Doc's 449/450 per annex B Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . .   5,173.50 | | 109,125.38 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 20.00 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | | 0.00 |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Dependant on Submission, Objections, filed | TOTAL   $ | 109,145.38 |
| | $ 5,193.50 | |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☑  Electronic service          ☐  First class mail, postage prepaid

☐  Other: _____

s/ Attorney:   /s/ Samuel L. Walling

Name of Attorney:   Samuel L. Walling

For:   U.S. Bank National Association                              Date:   12/27/2021
            Name of Claiming Party

### Taxation of Costs

Costs are taxed in the amount of   $5,193.50                              and included in the judgment.

Ruby J. Krajick          By: _____          1/11/2022
    Clerk of Court                    Deputy Clerk              Date

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | TOTAL | | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

| Deponent | Deposition Date | Invoice Numbers | Vendor | Transcript Charge | Exhibit Fees | Cost Attributable to Word Index | Taxable Transcript Costs | Taxable Video Costs |
|---|---|---|---|---|---|---|---|---|
| Strodthoff, Scott | 6/1/2017 | 060117-468845; 060117-468846 | TSG Reporting | $854.25 | $467.40 | $0 | $1,321.65 | $570.00 |
| Kaplan, Eve | 6/9/2017 | 060917-349556; 060917-349557 | TSG Reporting | $1,005.00 | $286.00 | $0 | $1,291.00 | $475.00 |
| Pillar, Tim | 6/13/2017 | 061317-469372; 061317-469373 | TSG Reporting | $998.30 | $347.00 | $0 | $1,345.30 | $475.00 |
| Trl, Brian | 6/15/2017 | 061517-469732; 061517-469733 | TSG Reporting | $549.40 | $176.62 | $0 | $726.02 | $237.50 |
| Frere, Edward | 6/21/2017 | 062117-349879; 062117-349880 | TSG Reporting | $1,122.25 | $319.50 | $0 | $1,441.75 | $570.00 |
| Brewster, Elisabeth | 6/29/2017 | 062917-700582; 062817-700583 | TSG Reporting | $1,048.55 | $296.25 | $0 | $1,344.80 | $475.00 |
| Elliott, Jessica | 7/12/2017 | 071217-469951; 071217-469952 | TSG Reporting | $1,353.40 | $1,411.65 | $0 | $2,765.05 | $475.00 |
| Rantz, Shannon | 7/13/2017 | 071317-470019; 071317-470020 | TSG Reporting | $1,145.70 | $1,261.65 | $0 | $2,407.35 | $570.00 |
| Mikolajczak, Michael | 7/14/2017 | M-147397 | DTI | $1,379.00 | $45.00 | $165 | $1,259.50 | $0.00 |
| Rantz, Shannon | 7/14/2017 | 071417-350241; 071417-350242 | TSG Reporting | $385.25 | $204.30 | $0 | $589.55 | $190.00 |
| Valaperta, Nicolas | 7/18/2017 | 071817-350500; 071817-350501 | TSG Reporting | $911.20 | $500.25 | $0 | $1,411.45 | $475.00 |
| Giel, Brian | 7/21/2017 | 072117-470307; 072117-470308 | TSG Reporting | $891.10 | $279.45 | $0 | $1,170.55 | $475.00 |
| Plagemann, Stephan | 7/21/2017 | M-147404; M-113351 (replacing M-143551) | DTI | $1,113.00 | $45.00 | $137 | $1,021.50 | $617.50 |
| Reynolds, Diane | 7/26/2017 | 072617-602938; 072617-602939 | TSG Reporting | $1,092.10 | $550.35 | $0 | $1,642.45 | $570.00 |
| Feld, Susan | 7/27/2017 | 072717-350670; 072717-350671 | TSG Reporting | $723.60 | $89.55 | $0 | $813.15 | $665.00 |
| Tully, Sean | 8/9/2017 | M-147586; M-147588 | DTI | $1,153.40 | $45.00 | $150 | $1,048.75 | $1,422.50 |
| Geraghty, Alan | 8/10/2017 | M-147592; M-147593 | DTI | $1,095.50 | $45.00 | $123 | $1,018.00 | $1,240.00 |
| Hunter, Maryellen | 8/16/2017 | 081617-470717; 081617-470718 | TSG Reporting | $639.85 | $350.10 | $0 | $989.95 | $285.00 |
| Miller, Jay | 8/22/2017 | 082217-470977; 082217-470978 | TSG Reporting | $793.95 | $267.75 | $0 | $1,061.70 | $380.00 |
| Lancsak, April | 8/24/2017 | 082417-470915; 082417-470916 | TSG Reporting | $653.25 | $558.60 | $0 | $1,211.85 | $570.00 |
| Collins, Peter | 8/30/2017 | M-150808; M-150809 | DTI | $1,064.00 | $45.00 | $126 | $983.00 | $1,570.00 |
| Berichi, Karim | 9/8/2017 | M-217482; M-217476 | epiq | $1,299.54 | $45.00 | $147 | $1,197.76 | $1,305.00 |
| Rogers, Claire | 9/14/2017 | M-152501; M-152502 | DTI | $1,011.50 | $45.00 | $119 | $937.50 | $1,247.50 |
| Robillard, Toby | 9/26/2017 | 092617-472361; 092617-472362 | TSG Reporting | $619.75 | $472.50 | $0 | $1,092.25 | $380.00 |
| Bankole, Edward | 9/28/2017 | M-154913; M-154915 | DTI | $978.20 | $45.00 | $120 | $902.75 | $1,253.75 |
| Kubik, Patrick | 10/5/2017 | 100517-353251; 100517-353252 | TSG Reporting | $546.05 | $189.90 | $0 | $735.95 | $285.00 |
| Watson, Ellayne | 10/9/2017 | 100917-353256; 100917-353257 | TSG Reporting | $864.30 | $692.85 | $0 | $1,557.15 | $380.00 |
| Folsom, Erin | 10/11/2017 | 101117-353261; 101117-353262 | TSG Reporting | $643.20 | $655.80 | $0 | $1,299.00 | $285.00 |
| Linssen, John | 10/11/2017 | 101117-353266; 101117-353267 | TSG Reporting | $482.40 | $288.45 | $0 | $770.85 | $285.00 |
| Bengtson, Michael | 10/18/2017 | 101817-353424; 101817-353425 | TSG Reporting | $763.80 | $491.10 | $0 | $1,254.90 | $380.00 |
| Boduch, Martha | 10/18/2017 | 101817-353271; 101817-353272 | TSG Reporting | $385.25 | $110.70 | $0 | $495.95 | $285.00 |
| Ruxton, Tim | 10/19/2017 | 101917-353276; 101917-353277 | TSG Reporting | $505.85 | $561.30 | $0 | $1,067.15 | $380.00 |
| Pedersen, Charles | 10/24/2017 | 102417-353429; 102417-353430 | TSG Reporting | $904.50 | $273.60 | $0 | $1,178.10 | $380.00 |
| Warren, Becky | 10/24/2017 | 102417-690495; 102417-690496 | TSG Reporting | $693.45 | $442.95 | $0 | $1,136.40 | $380.00 |
| Moeller, Michelle | 10/25/2017 | 102517-690500; 102517-690501 | TSG Reporting | $502.50 | $158.55 | $0 | $661.05 | $190.00 |
| Schultz-Fugh, Tamara | 10/26/2017 | 102617-353434; 102617-353435 | TSG Reporting | $549.40 | $128.40 | $0 | $677.80 | $380.00 |
| Brunie, Christine | 11/9/2017 | M-166987; M-166989 | DTI | $1,059.00 | $45.00 | $123 | $981.00 | $1,382.50 |
| Mack, Phillip | 11/10/2017 | M-166995; M-166997 | DTI | $927.10 | $45.00 | $117 | $855.30 | $1,180.00 |

*(handwritten annotations)*

ALL OTHER COSTS OBJECTED TO
SEE OBJECTIONS AND DECLARATION
Doc #'s 449 / 450 — ALL V. DEO COSTS NOT RECOVERABLE

| Name | Date | Numbers | Vendor | | | | |
|---|---|---|---|---|---|---|---|
| Jacobs, Kimberly | 11/14/2017 | 111417-690962; 111417-690963 | TSG Reporting | $760.45 | $127.35 | $0 | $887.80 | $475.00 |
| Kachinski, Edward | 11/14/2017 | 111417-690957; 111417-690958 | TSG Reporting | $596.30 | $1,007.25 | $0 | $1,603.55 | $190.00 |
| ✓ Balz, Enno | 11/16/2017 | M-166912; M-166916 | DTI | ✓ $960.00 | ✓ $45.00 | ✗ $117 | $888.00 | $1,180.00 |
| Byrnes, James | 11/21/2017 | 112117-690967; 112117-690968 | TSG Reporting | $482.40 | $1,062.00 | $0 | $1,544.40 | $285.00 |
| Spriggs, Tammy | 11/21/2017 | 112117-690973; 112117-690974 | TSG Reporting | $800.65 | $814.50 | $0 | $1,615.15 | $190.00 |
| ✓ Collins, Peter | 1/22/2018 | M-175495; M-179232 | epiq | ✓ $1,326.50 | ✓ $45.00 | ✗ $165 | $1,207.00 | $1,470.00 |
| ✓ Collins, Peter | 1/23/2018 | M-175498; M-175499 | epiq | ✓ $1,193.50 | ✓ $45.00 | ✗ $161 | $1,077.50 | $1,295.00 |
| Valaperta, Nick | 1/31/2018 | 013118-704744; 013118-704745 | TSG Reporting | $510.60 | $352.50 | $0 | $863.10 | $380.00 |
| Franklin, Susan | 2/1/2018 | 020118-621095; 020118-621096 | TSG Reporting | $1,066.05 | $800.00 | $0 | $1,866.05 | $475.00 |
| Franklin, Susan | 2/2/2018 | 020218-621100; 020218-621101 | TSG Reporting | $662.40 | $633.00 | $0 | $1,295.40 | $380.00 |
| Kaplan, Eve | 2/2/2018 | 020218-704748; 020218-704749 | TSG Reporting | $683.10 | $1,222.00 | $0 | $1,905.10 | $285.00 |
| Donovan, Thomas | 2/8/2018 | M-179248; M-179249 | epiq | $1,131.50 | $45.00 | $164 | $1,012.25 | $1,220.00 |
| De Silva, Harin | 2/9/2018 | M-179254; M-179255 | epiq | $1,149.75 | $45.00 | $150 | $1,045.10 | $1,267.50 |
| Gault, David | 3/30/2018 | M-190429; M-190431 | epiq | $682.50 | $45.00 | $120 | $607.25 | $870.00 |
| Cigoile, Alex | 4/5/2018 | M-190450; M-190451 | epiq | $598.00 | $45.00 | $88 | $555.25 | $870.00 |
| Sood, Munish | 4/5/2018 | M-190441; M-190443 | epiq | $551.15 | $45.00 | $88 | $508.55 | $409.00 |
| Westerback, Diane | 4/6/2018 | M-190433; M-190434 | epiq | $642.40 | $45.00 | $113 | $574.25 | $715.00 |
| Wynn, Tyler | 4/6/2018 | M-190218; M-190219 | epiq | $521.95 | $45.00 | $77 | $490.30 | $580.00 |
| McLoughlin, Michael | 5/4/2018 | M-195730; M-195733 | epiq | $824.90 | $45.00 | $113 | $756.75 | $775.00 |
| Halpern, Ivan | 7/19/2018 | M-208970; M-210820 | epiq | $416.10 | $45.00 | $77 | $384.45 | $425.00 |
| Wong, Angel | 8/16/2018 | M-215513; M-215514 | epiq | $689.85 | $45.00 | $88 | $647.25 | $930.00 |
| Cody, William | 8/24/2018 | M-215502; M-215503 | epiq | $511.00 | $45.00 | $84 | $472.00 | $660.00 |
| Collins, Peter | 9/18/2018 | M-219672; M-219673 | epiq | $1,137.50 | $45.00 | $146 | $1,036.25 | $1,442.50 |
| Dubitsky, Rod | 6/7/2019 | CS3828410; CS3834434 | Veritext | $989.00 | $0.00 | $184 | $805.00 | $1,383.50 |
| Erhardt, Joachim | 6/7/2019 | CS3828410; CS3834434 | Veritext | $713.00 | $0.00 | $132 | $580.75 | $413.00 |
| | | | **Totals** | | | | $57,893.63 | $41,251.75 |
| | | | **Total Costs Taxable Under 28 U.S.C. § 1920(2)** | | | | $5,173.50 $109,125.38 | |

**INVOICE**
Page   1

**Phone:**   877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

| | |
|---|---|
| **Invoice #:** | M-147592 |
| **Invoice Date:** | 08/31/17 |
| **Our Order #:** | MP-136442-01 |
| **Customer #:** | 101029 |

Attn:   NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/10/17 | | | | |
| Deponent: Alan Geraghty | | | | |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Transcript - Copy | 313 | PAGE | $3.50 | $1,095.50 |
| Interactive Realtime | 278 | EACH | $1.25 | $347.50 |
| Rough ASCII | 278 | EACH | $1.20 | $333.60 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | |
|---|---|
| **Subtotal:** | $1,876.60 |
| **Sales Tax** | $0.00 |
| **Total Invoice USD** | $1,876.60 |

$1,14_ _ _

**Depo Location:**   250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

*Reimbursable*
*Not reimbursable*

**REMIT TO:**
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**DTI**

**INVOICE**
Page   1

| | |
|---|---|
| **Phone:** | 877-489-0367 |

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH  44114-1190

Attn:  NANCY ADAMCZYK

| | |
|---|---|
| **Invoice #:** | M-147593 |
| **Invoice Date:** | 08/31/17 |
| **Our Order #:** | MP-136442-03 |
| **Customer #:** | 101029 |

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/10/17 | | | | |
| Deponent: Alan Geraghty | | | | |
| Delivery - Video | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 8 | EACH | $20.00 | $160.00 |
| Video Hourly | 8 | HOUR | $135.00 | $1,080.00 |
| | | | **Subtotal:** | **$1,275.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$1,275.00** |

**Depo Location:**      250 Vesey Street
                        34th foor
                        New York, NY  10281

Thank You. Your Business is appreciated.

*Not Allocable*

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |
| Payment Initiated: | 09/20/2017 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 10,841.95 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-147397 | 08/31/2017 | 2,309.15 |
| M-147404 | 08/31/2017 | 1,876.55 |
| M-147586 | 08/31/2017 | 2,047.15 |
| M-147588 | 08/31/2017 | 1,457.50 |
| M-147593 | 08/31/2017 | 1,275.00 |
| M147592 | 08/31/2017 | 1,876.60 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**INVOICE**
Page 1

**Phone:** 877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

| | |
|---|---|
| **Invoice #:** | M-150808 |
| **Invoice Date:** | 09/27/17 |
| **Our Order #:** | MP-136449-01 |
| **Customer #:** | 101029 |

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/30/17 | | | | |
| Deponent: Peter Collins | | | | |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Transcript - Copy | 304 | PAGE | $3.50 | $1,064.00 |
| Interactive Realtime | 269 | EACH | $1.25 | $336.25 |
| Rough ASCII | 269 | EACH | $1.20 | $322.80 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | |
|---|---|
| **Subtotal:** | $1,823.05 |
| **Sales Tax** | $0.00 |
| **Total Invoice USD** | $1,823.05 |

**Depo Location:**   250 Vesey Street
                     34th floor
                     New York, NY 10281

*$1,104.00*

Thank You. Your Business is appreciated.

*✓ allowed*
*✗ not allowed*

**REMIT TO:**
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**DTI**

**INVOICE**
Page    1

Phone:      877-489-0367

| | |
|---|---|
| Jones Day | **Invoice #:**  M-150809 |
| 901 Lakeside Avenue East | **Invoice Date:**  09/27/17 |
| Suite 2 | **Our Order #:**  MP-136449-02 |
| Cleveland, OH  44114-1190 | **Customer #:**  101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/30/17 | | | | |
| Deponent: Peter Collins | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 11 | EACH | $20.00 | $220.00 |
| Video Hourly | 10 | HOUR | $135.00 | $1,350.00 |
| | | | **Subtotal:** | **$1,585.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$1,585.00** |

| | |
|---|---|
| **Depo Location:** | 250 Vesey Street |
| | 34th floor |
| | New York, NY  10281 |

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |
| Payment Initiated: | 10/06/2017 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 3,408.05 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-150808 | 09/27/2017 | 1,823.05 |
| M-150809 | 09/27/2017 | 1,585.00 |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**INVOICE**
Page 1

**DTI**

Phone: **877-489-0367**

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

Invoice #: M-166912
Invoice Date: 12/31/17
Our Order #: MP-148331-01
Customer #: 101029

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 11/16/17

Deponent: Enno Balz

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Shipping & Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Transcript - Copy | 320 | PAGE | $3.00 | $960.00 |
| Interactive Realtime | 281 | EACH | $1.25 | $351.25 |
| Rough ASCII | 281 | EACH | $1.20 | $337.20 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| Total Transcript CD | 1 | EACH | $20.00 | $20.00 |

Subtotal: $1,748.45
Sales Tax: $0.00
Total Invoice USD: $1,748.45

**Depo Location:** 250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**INVOICE**
Page  1

**DTI**

**Phone:** 877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

**Invoice #:** M-166916
**Invoice Date:** 12/31/17
**Our Order #:** MP-148331-02
**Customer #:** 101029

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 11/16/17

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: Enno Balz | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 5 | EACH | $20.00 | $100.00 |
| Video Hourly | 8 | HOUR | $135.00 | $1,080.00 |

| | | |
|---|---|---|
| **Subtotal:** | **$1,195.00** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,195.00** |

**Depo Location:**   250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:              DTI

Payment Initiated:        01/19/2018
Vendor Number:            279099
Jones Day ID:             011101
Total Amount:             2,943.45
Currency:                 USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-166912 | 12/31/2017 | 1,748.45 |
| M-166916 | 12/31/2017 | 1,195.00 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**INVOICE**

Page 1

**Phone:** 770-390-2700

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

| | |
|---|---|
| **Invoice #:** | M-175495 |
| **Invoice Date:** | 02/17/18 |
| **Our Order #:** | MP-159694-01 |
| **Customer #:** | 101029 |

Attn: SAM WALLING

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 01/22/18

Deponent: Peter Collins

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Production & Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition (Expert) Transcript - Copy | 379 | PAGE | $3.50 | $1,326.50 |
| Interactive Realtime | 332 | EACH | $1.25 | $415.00 |
| Rough ASCII-Pg | 332 | EACH | $1.20 | $398.40 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |

| | |
|---|---|
| **Subtotal:** | **$2,219.90** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$2,219.90** |

**Depo Location:** 250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

$ 1,371.50

✓ allowance
✗ not allowance

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

**For credit card payments, please visit**
**https://ww2.e-billexpress.com/ebpp/DTI**

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮▮0248
Beneficiary Account #: ▮▮6904
Beneficiary Name: Epiq

# epiq

**Phone:     770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:**    M-179232 |
| 901 Lakeside Avenue East | **Invoice Date:**    02/28/18 |
| Suite 2 | **Our Order #:**    MP-159694-02 |
| Cleveland, OH  44114-1190 | **Customer #:**    101029 |

Attn:   NANCY ADAMCZYK

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 01/22/18

| | **QTY** | **UNIT** | **UNIT PRICE** | **TOTAL** |
|---|---|---|---|---|
| Deponent: Peter Collins | | | | |
| Delivery - Video | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 6 | EACH | $20.00 | $120.00 |
| Video Hourly | 10 | HOUR | $135.00 | $1,350.00 |

| | |
|---|---|
| **Subtotal:** | **$1,505.00** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,505.00** |

**Depo Location:**     250 Vesey Street
34th floor
New York, NY  10281

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

**For credit card payments, please visit**
**https://ww2.e-billexpress.com/ebpp/DTI**

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #:       0248
Beneficiary Account #:       6904
Beneficiary Name: Epiq

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | EPIQ COURT REPORTING |
| Payment Initiated: | 02/23/2018 |
| Vendor Number: | 334502 |
| Jones Day ID: | 011101 |
| Total Amount: | 5,511.15 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-175495 | 02/17/2018 | 2,219.90 |
| M-175498 | 02/17/2018 | 1,996.25 |
| M-175499 | 02/17/2018 | 1,295.00 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | EPIQ COURT REPORTING |

| | |
|---|---|
| Payment Initiated: | 03/12/2018 |
| Vendor Number: | 334502 |
| Jones Day ID: | 011101 |
| Total Amount: | 8,004.30 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-179232 | 02/28/2018 | 1,505.00 |
| M-179248 | 02/28/2018 | 1,970.75 |
| M-179249 | 02/28/2018 | 1,235.00 |
| M-179254 | 02/28/2018 | 2,011.05 |
| M-179255 | 02/28/2018 | 1,282.50 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Phone:**     **770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:**  M-175498 |
| 901 Lakeside Avenue East | **Invoice Date:**  02/17/18 |
| Suite 2 | **Our Order #:**  MP-159698-01 |
| Cleveland, OH  44114-1190 | **Customer #:**  101029 |

Attn:   SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 01/23/18

.

| Deponent: Peter Collins | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Production & Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition (Expert) Transcript - Copy | 341 | PAGE | $3.50 | $1,193.50 |
| Interactive Realtime | 295 | EACH | $1.25 | $368.75 |
| Rough ASCII | 295 | EACH | $1.20 | $354.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |

| | |
|---|---|
| **Subtotal:** | **$1,996.25** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,996.25** |

**Depo Location:**     250 Vesey Street
34th floor
New York, NY  10281

$1,235.5?

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
**ABA Routing #:**    0248
**Beneficiary Account #:**    6904
**Beneficiary Name: Epiq**

**epiq**

**Phone:**      **770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:**   M-175499 |
| 901 Lakeside Avenue East | **Invoice Date:**   02/17/18 |
| Suite 2 | **Our Order #:**   MP-159698-02 |
| Cleveland, OH 44114-1190 | **Customer #:**   101029 |

Attn:   SAM WALLING

Terms: NET 30 DAY

Case No: 14-10116

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Phoenix Light v. U.S. Bank and Bank of America | | | | |
| Job Date: 01/23/18 | | | | |
| . | | | | |
| Deponent: Peter Collins | | | | |
| Tape Stock - DV Cam | 4 | EACH | $20.00 | $80.00 |
| Video Hourly | 9 | HOUR | $135.00 | $1,215.00 |
| | | | **Subtotal:** | **$1,295.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$1,295.00** |

**Depo Location:**   250 Vesey Street
34th floor
New York, NY  10281

Thank You. Your Business is appreciated.

REMIT TO:
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: ████0248
Beneficiary Account #: █████6904
Beneficiary Name: Epiq

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:               EPIQ COURT REPORTING

Payment Initiated:     02/23/2018
Vendor Number:         334502
Jones Day ID:            011101
Total Amount:           5,511.15
Currency:                 USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-175495 | 02/17/2018 | 2,219.90 |
| M-175498 | 02/17/2018 | 1,996.25 |
| M-175499 | 02/17/2018 | 1,295.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

Dec 3, 2021                              1                              11:02:03 AM

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
PHOENIX LIGHT SF LTD., BLUE HERON )
FUNDING VI LTD., BLUE HERON          )
FUNDING VII LTD., KLEROS             )
PREFERRED FUNDING V PLC, SILVER      )
ELMS CDO PLC, SILVER ELMS CDO II     )
LTD., C-BASS CBO XIV LTD. and C-BASS )
CBO XVII LTD.,                       )
                                     )
            Plaintiffs,              )
                                     )
            -against-                )
                                     )
U.S. BANK NATIONAL ASSOCIATION ,     )
                                     )
            Defendant.               )
                                     )
                                     )
                                     )
-------------------------------------------------------- x
```

Case No. 14-cv-10116 (VSB) (DCF)

## DECLARATION IN SUPPORT OF U.S. BANK NATIONAL ASSOCIATION'S TAXATION OF COSTS AGAINST PLAINTIFFS

I, Samuel L. Walling, hereby declare and state as follows under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a partner at the law firm of Jones Day, attorneys for Defendant U.S. Bank National Association in this action. I have personal knowledge of the facts stated herein.

2. I submit this Declaration in Support of U.S. Bank's Bill of Costs seeking an award of costs against Plaintiffs in this action.

3. On December 24, 2014, Plaintiffs initiated this action by filing a complaint in the United States District Court for the Southern District of New York. *See* Dkt. No. 1. Plaintiffs filed a First Amended Complaint on February 2, 2015 (Dkt. No. 36), a Second Amended Complaint on July 2, 2015 (Dkt. No. 77), and a Third Amended Complaint on January 2, 2018 (Dkt No. 209).

4.      On March 30, 2018, U.S. Bank filed a Motion for Summary Judgment,
Memorandum of Law in Support of its Motion, Declaration of Eve Kaplan in Support of its
Motion, supporting Local Rule 56.1 statement, and Declaration of Michael T. Marcucci in
Support of its Motion. Dkt. Nos. 243, 244, 246, 250, 251.[1]  On the same day, co-defendant Bank
of America, N.A. (hereinafter, "Bank of America") filed its own Motion for Summary Judgment
and supporting materials. Dkt. Nos. 241, 242, 245, 249.

5.      On June 8, 2018, Plaintiffs filed an Opposition to Defendants' Motions, with
supporting materials (Dkt. Nos. 301-305, 308-311, 314), and filed a Corrected Opposition with
supporting materials on July 3, 2018. (Dkt. Nos. 320-324).  On August 6, 2018, U.S. Bank and
Bank of America each filed a Reply in support of their respective motions, with supporting
materials. Dkt. Nos. 337, 343-345; Dkt. Nos. 338-340.

6.      On October 25, 2018, Bank of America and Plaintiffs informed the Court that
they had reached a confidential settlement to resolve Plaintiffs' claims against Bank of America.
Dkt No. 373.  On November 30, 2018, Plaintiffs requested permission to file a Fourth Amended
Complaint to remove the allegations against Bank of America and asked the Court to enter an
order "that will preserve U.S. Bank's pending summary judgment motion and apply it . . . to the
Fourth Amended Complaint." Dkt. No. 384 at 1.

7.      On December 3, 2018, the Court ordered Plaintiffs to file a Fourth Amended
Complaint, and further ordered that "[t]he summary judgment motion . . . and arguments joined
by [U.S. Bank] in [Bank of America]'s summary judgment motion . . . along with all papers
submitted in support, opposition, and reply thereto insofar as they are applicable to U.S. Bank,
shall apply to the Fourth Amended Complaint." Dkt. No. 385. On December 14, 2018, Plaintiffs

---

[1] On April 30, 2018, U.S. Bank filed a Corrected Declaration of Michael T. Marcucci in
Support of its Motion for Summary Judgment, with supporting exhibits. Dkt. No. 267.

filed their Fourth Amended Complaint. *See* Dkt. No. 390. On January 18, 2019, U.S. Bank filed an Answer to Plaintiffs' Fourth Amended Complaint. *See* Dkt. No. 396.

8.      The Court, in its Opinion and Order entered March 18, 2020, granted U.S. Bank's Motion for Summary Judgment (Dkt. No. 421). A copy of the Order and Opinion is attached hereto as Exhibit 1.

9.      On the same day, the Clerk of the Court entered the Judgment (Dkt. No. 422), a copy of which is attached hereto as Exhibit 2.

10.     On April 15, 2020, Plaintiffs filed a Motion to Alter or Amend Judgment, with supporting materials. Dkt. Nos. 423-424. U.S. Bank opposed Plaintiffs' motion (Dkt. No. 430), and Plaintiffs filed a Reply (Dkt. No. 432). On August 12, 2020, the Court denied Plaintiffs' Motion to Alter or Amend Judgment. Dkt. No. 436. A copy of that Opinion and Order is attached hereto as Exhibit 3.

11.     On April 16, 2020, Plaintiffs filed a Notice of Appeal from, among other things, the Clerk's Judgment entered March 18, 2020 and the Court's Opinion and Order entered March 18, 2020. Dkt. No. 425. On August 14, 2020, Plaintiffs filed an Amended Notice of Appeal from, among other things, the Clerk's Judgment entered March 18, 2020, the Court's Opinion and Order dated March 18, 2020, and the Court's Opinion and Order dated August 12, 2020.

12.     On October 4, 2021, the Second Circuit Court of Appeals affirmed the Court's decision granting U.S. Bank's summary judgment motion and denying Plaintiffs' Motion to Alter or Amend Judgment. 2d Cir. Case No. 20-1312, Dkt. No. 150.

13.     On October 18, 2021, Plaintiffs/Appellants filed a Petition for Rehearing or Rehearing *En Banc* before the Second Circuit Court of Appeals. 2d Cir. Case No. 20-1312, Dkt. No. 154. That Petition was denied on November 19, 2021. 2d Cir. Case No. 20-1312, Dkt. No. 159.

14.     On November 29, 2021, the Second Circuit Court of Appeals issued its mandate, a copy of which is attached hereto as Exhibit 4, transferring jurisdiction back to this Court. 2d Cir. Case No. 20-1312, Dkt. No. 160

15.     As the prevailing party, U.S. Bank is entitled to costs pursuant to Local Rule 54.1 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, Rule 54(d)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and 28 U.S.C. § 1923.

16.     For each of the depositions detailed below, U.S. Bank needed the transcripts in order to amass evidence to support its affirmative defenses and to defend against Plaintiffs' breach of contract claims. At the time each deposition was taken, U.S. Bank expected the transcript and video to be used for the presentation of evidence and/or preparation for trial. U.S. Bank did not obtain the transcripts solely for the convenience of counsel, nor only for purposes of discovery. Further, for each deposition video detailed below, U.S. Bank expected that the video of the testimony might be used to present evidence at trial.

17.     The taxable transcript costs detailed below ("transcript fees") comprise exhibit fees necessary to the original deposition transcript and per-page transcription costs, less any per-page costs attributable to word indexes. The taxable video costs detailed below ("video fees") comprise costs associated with videotaping the depositions and with synching the transcript to the video.

18.     The costs claimed herein are allowable by law. *See U.S. Media Corp. v. Edde Ent., Inc.*, 1999 WL 498216, at \*9 (S.D.N.Y. July 14, 1999) ("To be taxable, the deposition transcripts need not be introduced into evidence at trial. It suffices that at the time the deposition was taken, it was reasonably expected that the transcript would be used for trial preparation… The deposition costs may also be taxed if they were used by the court in ruling on substantive

4

motions."); 28 U.S.C. § 1920(2) (the clerk may tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"); *In re Omeprazole Pat. Litig.*, 2012 WL 5427849, at *4 (S.D.N.Y. Nov. 7, 2012) (deposition video costs are taxable where it is the "expectation among the parties that the video of the testimony might be presented at trial").

19.     The costs detailed below and in U.S. Bank's Bill of Costs are correct and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed.

20.     For each of the costs detailed below, and documented in the invoices and proofs of payment contained in Appendix B hereto, Jones Day paid the invoices on U.S. Bank's behalf, and U.S. Bank later reimbursed Jones Day for those payments.

## I.     Costs for Depositions Under 28 U.S.C. § 1920(2)

21.     On June 1, 2017, U.S. Bank incurred transcript fees of $1,321.65 and video fees of $570.00 for the deposition of U.S. Bank's party witness Scott Strodthoff. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 678.

22.     On June 9, 2017, U.S. Bank incurred transcript fees of $1,291.00 and video fees of $475.00 for the deposition of U.S. Bank's party witness Eve Kaplan. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment reply papers. *See* Dkt. No. 345, Ex. 147.

23.     On June 13, 2017, U.S. Bank incurred transcript fees of $1,345.30 and video fees of $475.00 for the deposition of U.S. Bank's party witness Tim Pillar. U.S. Bank necessarily

obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 51.

24. On June 15, 2017, U.S. Bank incurred transcript fees of $726.02 and video fees of $237.50 for the deposition of U.S. Bank's party witness Brian Tri. Mr. Tri's deposition was taken simultaneously in this action and a related action, and these fees represent half of the taxable costs included in the single invoice for this action and the related action. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at issue trusts.

25. On June 21, 2017, U.S. Bank incurred transcript fees of $1,441.75 and video fees of $570.00 for the deposition of U.S. Bank's party witness Edward Frere. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment reply papers. *See* Dkt. No. 345, Ex. 186.

26. On June 29, 2017, U.S. Bank incurred transcript fees of $1,344.80 and video fees of $475.00 for the deposition of U.S. Bank's party witness Elisabeth Brewster. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 50.

27. On July 12, 2017, U.S. Bank incurred transcript fees of $2,765.05 and video fees of $475.00 for the deposition of U.S. Bank's party witness Jessica Elliot. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 541.

6

28.     On July 13, 2017, U.S. Bank incurred transcript fees of $2,407.35 and video fees of $570.00 for the deposition of U.S. Bank's party witness Shannon Rantz. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 49.

29.     On July 14, 2017, U.S. Bank incurred transcript fees of $1,259.50 for the deposition of Plaintiffs' party witness Michael Mikolajczak. U.S. Bank necessarily obtained the transcript for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 15.

30.     On July 14, 2017, U.S. Bank incurred transcript fees of $589.55 and video fees of $190.00 for the deposition of U.S. Bank's party witness Shannon Rantz. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at-issue trusts.

31.     On July 18, 2017, U.S. Bank incurred transcript fees of $1,411.45 and video fees of $475.00 for the deposition of U.S. Bank's party witness Nicolas Valaperta. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 106.

32.     On July 21, 2017, U.S. Bank incurred transcript fees of $1,170.55 and video fees of $475.00 for the deposition of U.S. Bank's party witness Brian Giel. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 52.

7

33. On July 21, 2017, U.S. Bank incurred transcript fees of $1,021.50 and video fees of $617.50 for the deposition of Plaintiffs' party witness Stephan Plagemann. U.S. Bank was originally charged for higher video costs, but was issued a refund from its vendor, DTI, when the mistake was identified. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at-issue trusts.

34. On July 26, 2017, U.S. Bank incurred transcript fees of $1,642.45 and video fees of $570.00 for the deposition of U.S. Bank's party witness Dianne Reynolds. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 471.

35. On July 27, 2018, U.S. Bank incurred transcript fees of $813.15 and video fees of $665.00 for the deposition of Bank of America's party witness Susan Feld. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at-issue trusts.

36. On July 27, 2018, U.S. Bank incurred transcript fees of $1,048.75 and video fees of $1,422.50 for the deposition of Plaintiffs' party witness Sean Tully. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

37. On August 10, 2017, U.S. Bank incurred transcript fees of $1,018.00 and video fees of $1,240.00 for the deposition of Plaintiffs' party witness Alan Geraghty. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and

8

the transcript was submitted with Plaintiff's summary judgment opposition papers. *See* Dkt. No. 324, Ex. 825.

38.     On August 16, 2017, U.S. Bank incurred transcript fees of $989.95 and video fees of $285.00 for the deposition of U.S. Bank's party witness Maryellen Hunter. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at-issue trusts.

39.     On August 22, 2017, U.S. Bank incurred transcript fees of $1,061.70 and video fees of $380.00 for the deposition of Bank of America's party witness Jay Miller. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at-issue trusts.

40.     On August 24, 2017, U.S. Bank incurred transcript fees of $1,211.85 and video fees of $570.00 for the deposition of U.S. Bank's party witness April Lancsak. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at-issue trusts.

41.     On August 30, 2017, U.S. Bank incurred transcript fees of $983.00 and video fees of $1,570.00 for the deposition of Plaintiffs' party witness Peter Collins. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 17.

42.     On September 8, 2017, U.S. Bank incurred transcript fees of $1,197.76 and video fees of $1,305.00 for the deposition of non-party witness Karim Berichi. U.S. Bank necessarily

9

obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

43. On September 14, 2017, U.S. Bank incurred transcript fees of $937.50 and video fees of $1,247.50 for the deposition of Plaintiffs' party witness Claire Rogers. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

44. On September 26, 2017, U.S. Bank incurred transcript fees of $1,092.25 and video fees of $380.00 for the deposition of U.S. Bank's party witness Toby Robillard. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 252.

45. On September 28, 2017, U.S. Bank incurred transcript fees of $902.75 and video fees of $1,253.75 for the deposition of Plaintiffs' party witness Edward Bankole. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Bank of America's summary judgment papers. *See* Dkt. No. 249, Ex. 18.

46. On October 5, 2017, U.S. Bank incurred transcript fees of $735.95 and video fees of $285.00 for the deposition of Bank of America's party witness Patrick Kubik. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 811.

47. On October 9, 2017, U.S. Bank incurred transcript fees of $1,557.15 and video fees of $380.00 for the deposition of Bank of America's party witness Ellayne Watson. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the

10

case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 812.

48. On October 11, 2017, U.S. Bank incurred transcript fees of $1,299.00 and video fees of $285.00 for the deposition of U.S. Bank's party witness Erin Folsom. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment reply papers. *See* Dkt. No. 345, Ex. 215.

49. On October 11, 2017, U.S. Bank incurred transcript fees of $770.85 and video fees of $285.00 for the deposition of U.S. Bank's party witness John Linssen. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 432.

50. On October 18, 2017, U.S. Bank incurred transcript fees of $1,254.90 and video fees of $380.00 for the deposition of U.S. Bank's party witness Michael Bengston. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 115.

51. On October 18, 2017, U.S. Bank incurred transcript fees of $495.95 and video fees of $285.00 for the deposition of Bank of America's party witness Martha Boduch. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 829.

52. On October 19, 2017, U.S. Bank incurred transcript fees of $1,067.15 and video fees of $380.00 for the deposition of U.S. Bank's party witness Tim Ruxton. U.S. Bank

11

necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 676.

53. On October 24, 2017, U.S. Bank incurred transcript fees of $1,178.10 and video fees of $380.00 for the deposition of U.S. Bank's party witness Charles Pederson. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 688.

54. On October 24, 2017, U.S. Bank incurred transcript fees of $1,136.40 and video fees of $380.00 for the deposition of U.S. Bank's party witness Becky Warren. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment reply papers. *See* Dkt. No. 345, Ex. 182.

55. On October 25, 2017, U.S. Bank incurred transcript fees of $661.05 and video fees of $190.00 for the deposition of U.S. Bank's party witness Michelle Moeller. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 74.

56. On October 26, 2017, U.S. Bank incurred transcript fees of $667.80 and video fees of $380.00 for the deposition of U.S. Bank's party witness Tamara Schultz-Fugh. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 83.

12

57. On November 9, 2017, U.S. Bank incurred transcript fees of $981.00 and video fees of $1,382.00 for the deposition of Plaintiffs' party witness Christine Brunie. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

58. On November 10, 2017, U.S. Bank incurred transcript fees of $855.30 and video fees of $1,180.00 for the deposition of Plaintiffs' party witness Phillip Mack. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

59. On November 14, 2017, U.S. Bank incurred transcript fees of $887.80 and video fees of $475.00 for the deposition of U.S. Bank's party witness Kimberly Jacobs. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 86.

60. On November 14, 2017, U.S. Bank incurred transcript fees of $1,603.55 and video fees of $190.00 for the deposition of U.S. Bank's party witness Edward Kachinski. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to rebut Plaintiffs' claims concerning U.S. Bank's alleged actions or failures to act with respect to the at-issue trusts.

61. On November 16, 2017, U.S. Bank incurred transcript fees of $888.00 and video fees of $1,180.00 for the deposition of Plaintiffs' party witness Enno Balz. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 18.

13

62. On November 21, 2017, U.S. Bank incurred transcript fees of $1,544.40 and video fees of $285.00 for the deposition of U.S. Bank's party witness James Byrnes. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 410.

63. On November 21, 2017, U.S. Bank incurred transcript fees of $1,615.15 and video fees of $190.00 for the deposition of Bank of America's party witness Tammy Spriggs. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 53.

64. On January 22, 2018, U.S. Bank incurred transcript fees of $1,207.00 and video fees of $1,470.00 for the deposition of Plaintiffs' Rule 30(b)(6) witness Peter Collins. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 21.

65. On January 23, 2018, U.S. Bank incurred transcript fees of $1,077.50 and video fees of $1,295.00 for the deposition of Plaintiffs' Rule 30(b)(6) witness Peter Collins. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment papers. *See* Dkt. No. 267, Ex. 20.

66. On January 31, 2018, U.S. Bank incurred transcript fees of $863.10 and video fees of $380.00 for the deposition of U.S. Bank's Rule 30(b)(6) witness Nicolas Valaperta. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the

case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 270.

67.     On February 1, 2018, U.S. Bank incurred transcript fees of $1,866.05 and video fees of $475.00 for the deposition of Bank of America's Rule 30(b)(6) witness Susan Franklin. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 755.

68.     On February 2, 2018, U.S. Bank incurred transcript fees of $1,295.40 and video fees of $380.00 for the deposition of Bank of America's party witness Susan Franklin. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Bank of America's summary judgment papers. *See* Dkt. No. 249, Ex. 43.

69.     On February 2, 2018, U.S. Bank incurred transcript fees of $1,905.10 and video fees of $285.00 for the deposition of U.S. Bank's Rule 30(b)(6) witness Eve Kaplan. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with U.S. Bank's summary judgment reply papers. *See* Dkt. No. 345, Ex. 187.

70.     On February 8, 2018, U.S. Bank incurred transcript fees of $1,012.25 and video fees of $1,220.00 for the deposition of non-party witness Thomas Donovan. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

71.     On February 9, 2018, U.S. Bank incurred transcript fees of $1,045.10 and video fees of $1,267.50 for the deposition of non-party witness Harin De Silva. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the

15

transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 211.

72.     On March 30, 2018, U.S. Bank incurred transcript fees of $607.25 and video fees of $870.00 for the deposition of Plaintiffs' party witness David Gault. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

73.     On April 5, 2018, U.S. Bank incurred transcript fees of $555.25 and video fees of $870.00 for the deposition of non-party witness Alex Cigolle. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case, and the transcript was submitted with Plaintiffs' summary judgment opposition papers. *See* Dkt. No. 324, Ex. 204.

74.     On April 5, 2018, U.S. Bank incurred transcript fees of $508.55 and video fees of $409.00 for the deposition of non-party witness Munish Sood. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

75.     On April 6, 2018, U.S. Bank incurred transcript fees of $574.25 and video fees of $715.00 for the deposition of non-party witness Diane Westerback. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

76.     On April 6, 2018, U.S. Bank incurred transcript fees of $490.30 and video fees of $580.00 for the deposition of non-party witness Tyler Wynn. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

77.     On May 4, 2018, U.S. Bank incurred transcript fees of $756.75 and video fees of $775.00 for the deposition of non-party witness Michael McLoughlin. U.S. Bank necessarily

16

obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

78. On July 19, 2018, U.S. Bank incurred transcript fees of $384.45 and video fees of $425.00 for the deposition of non-party witness Ivan Halpern. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

79. On August 16, 2018, U.S. Bank incurred transcript fees of $647.25 and video fees of $930.00 for the deposition of non-party NIC Management's Rule 30(b)(6) witness Angel Wong. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

80. On August 24, 2018, U.S. Bank incurred transcript fees of $472.00 and video fees of $660.00 for the deposition of Plaintiffs' party witness William Cody. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

81. On September 18, 2018, U.S. Bank incurred transcript fees of $1,036.25 and video fees of $1,442.50 for the deposition of Plaintiffs' Rule 30(b)(6) witness Peter Collins. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations.

82. On June 7, 2019, U.S. Bank incurred transcript fees of $805.00 and video fees of $1,383.50 for the deposition of Plaintiffs' party witness Rod Dubitsky. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations. Transcription and videography vendor Veritext issued a single invoice (No. CS3834434) for video of the Dubitsky

17

and Erhardt depositions. The video fees described in this paragraph include the costs specifically attributed to the Dubitsky deposition, plus $135.00, which is half of the $270.00 "Initial Fee" reflected on the invoice.

83.     On June 7, 2019, U.S. Bank incurred transcript fees of $580.75 and video fees of $413.00 for the deposition of Plaintiffs' party witness Joachim Erhardt. U.S. Bank necessarily obtained the transcript and video of the deposition testimony for use in the case to support U.S. Bank's affirmative defenses, including mitigation and statute of limitations. Transcription and videography vendor Veritext issued a single invoice (No. CS3834434) for the video of the Dubitsky and Erhardt depositions. The video fees described in this paragraph include the costs specifically attributed to the Erhardt deposition, plus $135.00, which is half of the $270.00 "Initial Fee" reflected on the invoice.

84.     As detailed in Appendices A and B, U.S. Bank incurred a total of $109,125.38 in taxable costs related to deposition transcripts and videos.

## II.     Docket Fees Under 28 U.S.C. § 1923

85.     Pursuant to 28 U.S.C. § 1923(a), U.S. Bank also seeks $20.00 in docket fees.

                              *       *       *

86.     Pursuant to 28 U.S.C. § 1920(2), the total costs being sought by U.S. Bank in the defense of this action are $109,145.38.

Dated: December 27, 2021

Respectfully Submitted,

/s/ Samuel L. Walling

JONES DAY
David F. Adler
Michael T. Marcucci
100 High Street, 21st Floor
Boston, Massachusetts 02110-1781
(617) 960-3939; (617) 449-6999 (fax)
dfadler@jonesday.com
mmarcucci@jonesday.com

Louis A. Chaiten (admitted *pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939; (216) 579-0212 (fax)
lachaiten@jonesday.com

Albert J. Rota
2727 N. Harwood Street, Suite 500
Dallas, Texas 75201-1515
(214) 220-3939; (214) 969-5100 (fax)
ajrota@jonesday.com

Samuel L. Walling (admitted *pro hac vice*)
90 South Seventh Street, Suite 4950
Minneapolis, Minnesota 55402
(612) 217-8800; (844) 345-3178 (fax)
swalling@jonesday.com

*Attorneys for Defendant U.S. Bank
National Association*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                              :
PHOENIX LIGHT SF LIMITED, et al.,             :
                                              :
                              Plaintiffs,     :
                                              :
          - v -                               :
                                              :
U.S. BANK NATIONAL ASSOCIATION and :
BANK OF AMERICA, NA,                          :
                                              :
                              Defendants.  :
                                              :
---------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: ___3/18/2020___
```

14-CV-10116 (VSB)

**OPINION & ORDER**

Appearances:

David H. Wollmuth
Randall R. Rainer
Lyndon M. Tretter
Michael C. Ledley
Steven S. Fitzgerald
Roselind F. Hallinan
Wollmuth Maher & Deutsch LLP
New York, NY

George A. Zelcs
John A. Libra
Matthew C. Davies
Max C. Gibbons
Korein Tillery LLC
Chicago, IL

Stephen M. Tillery
Korein Tillery LLC
St. Louis, MO

*Counsel for Plaintiffs*

David F. Adler
Louis A. Chaiten
Jones Day
Cleveland, OH

Michael T. Marcucci
Jones Day
Boston, MA

Albert J. Rota
Jones Day
Dallas, TX

Andrew S. Kleinfeld
Jones Day
New York. NY

*Counsel for Defendant U.S. Bank National Association*

VERNON S. BRODERICK, United States District Judge:

Before me is Defendant U.S. Bank National Association's ("U.S. Bank") motion for

partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to a specific

subset of Plaintiffs' contract-based claims, namely, Plaintiffs' allegations that U.S. Bank, as a

Residential Mortgage Backed Securities ("RMBS") Trustee, breached its post-event of default

contractual duties. (Doc. 139.) Also before me is Defendant U.S. Bank's motion for summary

judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 243.)[1] Because I find that there

is no genuine material factual dispute that the assignments at issue are void under New York's

prohibition on champerty, and that Plaintiffs do not have standing to pursue these breach of

contract claims, Defendant U.S. Bank's motion for summary judgment is GRANTED, and its

motion for partial judgment on the pleadings is DENIED as moot.

## I.   Factual Background and Procedural History

### A.  *Preliminary Facts*

Plaintiffs Phoenix Light SF Limited ("Phoenix Light"), Blue Heron Funding VI Ltd.,

---

[1] After Bank of America had filed its motion for summary judgment, Plaintiffs and Bank of America reached a
settlement agreement and stipulated to the dismissal of Bank of America from the case. (Doc. 386.)

Blue Heron Funding VII Ltd., Kleros Preferred Funding V PLC, Silver Elms CDO PLC, Silver

Elms CDO II Limited, C-Bass CBO XIV Ltd., and C-Bass CBO XVII Ltd. (together

"Plaintiffs"), are each issuers of collateralized debt obligations ("CDOs"). The CDOs issued by

Plaintiffs took the form of notes, and were backed by RMBS certificates, as well as substantial

holdings of securities other than RMBS certificates, that were held in trusts pursuant to CDO

Indentures that Plaintiffs signed with their respective CDO Indenture Trustees. In addition to

issuing CDO notes, Plaintiff Phoenix Light became the majority holder of the controlling class of

CDO notes issued by the other Plaintiffs in this case.

The RMBS certificates that Plaintiffs resecuritized in the form of CDO notes were issued

by fifty-three RMBS trusts (the "RMBS Trusts"), for which Defendants U.S. Bank and Bank of

America, NA ("Bank of America"), at different points in time, served as RMBS Trustees.

RMBS certificates are created through a mortgage loan securitization process, in which sponsors

or sellers of mortgage loans sell loans to a depositor, who conveys a pool of loans to an

appointed RMBS trustee through a pooling and servicing agreement ("PSA").[2] The right to

receive trust income is parceled into RMBS certificates and sold to investors. A servicer is

appointed to manage the collection of payments on the underlying loans in exchange for a

monthly fee. The RMBS Trustee's duties are set forth in the PSA, which includes duties that

arise upon an event of default ("EOD" or "Event of Default"). This action concerns Defendants'

alleged breach of their RMBS Trustee duties as set forth in the relevant PSAs.

This action was originally assigned to Judge Katherine B. Forrest, and transferred to my

docket on June 6, 2016. (*See* Dkt. Entry June 6, 2016.) I assume the parties' familiarity with the

---

[2] The Second Circuit has outlined in more detail the process by which RMBS Certificates are issued in *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 156 (2d Cir. 2014) (citing *BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 173 (2d Cir. 2012)).

background of this action, which is more fully set forth in the March 22, 2016 decision issued by Judge Forrest that addressed Defendants' motion to dismiss Plaintiffs' Second Amended Complaint for lack of standing, as well as Defendants' motion to dismiss the non-contract claims. *See Phoenix Light SF Ltd., et al. v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (KBF), 2016 WL 1169515 (S.D.N.Y. Mar. 22, 2016) (*"Phoenix Light II"*).

## B. *The First Amended Complaint*

Plaintiffs filed the First Amended Complaint in this case on February 2, 2015. (Doc. 36.) At that time, Plaintiffs alleged standing to bring direct claims based on their alleged ownership of RMBS certificates, and Plaintiff Phoenix Light further alleged standing to sue derivatively based on its ownership of a majority of the senior notes issued by the other Plaintiffs. *See Phoenix Light SF Ltd. v. U.S. Bank Nat. Ass'n*, No. 14-CV-10116 KBF, 2015 WL 2359358, at *1 (S.D.N.Y. May 18, 2015) (*"Phoenix Light I"*). At the time, Plaintiffs were unable to produce the set of Asset Purchase Agreements through which they initially purchased the RMBS certificates at issue in this case. *Id.* at *1–2. Defendants moved to dismiss the First Amended Complaint on February 27, 2015, arguing in part that Plaintiffs failed to adequately demonstrate that they had standing to proceed with the litigation. (Docs. 49–51.)

On May 18, 2015, Judge Forrest granted Defendants' motion and dismissed Plaintiffs' Amended Complaint, rejecting Plaintiffs' contention that they had standing to bring either direct or derivative claims. *Id.* Judge Forrest's opinion focused on Plaintiffs' failure to demonstrate how they initially purchased the RMBS certificates, and what rights, if any, they were assigned in the Asset Purchase Agreements through which they obtained the RMBS certificates. *Id.* at *2. Finding "insufficient allegations to support a proper assignment of legal claims as to . . . the certificates at issue," Judge Forrest concluded that Plaintiffs failed to adequately "allege facts

4

that affirmatively and plausibly suggest[ed] that [they had] standing to sue." *Id.* (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)).

In addition to finding that Plaintiffs failed to allege how they originally obtained the RMBS certificates at issue, Judge Forrest also concluded that the CDO Indentures Plaintiffs executed with their CDO Indenture Trustees constituted "[a] full assignment [that] divest[ed] [P]laintiffs of any rights they otherwise may have had to commence litigation on their own behalf." *Id.* Specifically, Judge Forrest concluded that the CDO Indentures constituted a "full assignment" of "all . . . right, title and interest in the [RMBS] certificates," as well as the "full power to file actions" regarding rights under the RMBS certificates. *Id.* (internal quotation marks omitted). As such, Judge Forrest concluded that Plaintiffs' right to bring this action directly could vest "only by way of assignment" from the CDO Indenture Trustees back to Plaintiffs, which had not occurred. *Id.* at *3.

Finally, Judge Forrest rejected Plaintiffs' argument that Phoenix Light could bring this action derivatively based on its ownership of a majority of the Senior Notes issued by the other Plaintiffs, and further found that Phoenix Light's failure to comply with Federal Rule of Civil Procedure 23.1 foreclosed Plaintiffs attempt to bring a derivative claim.[3] *Id.* at *3–4.

### C. The Second Amended Complaint

From April to July of 2015, Plaintiffs sought from the CDO Indenture Trustees assignments of the rights to bring these claims in light of Judge Forrest's Opinion & Order.[4] On

---

[3] Federal Rule of Civil Procedure 23.1 sets out, among other things, the prerequisites and pleading requirements for filing a derivative action.

[4] As Judge Forrest described in *Phoenix Light I*, and as discussed below, this was not Plaintiffs' first attempt to seek assignments from the CDO Indenture Trustees. Plaintiffs first sent the CDO Indenture Trustees letters requesting assignments on December 12, 2014, shortly before filing their initial complaint. *Phoenix Light I*, 2015 WL 2359358, at *3; *see also* Exhibits 22–25 to the Declaration of Adam P. Barry in Support of Bank of America, N.A.'s Motion for Summary Judgment ("Barry Decl."), (Doc. 249). These requests were unsuccessful.

July 2, 2015, Plaintiffs filed the Second Amended Complaint. (Doc. 77.) Plaintiffs' Second

Amended Complaint reasserted certain allegations and provided the documentation underlying

Plaintiffs original acquisition of the RMBS Certificates, and further provided documentation

demonstrating that certain Plaintiffs received assignments from the CDO Indenture Trustees.

*Phoenix Light II*, 2016 WL 1169515, at \*4.  Based upon these modifications, Plaintiffs argued

that they now had standing to pursue these claims directly through the assignments.  *Id.*

Plaintiffs no longer asserted derivative standing to bring these claims based on Phoenix Light's

status as a noteholder.  *Id.*  Again, Defendants moved to dismiss the Second Amended Complaint

in part on standing grounds. (Docs. 84–86.)  Defendants argued that the CDO Indenture

Trustees' assignments of the rights to pursue these claims were invalid based on the original

CDO Indentures themselves, and further argued that the assignments were void under New

York's prohibition on champerty,[5] thus negating the alleged basis for standing.  Judge Forrest

denied without prejudice Defendants' motion to dismiss the Second Amended Complaint for

lack of standing, concluding that the factual record was insufficiently developed to accept

Defendants' arguments at the pleadings stage and were more appropriate for consideration on

summary judgment after discovery.  *Id.* at \*6–8.

### D. *Relevant Facts Developed During Discovery*[6]

#### 1.    Plaintiffs' Formation and the CDO Indentures

WestLB AG ("WestLB") is a German bank that created entities to issue CDOs, including

---

[5] As discussed in greater detail below, champerty is a common law doctrine designed to "prevent or curtail the commercialization or trading in litigation." In New York, the prohibition against champerty is codified in Judiciary Law § 489.

[6] I make these factual findings in light of the parties' Local Rule 56.1 statements and the declarations and exhibits submitted in connection with summary judgment. For the sake of convenience, my citations to the parties' Local Rule 56.1 statements refer to Defendants' respective reply 56.1 statements containing, in consolidated form organized by paragraph number, Defendants' initial 56.1 statements, Plaintiffs' counterstatements and objections, and Defendants' final reply statements and objections. *See* Bank of America, N.A.'s Reply, Responses, and

Plaintiffs Blue Heron Funding VI Ltd., Blue Heron Funding VII Ltd., Kleros Preferred Funding V PLC, Silver Elms CDO PLC, Silver Elms CDO II Limited, C-Bass CBO XIV Ltd., and C-Bass CBO XVII Ltd. (together the "CDO Plaintiffs"). (U.S. Bank 56.1 ¶ 16). As Judge Forrest outlined in *Phoenix Light II*, it is undisputed that the CDO Plaintiffs acquired the RMBS certificates at issue from third-parties, including WestLB, and that certain CDO Plaintiffs acquired some RMBS certificates directly in the RMBS market. *Phoenix Light II*, 2016 WL 1169515, at *3; (U.S. Bank 56.1 ¶ 16). The CDO notes issued by the CDO Plaintiffs were backed primarily by the RMBS certificates acquired by the CDO Plaintiffs, but were also backed by substantial holdings of non-RMBS that the CDO Plaintiffs acquired, including Commercial Mortgage-Backed Securities, Monoline Guaranteed Securities, Small Business Loan Securities, Student Loan Securities, and other Asset-Backed Securities. (U.S. Bank 56.1 ¶ 17; *see also* Fitzgerald Decl. Ex. 207, at 676.)[7]

Although WestLB divided the CDOs into tranches and sold, through the CDO Plaintiffs, its interest in the CDOs to investors in the form of notes, WestLB did not sell all of the CDO tranches; it kept the unsold interests on its books until it transferred those interests to Plaintiff Phoenix Light. (U.S. Bank 56.1 ¶ 18.) In fact, Phoenix Light was created in part to hold certain of WestLB's distressed assets. (*Id.* ¶ 19.) Among the assets that WestLB transferred to Phoenix Light were certain RMBS certificates at issue in this case, as well as notes issued by the CDO Plaintiffs, which gave Phoenix Light a majority of the controlling class of notes issued by the CDO Plaintiffs. (*See* U.S. Bank 56.1 ¶¶ 19–20; *see also* Letter to the Court from Steven S.

---

Objections to Plaintiffs' Counter-Statement of Undisputed Facts ("BOA 56.1"), (Doc. 339); Defendant U.S. Bank National Association's Reply and Response to Plaintiffs' Counter-Statement of Undisputed Facts Pursuant to Rule 56.1 of the Local Civil Rules for the Southern District of New York ("U.S. Bank 56.1"), (Doc. 344).

[7] "Fitzgerald Decl." refers to the Corrected Declaration of Steven S. Fitzgerald in Support of Plaintiffs' Opposition to Defendants' Motions for Summary Judgment, (Doc. 324).

Fitzgerald dated February 17, 2016, (Doc. 104, at 2–3).)  To finance its purchase of these assets

from WestLB, Plaintiff Phoenix Light issued and sold its own CDO notes to WestLB.  (U.S.

Bank 56.1 ¶ 19.)  As Plaintiffs previously represented, "no [CDO P]laintiff owns notes issued by

Phoenix Light SF Limited" and "[a]ll of the notes issued by Phoenix Light SF Limited are owned

by Erste Abwicklungsanstalt ("EAA"), a winding up agency created by the German government

in connection with the failure of WestLB []."  (Letter to the Court from Steven S. Fitzgerald

dated February 17, 2016, (Doc. 104, at 2–3); *see also* U.S. Bank 56.1 ¶¶ 20–21.)  Plaintiffs do

not dispute that EAA is tasked with winding down WestLB's business and assets.  (U.S. Bank

56.1 ¶ 21.)[8]

It is also undisputed that when Plaintiffs were formed, all of the Plaintiffs, with the

exception of Phoenix Light, entered into CDO Indentures with their respective CDO Indenture

Trustees.  (*Id.* ¶ 25.)  The CDO Indenture Trustees included:  (i) Deutsche Bank Trust Company

Americas ("Deutsche Bank"), for the Kleros and Silver Elms CDO Indentures; (ii) Bank of New

York Trust Company, National Association ("BNY"), for the Blue Heron VI, C-BASS XIV and

C-BASS XVII CDO Indentures; and (iii) Wells Fargo Bank, N.A. ("Wells Fargo"), for the Silver

Elms II and Blue Heron VII CDO Indentures.  (*Id.*; *see also* Barry Decl. Exs. 31–37.)  As for

Phoenix Light, it entered into a Trust Agreement on March 31, 2008 with Deutsche Bank, (U.S.

Bank 56.1 ¶ 27), and on December 29, 2009 entered into an Amended and Restated U.S.

Security Agreement with Deutsche Bank, (U.S. Bank 56.1 ¶ 29).  As discussed below, these

agreements transferred all of Plaintiffs' rights in the underlying RMBS Certificates, and other

securities backing the CDO notes, to their respective CDO Indenture Trustees.

---

[8] Enno Balz's deposition testimony states that "Erste Abwicklungsanstalt [is] an acronym for first wind down agency," and further explains that EAA is a German government agency that was formed in late 2009 for the purpose of winding down certain assets formally held by WestLB.  (Fitzgerald Decl. Ex. 208, at 20:3-18.)

## 2.    The Assignments

It is undisputed that Plaintiffs first sent the CDO Indenture Trustees letters requesting

assignments of these claims on December 12, 2014, twelve days before filing their initial

complaint. *See Phoenix Light I*, 2015 WL 2359358, at *3; (Barry Decl. Exs. 22–25). The letters

enclosed Assignment of Claims Agreements, and asked the Plaintiffs' respective CDO Indenture

Trustees to "execute and return" the agreements assigning the "right to commence litigation on

behalf of the CDO[] [Issuers] against the [RMBS trustees] of certain [RMBS] trusts that issued

certificates purchased by the CDO[] [Issuers]." (*See, e.g.*, Doc. 249 Ex. 22, at 6.) Although the

CDO Indenture Trustees did not immediately assign their claims to Plaintiffs, after the dismissal

of Plaintiffs' First Amended Complaint, and before the filing of Plaintiffs' Second Amended

Complaint, Plaintiffs obtained the assignments in question. Specifically, on April 16, 2015,

Deutsche Bank and Phoenix Light entered into a written assignment agreement whereby

Deutsche Bank assigned to Phoenix Light "any and all rights that the Trustee may have to pursue

and enforce the claims as set forth [in this action]" that Deutsche Bank may have had as CDO

Indenture Trustee under the Silver Elms and Kleros CDO Indentures. (U.S. Bank 56.1 ¶¶ 35–36,

38; Barry Decl. Ex. 27.) On June 17, 2016, Deutsche Bank and Phoenix Light entered into a

second assignment agreement, whereby Deutsche Bank—as Trustee pursuant to the Phoenix

Light Trust Agreement and U.S. Security Agreement—also assigned to Phoenix Light "any and

all rights that the Trustee may have to pursue and enforce the claims as set forth [in this action]"

that Deutsche Bank may have had under those instruments. (U.S. Bank 56.1 ¶ 39; Barry Decl.

Ex. 28.) On June 19, 2015, BNY assigned to C-BASS XIV and XVII and Blue Heron VI "all

right, title, and interest in, to, and under, . . . that the Trustee may have with respect to the claims

asserted or which may hereafter be asserted . . . in [this action]," the C-Bass XIV and XVII and

9

the Blue Heron VI CDO Indentures. (U.S. Bank 56.1 ¶ 37; Barry Decl. Ex. 26.) Finally, on June
26, 2015, Wells Fargo assigned to Silver Elms II and Blue Heron VII "all right, title and interest
that each of the Blue Heron Trustee and the Silver Elms Trustee may have, if any, with respect to
the claims asserted [in this action]," over the Silver Elms II and Blue Heron VII CDO Indentures.
(U.S. Bank 56.1 ¶ 40; Barry Decl. Ex. 29.) Each of these assignment agreements specifically
referenced the instant litigation—in addition to related RMBS cases brought by Plaintiffs—by
caption, and assigned the respective CDO Indenture Trustees' rights to pursue the claims raised
in the cases identified by caption. (Barry Decl. Exs. 26–29.) The assignment agreements did not
include an assignment of any rights beyond the rights to pursue the claims in the identified
lawsuits. In fact, the June 26, 2015 agreement states that the assignment was sought "[i]n
response to the *Opinion & Order* in *Phoenix Light SF Limited, et al. v. U.S. Bank National
Association, et al.*, 14-cv-10116 (KBF) (decided May 18, 2015)." (Barry Decl. Ex. 29, at 2.) In
addition to the Plaintiffs and their respective CDO Indenture Trustees, EAA is a party to three of
these assignment agreements in its capacity as the controlling owner of Phoenix Light notes.
(Barry Decl. Ex. 26, at 3; Ex. 29, at 2; Ex. 28, at 2.)

The parties do not dispute that Plaintiffs paid nothing in exchange for these assignments.
(BOA 56.1 ¶ 14.) However, the agreements do provide for indemnification of the CDO
Indenture Trustees. (*See* Barry Decl. Ex. 26, at 3–4; Ex. 27, at 3; Ex. 28, at 2–3; Ex. 29, at 4.)
Lastly, the parties do not dispute that Plaintiffs, through the assignments, agreed to fund any
litigation arising out of the assignments, and that Plaintiffs are not entitled to the proceeds of this
litigation, but may be reimbursed for costs and expenses based on any recovery. (BOA 56.1 ¶
15.)

10

### 3.    Plaintiffs' Purpose in Seeking the Assignments

Various materials in the record are relevant to determining Plaintiffs' purpose behind

seeking the assignments in question.  For example, Plaintiffs' 30(b)(6) representative, Peter J.

Collins, testified during his deposition, in relevant part, as follows:

> Q. Why did [] Plaintiffs seek assignments from the CDO trustees?  []
>
> A. They were being instructed or EAA was voicing their opinion as to how these CDOs would benefit from litigation and they were trying to have litigation pursued.
>
> Q. Did EAA instruct Plaintiffs' directors to seek assignments from Plaintiffs' CDO trustees?
>
> A. It would ultimately have been Phoenix asking or directing the various CDO Plaintiffs other than Phoenix to pursue claims or assignments . . . .
>
> Q: Who would be directing Phoenix to ask or direct the various CDO Plaintiffs to pursue assignment from the CDO trustees for the purpose of litigation?  []
>
> A. That would be EAA.
>
> Q. So just so I'm clear, EAA instructed or asked Phoenix Light to instruct or ask the other Plaintiff CDOs to obtain the CDO trustees['] assignments, right?
>
> A. Yes.
>
> Q. The Plaintiff CDOs sought those CDO trustee assignments for the purpose of bringing this litigation?
>
> A. Yes.
>
> Q. Did they seek those assignments for any other purpose?
>
> A. Not to my knowledge.

(Barry Decl. Ex. 30, at 323:1–324:9.)  The parties also presented portions of Collins's 30(b)(6)

testimony outlining that Plaintiffs sought assignments from the CDO Indenture Trustees because

"they viewed the CDO [Indenture T]rustees as suffering conflicts of interests," and "because of

those alleged conflicts of interests, absent [the assignments], these claims would not be brought

against the RMBS trustees." (Fitzgerald Decl. Ex. 210, at 325:21-25; 326:1-7.)[9]

In addition to the above 30(b)(6) deposition testimony, the deposition testimony of Alan

Geraghty—one of Phoenix Light's directors—corroborated Collins's 30(b)(6) testimony that the

assignments were designed to allow Plaintiffs to bring the instant legal claims:

> Q. What was the purpose of asking the CDO trustees to reassign the claims back to
> the SPVs?
>
> A. I believe it was then that the—then the SPVs could make the claims.
>
> Q. So the purpose of reassignment agreements was to allow the SPVs to bring legal
> claims relating to RMBS?
>
> A. I believe so.  []
>
> Q. Aside from bringing legal claims, was there any other purpose motivating the
> SPVs to instruct the CDO trustees to reassign back the claims?
>
> A. I don't know. I don't think so.

(Barry Decl. Ex. 19, at 243:7–244:2.)  Geraghty further testified:

> Q. The Plaintiff CDOs entered into these reassignment agreements with the CDO
> trustees for the purpose of furthering the U.S. RMBS litigation, right?
>
> A. Yes.
>
> Q. Was there any other purpose for which the Plaintiff CDOs entered into the CDO
> trustee agreements?
>
> A. I don't believe so, no.

(*Id.* at 250:4-17.)[10]

---

[9] Plaintiffs also cited Collins's 30(b)(6) testimony in a related case, *Phoenix Light SF Ltd. v. Wells Fargo*, No. 14-cv-10102: "Q. Why were the assignments from the CDO Indenture Trustees to the various plaintiffs executed?  A. The trustees were conflicted and it was known that they weren't going to take action against these claims." (Fitzgerald Decl. Ex. 214, at 173:18-23.).

[10] Plaintiffs do not attempt to rebut Geraghty's testimony with contrary evidence, but instead argue that Geraghty was not that involved in negotiating the assignments, and was involved primarily in the execution of the assignments. (*See* BOA 56.1 ¶ 12.) In other words, Plaintiffs seem to be suggesting that Geraghty was not in a position to know the purpose behind the assignments.

Finally, given EAA's substantial involvement in the assignments, and ownership of the

Phoenix Light notes, the parties presented additional evidence regarding the reason for EAA's

involvement in the assignments. When deposed by Defendants, Enno Balz—an employee of

EAA who corresponded with Phoenix Light regarding these claims—gave the following

testimony:

> Q. [] Is part of EAA's mandate to wind down EAA's portfolio in a way that
> minimizes losses to EAA's stakeholders?
>
> A. Yes, that's correct.
>
> Q. And one component of that strategy is to bring litigation claims to try to extract
> value from the underlying assets?[11]
>
> A. I would say whenever we see that something has gone wrong and there has been
> damage caused by third-parties or unlawfully to EAA's portfolio, then of course it
> is part of our mandate to make sure that these damages are being recovered.
>
> Q. And if there are losses and there is an entity to be sued, it is, as long as it makes
> economic sense, that is going to be done, correct? []
>
> A. Correct, yes.
>
> Q. Were you involved in the decision to bring this case against Bank Of America
> and U.S. Bank at some level? []
>
> A. Yes.

(Marcucci Decl.[12] Ex. 18, at 34:6–35:6; Fitzgerald Decl. Ex. 208, at 34:6–35:6.)[13]  Balz further

---

[11] Balz's deposition testimony also elaborated on EAA's financial interest in this case: "Q. Would you characterize
Phoenix as a corporation?  A. Yes.  Q. And when Phoenix suffers losses in its portfolio, those losses ultimately are
felt by EAA as its noteholder, yes?  A. Losses are always suffered—like any corporation that loses part of their
assets the corporation suffers losses and it makes it harder for the corporation to honor its obligation to its creditors
or even to its equity holders.  Q. So there is some negative effect felt by the stakeholders in the corporation, is that
what you're saying?  A. As always, yes."  (Fitzgerald Decl. Ex. 208, at 182:19–183:9.)

[12] "Marcucci Decl." refers to the Corrected Declaration of Michael T. Marcucci in Support of U.S. Bank National
Association's Motion for Summary Judgment, (Doc. 267).

[13] Plaintiffs also offered Balz's deposition testimony in *Phoenix Light SF Ltd. v. Wells Fargo*, No. 14-cv-10102: "Q.
Part of the EAA's strategy is to actively pursue legal claims and to look for opportunities to make claims, correct?
A. Yes. Definitely.  If there are losses in our portfolio where we think that they occurred in relation to legal claims
and therefore can potentially be recovered through litigation then we have to pursue.  Q. If there is an entity to be
sued and there are losses then as long as it makes economic sense that is going to be done, correct? . . . [A.]  Well,

testified as follows:

> Q. [] You were involved in discussions about whether Plaintiffs should file this lawsuit, correct? Just yes or no.
>
> A. Yes.
>
> . . .
>
> Q. Were you the one that suggested to Phoenix that it file the case?
>
> A. Officially, yes, EAA would do the propos[al], but I would be the one communicating with the directors of Phoenix Light.
>
> Q. Do you recall if EAA gave a formal direction to Phoenix to file the lawsuit?
>
> A. I don't recall specifically, but that would not surprise me if that has happened.
>
> Q. Did you also put the Plaintiffs in touch with the Wollmuth firm?
>
> A. Yes.
>
> Q. Have Plaintiffs ever filed an RMBS-related lawsuit without consulting with EAA first, to your knowledge?
>
> A. I don't recall.
>
> Q. You don't recall that ever happening?
>
> A. Yes.
>
> Q. You would know if that had happened?
>
> A. I think so.

(Fitzgerald Decl. Ex. 208, at 221:18–223:4.) Notably, Balz also testified that the June 19, 2015 assignment agreement "allowed the Plaintiffs to assert standing in the complaints that they filed against the RMBS trustees." (*Id.* at 220:3-6.)[14]

---

yes, if it makes economic sense, it is also a variation between risk and potential reward, yes." (Marcucci Decl. Ex. 19, at 206:7-24.)

[14] Plaintiffs represented in their Local Rule 56.1 counterstatement of facts that Plaintiffs sought the assignments to "effectively manage their ownership in certificates." (BOA 56.1 ¶ 11.) As an initial matter, it is not clear what this statement means in practical terms. Not surprisingly, therefore, Plaintiffs do not support this contention with any

14

## E. *The Instant Motions*

Following Judge Forrest's 2016 opinion granting in part and denying in part Defendants'

motion to dismiss, (Doc. 105), Defendants, on May 13, 2016, submitted their answers to the

Second Amended Complaint, (Docs. 117, 118). The case was thereafter transferred to my

docket, (Dkt. Entry June 6, 2016), and on October 3, 2016, the parties submitted a joint status

letter in which Defendants outlined their intent to submit a pre-motion letter requesting leave to

file a Rule 12(c) motion for judgment on the pleadings, (Doc. 132). At the status conference

held on October 6, 2016, I set a briefing schedule for Defendants' anticipated motion, and in

accordance with that briefing schedule, Defendants filed their motion on October 14, 2016.

(Docs. 139–42.)  Plaintiffs filed their opposition on November 14, 2016, (Docs. 147–48), and

Defendants filed their reply on December 9, 2016, (Docs. 149–50). Additionally, on February

15, 2017, I received a notice of supplemental authority from Plaintiffs, (Doc. 153), to which

Defendants replied on February 23, 2017, (Doc. 154). Defendants filed their own notice of

supplemental authority on August 7, 2017, (Doc. 182), to which Plaintiffs responded on August

11, 2017, (Doc. 184). Defendants filed a reply to Plaintiffs' response on August 14, 2017.  (Doc.

185). Defendants filed an additional notice of supplemental authority on September 18, 2017,

(Doc. 187), to which Plaintiffs responded on September 25, 2017, (Doc. 189). Plaintiffs filed a

final notice of supplemental authority on October 2, 2017, (Doc. 190), to which Defendants

---

evidence in the record, and I accordingly disregard Plaintiffs' contention as being improper on summary judgment. *See* Local Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."); *see also* Fed. R. Civ. P. 56(c)(1)(a) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

15

responded on October 12, 2017, (Doc. 191). On October 25, 2017, Defendants requested that, in
light of the then-forthcoming motions for summary judgment, I defer ruling on the motion for
judgment on the pleadings, and address the motions at the same time. (Doc. 192.) I granted that
request on November 15, 2017. (Doc. 193.)

On January 2, 2018, Plaintiffs filed their Third Amended Complaint, (Doc. 209)
(hereinafter "TAC"), and Defendants filed their Answers on January 16, 2018. (Docs. 213–14.)
On March 30, 2018, Defendant Bank of America filed a motion for summary judgment, (Doc.
241), with a memorandum of law, (Doc. 242), Local Rule 56.1 Statement, (Doc. 245), and a
declaration in support of its motion, (Doc. 249). Plaintiffs filed their opposition and supporting
documents from June 18–21, 2018, (Docs. 301–305, 308, 309, 314), and they filed corrected
versions of those documents on July 3–5, 2018, (Docs. 320, 321, 324). Defendant Bank of
America filed its reply, additional declarations, and its response to Plaintiffs' Local Rule 56.1
Counterstatement from August 6–9, 2018. (Docs. 338–40.) On March 30, 2018, U.S. Bank filed
a motion for summary judgment, (Doc. 243), with a memorandum of law, (Doc. 244), Local
Rule 56.1 Statement, (Doc. 250), and a declaration in support of its motion, (Doc. 246), and it
subsequently filed an additional declaration in support of its motion, (Doc. 267). Plaintiffs filed
their opposition and supporting documents on June 19–21, 2018, (Docs. 310, 311, 314), and they
filed corrected versions of those documents on July 3–5, 2018, (Docs. 322–24). Defendant U.S.
Bank filed its reply, additional declarations, and its response to Plaintiffs' Local Rule 56.1
Counterstatement from August 6–9, 2018. (Docs. 337, 343–45.) I held oral argument on
Defendants' summary judgment motions on October 26, 2018. (*See* Oral Arg. Tr., (Doc. 380).)

On October 25, 2018, Plaintiffs and Defendant Bank of America notified me that they
had reached a settlement in principle, and asked that I hold Bank of America's then-pending

16

motion for summary judgment in abeyance. (Doc. 373.) Plaintiffs and Bank of America filed a

stipulation of voluntary dismissal as to Bank of America on December 7, 2018, (Doc. 386),

which I signed on December 10, 2018, terminating Bank of America from the case, (Doc. 388).[15]

On December 14, 2018, Plaintiff filed a Fourth Amended Complaint consistent with the

stipulation of voluntary dismissal as to Bank of America. (Doc. 390; *see also* Doc. 385 (granting

Plaintiffs' request for leave to file a Fourth Amended Complaint).)  Defendant U.S. Bank filed an

answer to the Fourth Amended Complaint on January 18, 2019.  (Doc. 396.)

## II.    Legal Standard

Summary judgment is appropriate when "the parties' submissions show that there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P.

56(a).  A "dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the

governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted."

*Id.*

On a motion for summary judgment, the moving party bears the initial burden of

establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the

nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.* at

---

[15] On December 3, 2018, at the request of Defendant U.S. Bank and without objection by Plaintiffs, I entered an order preserving, insofar as they are applicable, any arguments presented in Defendant Bank of America's summary judgment papers that Defendant U.S. Bank joined. (Doc. 385.)  Therefore, I consider the procedural history involving Defendant Bank of America and any corresponding summary judgment arguments and related Local Rule 56.1 statements that Defendant U.S. Bank adopted in its own summary judgment papers.  These arguments and Local Rule 56.1 statements primarily involve Plaintiffs' standing to bring this case, which Defendant U.S. Bank explicitly incorporated into its own motion for summary judgment. (*See* Doc. 244, at 8 (citing Bank of America's memorandum in support of its motion for summary judgment, Document 242, at pages 12 to 16).)

17

256 (internal quotation marks omitted), and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. Cty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted). Rather, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Affidavits submitted in support of, or opposition to, summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show "that the affiant is competent to testify to the matters stated therein." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (quoting Fed. R. Civ. P. 56(e)). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

Finally, in considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in

favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal

citations and quotation marks omitted); *see also Matsushita*, 475 U.S. at 587. "[I]f there is any

evidence in the record that could reasonably support a jury's verdict for the non-moving party,"

summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d

Cir. 2002).

## III.    Discussion

Defendant U.S. Bank argues that the CDO Indenture Trustees' assignments of the rights

to pursue these breach of contract claims are void under New York's prohibition on champerty,[16]

thus negating Plaintiffs' alleged basis for standing in the instant suit.[17]  I agree.  I first outline the

relevant legal standards applicable to Plaintiffs' standing in this case, and then proceed to apply

New York champerty law to the assignments at issue for purposes of determining whether

Plaintiffs have standing under relevant Second Circuit law.  Because I conclude that there is no

genuine material factual dispute that the assignments at issue are void under New York's

prohibition on champerty, and because as a matter of law Plaintiffs do not have standing to

pursue these breach of contract claims in the absence of a valid assignment, I grant Defendant's

motion for summary judgment on the issue of standing and dismiss this case.

---

[16] As noted above and discussed in greater detail below, champerty is a common law doctrine to "prevent or curtail the commercialization or trading in litigation," and is codified in New York's Judiciary Law § 489. Defendant's argument is not unprecedented, and was raised but not considered in another relevant case. *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Tr. Co.*, 410 F. Supp. 3d 662, 680 (S.D.N.Y. 2019) (mentioning a defendant's champerty defense but rejecting application of the defense because the case involved a trustee agreement, not an agreement to assign a claim).

[17] Defendant also argues that the assignments are invalid based on the language in the original CDO Indentures themselves.  I do not consider this argument, as Defendant, who is neither a party nor third-party beneficiary to the CDO Indentures, do not have standing to challenge the validity of the assignments in light of such agreements. *Nat'l Credit Union Admin. Bd.*, 410 F. Supp. 3d at 679 (stating that a non-party to a contract "does not have standing to challenge the validity of [an] assignment by arguing that the terms of the contract or assignment were not abided by"); *see also Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat. Ass'n*, 747 F.3d 44, 50 (2d Cir. 2014) ("[W]e hold that Hillside lacks prudential standing to litigate whether WaMu's liabilities were assigned to Chase under the PAA because it was neither a contracting party nor a third-party beneficiary under the Agreement.").

### A. *Applicable Law*

#### 1.    Standing

"The doctrine of standing asks whether a litigant is entitled to have a federal court resolve

his grievance. This inquiry involves 'both constitutional limitations on federal-court jurisdiction

and prudential limitations on its exercise.'" *Hillside Metro Assocs., LLC v. JPMorgan Chase*

*Bank, Nat. Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014) (quoting *Kowalski v. Tesmer*, 543 U.S. 125,

128–29 (2004)). Whether a plaintiff has standing must be resolved before turning to the merits.

*See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.À.R.L.*, 790 F.3d 411, 417 (2d

Cir. 2015); *see also Raines v. Byrd*, 521 U.S. 811, 820 (1997) (stating that courts must "put aside

the natural urge to proceed directly to the merits of . . . [a] dispute [] to 'settle' it for the sake of

convenience and efficiency," and must first inquire as to whether a plaintiff has "met [its] burden

of establishing that [its] claimed injury is personal, particularized, concrete, and otherwise

judicially cognizable.").

"In its constitutional dimension, standing imports justiciability: whether the plaintiff has

made out a 'case or controversy' between himself and the defendant within the meaning of Art.

III." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "To have such Article III standing, 'the

plaintiff [must have] alleged such a personal stake in the outcome of the controversy' as to

warrant [its] invocation of federal-court jurisdiction and to justify exercise of the court's

remedial powers on [its] behalf." *Cortlandt St. Recovery Corp.*, 790 F.3d at 417 (alterations in

original) (quoting *Warth*, 422 U.S. at 498–99). A plaintiff claiming such a stake must establish,

"(1) injury-in-fact, which is a concrete and particularized harm to a legally protected interest; (2)

causation in the form of a fairly traceable connection between the asserted injury-in-fact and the

alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the

injury can be remedied by the requested relief." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106–07 (2d Cir. 2008) (internal quotations marks omitted).

Importantly, "the minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim [at issue]." *Cortlandt St. Recovery Corp.*, 790 F.3d at 420 (citing *W.R. Huff Asset Management Co., LLC*, 549 F.3d at 108). "[A]n interest that is merely a 'byproduct' of the suit itself cannot give rise to a cognizable injury in fact for Article III standing purposes." *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 772–73 (2000) (internal quotations marks omitted). However, when a plaintiff has an interest in the outcome of a suit but no legally protected right to vindicate, Article III's injury requirement can be satisfied by the valid assignment to the plaintiff of the right at issue, thus allowing the plaintiff to "'stand in the place of the injured party' and satisfy constitutional standing requirements." *Cortlandt St. Recovery Corp.*, 790 F.3d at 418 (quoting *W.R. Huff Asset Mgmt. Co., LLC*, 549 F.3d at 107); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008) ("Lawsuits by assignees . . . are 'cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process.'" (quoting *Vt. Agency of Nat. Res.*, 529 U.S. at 777–78)).

"Unlike constitutional standing, which focuses on whether a litigant sustained a cognizable injury-in-fact, '[t]he prudential standing rule . . . bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'" *United States v. Suarez*, 791 F.3d 363, 366 (2d Cir. 2015) (alterations in original) (quoting *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014)). When both standing doctrines are at issue, a court "may assume Article III standing and address 'the alternative threshold question' of whether a party has prudential standing." *Hillside Metro Assocs., LLC*, 747 F.3d at 48 (quoting *Kowalski*, 543 U.S. at 129).

21

Plaintiffs bear the burden of establishing both constitutional and prudential standing, *Rajamin*, 757 F.3d at 84, and "must demonstrate standing for each claim [they] seek[] to press and for each form of relief that is sought," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (internal quotation marks omitted). Although "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, . . . [i]n response to a summary judgment motion . . . the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts . . . which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations and citations omitted).

In the Second Circuit, breach of contract claims brought by non-parties to a contract have raised both constitutional, *see Cortlandt Street Recovery Corp.*, 790 F.3d at 418–20, and prudential standing barriers, *see Hillside Metro Associates, LLC*, 747 F.3d at 48, as such cases involve a plaintiff's attempt to seek recovery on a contract in which the plaintiff has no legally protected interest, and also involve the rights or legal interests of third parties (the actual parties to the contract). In both *Cortland Street Recovery* and *Hillside Metro Associates*, the Second Circuit's jurisdictional decisions turned on whether the respective plaintiffs in those actions were validly assigned the rights to the contracts underlying their breach of contract claims. Because the Second Circuit has relied on both constitutional standing requirements and the prudential standing doctrine under such circumstances, I consider both doctrines in the instant Opinion & Order.[18]

___

[18] The Supreme Court has stated, with respect to prudential standing doctrines, that "[t]he limitations on third-party standing are harder to classify[,] [and has] observed that third-party standing is closely related to the question whether a person in the litigant's position will have a right of action on the claim, but [that] most of [its] cases have not framed the inquiry in that way." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 n.3 (2014) (internal quotation marks and citations omitted). "Although characterized as 'prudential,' [third party standing] relate[s] to the elements of Article III standing." *Montesa v. Schwartz*, 836 F.3d 176, 195 (2d Cir. 2016).

22

Both Supreme Court and Second Circuit precedent indicate that the lack of valid

assignments from the CDO Indenture Trustees would in fact deprive Plaintiffs of both Article III

and prudential standing. *See Sprint Commc'ns Co., L.P.*, 554 U.S. at 285–87; *Cortlandt St.*

*Recovery Corp.*, 790 F.3d at 420 ("Although *Sprint* confirms that an assignee need not possess

more than title to a claim to bring suit upon that claim, nothing in that case suggests that an

assignee may proceed with less."); *Hillside Metro Assocs., LLC*, 747 F.3d at 48–49 ("We

conclude that Hillside does not have prudential standing in this case because it cannot enforce

the terms of the PAA, as to which it is neither a party nor a third-party beneficiary, but the

enforcement of which is a necessary component of its claim."); *W.R. Huff Asset Mgmt. Co.*, 549

F.3d at 108 ("In our view, *Sprint* makes clear that the minimum requirement for an injury-in-fact

is that the plaintiff have legal title to, or a proprietary interest in, the claim.").  This conclusion

follows from the fact that Plaintiffs' breach of contract claim is based on Plaintiffs' alleged status

as holders of RMBS Certificates, and thus as third-party beneficiaries of the PSAs they seek to

enforce.  Plaintiffs' standing to sue as third-party beneficiaries, therefore, is premised on the

assignment back to Plaintiffs of the RMBS certificates issued in connection with the PSAs.  In

the absence of such assignments, Plaintiffs would have no legally cognizable contract rights on

which to rest their breach of contract claims.[19]  *See House of Europe Funding I, Ltd. v. Wells*

*Fargo Bank, N.A.*, No. 13 CIV. 519 RJS, 2014 WL 1383703, at *16 (S.D.N.Y. Mar. 31, 2014)

("A party that has assigned away its rights under a contract lacks standing to sue for breach of

that contract." (citing *Nat'l Fin. Co. v. Uh*, 720 N.Y.S.2d 17, 18 (App. Div. 2001) ("Having

---

[19] Under New York law, "[a]bsent a contractual relationship there can be no contractual remedy." *Hillside Metro Assocs., LLC*, 747 F.3d at 49 (quoting *Suffolk Cnty. v. Long Island Lighting Co.*, 728 F.2d 52, 63 (2d Cir. 1984). Indeed, "it is ancient law in New York[] . . . that to succeed on a third[-]party beneficiary theory, a non-party must be the intended beneficiary of the contract, not an incidental beneficiary to whom no duty is owed." *Id.* (quoting *Suffolk Cnty.*, 728 F.2d at 63); *see also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005).

assigned the note, [plaintiff] was no longer the real party in interest with respect to an action

upon the instrument and retained no right to pursue a claim against defendant.")). This is the

exact conclusion that Judge Forrest recognized in *Phoenix Light II* where, contrary to Plaintiffs'

continued assertion that the assignments of these claims from the CDO Indenture Trustees were

unnecessary, she concluded that "[s]uch assignments were necessary" for Plaintiffs to pursue

breach of contract claims. *Phoenix Light II*, 2016 WL 1169515, at *7.[20]

---

[20] The parties dispute whether *Phoenix Light I* dismissed Plaintiffs' claims for lack of Article III standing. For the reasons stated throughout this Opinion & Order, I read *Phoenix Light I* as providing a ruling with regard to both constitutional standing and the Second Circuit's prudential standing doctrine. First, *Phoenix Light I* rejected Plaintiffs' conclusory allegations of third-party beneficiary status, *see Phoenix Light I*, 2015 WL 2359358, at *2, negating prudential standing, *see Hillside Metro Assocs., LLC*, 747 F.3d at 48–49 ("We conclude that Hillside does not have prudential standing in this case because it cannot enforce the terms of the PAA, as to which it is neither a party nor a third-party beneficiary, but the enforcement of which is a necessary component of its claim."). Second, because *Phoenix Light I* concluded that the CDO Indentures constituted full assignments of Plaintiffs' rights regarding the RMBS certificates, *see Phoenix Light I*, 2015 WL 2359358, at *2, Plaintiffs also had no basis to establish constitutional standing in the absence of assignments from the CDO Indenture Trustees so as to "'stand in the place of the injured party' and satisfy constitutional standing requirements," *Cortlandt St. Recovery Corp.*, 790 F.3d at 418 (quoting *W.R. Huff Asset Mgmt. Co., LLC*, 549 F.3d at 107). For, "[i]t is still true that 'the minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim [at issue].'" *Id.* at 420 (quoting *W.R. Huff Asset Mgmt. Co., LLC*, 549 F.3d at 108). This conclusion is buttressed by the fact that Plaintiffs' only remaining claim is a third-party beneficiary breach of contract claim because, in the absence of the assignments, Plaintiffs would lack any "legally protected interest," *W.R. Huff Asset Mgmt. Co.*, 549 F.3d at 106, in the contract rights on which they base their breach of contract claim. *Cf. Cortlandt St. Recovery Corp.*, 790 F.3d at 422 ("[A]bsent a complete assignment of the only claims on which the lawsuit was based, there was no valid lawsuit pending before the district court in which to permit an amended complaint."). Another court in this district has reached the same conclusion. *See Triaxx Prime CDO 2006-1, Ltd. v. Bank of New York Mellon*, No. 16 CIV. 1597 (NRB), 2018 WL 1417850, at *4 (S.D.N.Y. Mar. 8, 2018) ("Each CDO Issuer's 'Grant' of 'all of its right, title and interest' in 'any and all . . . property' is broad enough to include the transfer of the right to bring contract claims relating to any 'instruments [and] securities . . . including . . . the Collateral Debt Securities. . . .' These plaintiffs therefore lack standing to bring these contract claims." (internal quotation marks and citation omitted)), *aff'd sub nom. Triaxx Prime CDO 2006-1, Ltd. v. U.S. Bank Nat'l Ass'n*, 741 F. App'x 857 (2d Cir. 2018); *but see House of Europe Funding I Ltd. v. Wells Fargo Bank*, No. 13-CV-519 RJS, 2015 WL 5190432, at *7 (S.D.N.Y. Sept. 4, 2015) ("[W]hen the Court found that HOE I lacked standing to sue Collineo under the CAA, the Court did so on the grounds that a party who assigns its rights is no longer the real party in interest with respect to an action upon the instrument and retained no right to pursue a claim, not because it had not suffered an injury-in-fact sufficient to satisfy Article III." (internal quotation marks and citations omitted)).

During oral argument, Defendants also stated that, to the extent *Phoenix Light I* found a lack of Article III standing, such a conclusion would be incorrect in light of *National Credit Union Administration Board v. U.S. Bank National Association*, 898 F.3d 243 (2d Cir. 2018). (*See* Oral Arg. Tr. 6:7-21.) In *National Credit Union Administration Board*, a related case, the Second Circuit concluded that in her decision below, Judge Forrest conflated a lack of Article III standing, which is jurisdictional, with a lack of derivative standing, which is not jurisdictional. *Id.* at 252 n.57 (citing *In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148, 156–57 (2d Cir. 2015) (distinguishing Article III and derivative standing)). Pursuant to *National Credit Union Administration Board*, I do not interpret *Phoenix Light I*'s dismissal of Plaintiffs' derivative claims as premised on a lack of constitutional standing under Article III. However, Plaintiffs gave up their derivative claims and only bring direct claims based on

24

In light of the above constitutional and prudential standing doctrines, I assess, as a

threshold matter regarding Plaintiffs' standing to bring this breach of contract claim, whether the

assignments to Plaintiffs of the right to bring this suit were valid. Because the assignments in

question were made under New York law, I assess the validity of the assignments under New

York law. Defendant argues that the assignments are void under New York's champerty

doctrine.

## 2.  New York Champerty Law

In general, claims or choses in action may be freely transferred or assigned to others. *See*

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997).  However,

an assignment governed by New York law must comply with New York's statutory prohibition

against champerty.  Judiciary Law § 489 is New York's champerty statute, and states in pertinent

part:

> [N]o corporation or association, directly or indirectly, itself or by or through its
> officers, agents or employees, shall solicit, buy or take an assignment of, or be in
> any manner interested in buying or taking an assignment of a bond, promissory
> note, bill of exchange, book debt, or other thing in action, or any claim or demand,
> with the intent and for the purpose of bringing an action or proceeding thereon
> . . . .

N.Y. Judiciary Law § 489(1); *Tr. for Certificate Holders of Merrill Lynch Mortg. Inv'rs, Inc. v.*

*Love Funding Corp.*, 591 F.3d 116, 121 (2d Cir. 2010).  "Section 489(1) restricts individuals and

companies from purchasing or taking an assignment of notes or other securities with the intent

and for the purpose of bringing an action or proceeding thereon."  *Justinian Capital SPC v.*

*WestLB AG*, 28 N.Y.3d 160, 166 (2016) (internal quotation marks omitted). "[T]o constitute the

offense [of champerty] the *primary purpose* of the purchase must be to enable [one] to bring a

---

their alleged ownership of RMBS certificates, which *National Credit Union Administration Board* did not address.

suit, and the intent to bring a suit must not be merely incidental and contingent." *Id.* (alterations

and emphasis in original) (quoting *Moses v. McDivitt*, 88 N.Y. 62, 65 (1882)). Accordingly,

New York's champerty law draws a distinction "between 'acquiring a thing in action in order to

obtain costs,' which constitutes champerty, 'and acquiring it in order to protect an independent

right of the assignee,' which does not." *Love Funding Corp.*, 591 F.3d at 120 (quoting *Tr. for

Certificate Holders of Merrill Lynch Mortg. Inv'rs, Inc. v. Love Funding Corp.*, 13 N.Y.3d 190,

199 (2009)). Indeed, "'[t]he purpose behind [the plaintiffs'] acquisition of rights' is the critical

issue in assessing whether such acquisition is champertous." *Justinian Capital SPC*, 28 N.Y.3d

at 167 (quoting *Love Funding Corp.*, 13 N.Y.3d at 198–199). When a "lawsuit [is] not merely an

incidental or secondary purpose of [an] assignment, but its very essence," the assignment is void.

*Id.* at 168. An assignment of rights is not champertous, however, "if its purpose is to collect

damages, by means of a lawsuit, for losses on a debt instrument in which [the plaintiff] holds a

preexisting proprietary interest." *Love Funding Corp.*, 13 N.Y.3d at 195; *see also Love Funding

Corp.*, 591 F.3d at 120–21.

  Champerty is an affirmative defense for which the defendant bears the burden of

proof. *Love Funding Corp.*, 591 F.3d at 119. Although the intent and purpose of an assignee is

usually a factual question that cannot be decided on summary judgement, where a plaintiff fails

to rebut evidence that its purpose in seeking an assignment was to commence suit, a court may

grant summary judgment in favor of a defendant. *See Justinian Capital SPC*, 28 N.Y.3d at 167;

*Love Funding Corp.*, 13 N.Y.3d at 201 & n.6 (granting summary judgment and stating that

although "[t]he inquiry into purpose is a factual one," [t]hat is not to say [] that the issue may not

be amenable to summary judgment in an appropriate case").

## B. *Analysis*

### 1. The Purpose Behind the Assignments

The parties' papers, supporting declarations, and exhibits demonstrate that there is no genuine material factual dispute as to Plaintiffs' purpose in seeking the assignments in question. The assignment agreements themselves and the deposition testimony cited by the parties demonstrate that Plaintiffs sought these assignments for the sole purpose of pursuing this litigation, and for no other reason. Indeed, this lawsuit—identified by caption in the assignment agreements—"[is] not merely an incidental or secondary purpose of the assignment[s], but [their] very essence." *Justinian Capital SPC*, 28 N.Y.3d at 168.

The facts and procedural history of this case demonstrate that the genesis of the assignment agreements was the desire to litigate this case. When deposed, Plaintiffs' 30(b)(6) witness—Peter J. Collins—testified that it was EAA who first "voic[ed] [its] opinion as to how [the CDO Plaintiffs] would benefit from litigation and [Plaintiffs] were trying to have litigation pursued." (*See* Barry Decl. Ex. 30, at 323:1–324:9.) EAA employee Enno Balz himself testified that he was personally involved in discussions with Plaintiffs about filing this lawsuit, and that he himself suggested to Phoenix Light, on behalf of EAA, that Phoenix Light should file the lawsuit. (Fitzgerald Decl. Ex. 208, at 221:18–223:4.) In fact, it was EAA who "instructed or asked Phoenix Light to pursue assignment[s] from the CDO trustees for the purpose of litigation." (*See* Barry Decl. Ex. 30, at 323:1–324:9.) When asked if Plaintiffs sought the assignments for any purpose other than litigation, Collins answered "[n]ot to my knowledge." (*Id.*) Defendants identified testimony from the deposition of Alan Geraghty, a Phoenix Light director, that corroborated Collins's 30(b)(6) testimony, again demonstrating that Plaintiffs' purpose in obtaining the assignments "was to allow the [Plaintiffs] to bring legal claims relating

to RMBS." (Barry Decl. Ex. 19, at 243:7–244:2.) When Geraghty was asked if the assignments were for any other purpose, Geraghty also answered "I don't know. I don't think so." (*Id.*; *see also id.* at 250:4-17.) Plaintiffs have identified no materials in the record to dispute this testimony.[21]

The evidence presented by the parties also demonstrates that EAA's motives for encouraging Plaintiffs to seek assignments from the CDO Indenture Trustees were rooted in a desire for Plaintiffs to litigate this case. The evidence demonstrates that EAA was created with the mandate of winding down its portfolio to minimize losses to EAA stakeholders, and that one component of this mandate is to litigate in order to recover possible damages. (Marcucci Decl. Ex. 18, at 34:6–35:6; Ex. 19, at 206:7-24; Fitzgerald Decl. Ex. 208, at 34:6–35:6.) The parties do not dispute that EAA owns all of the notes issued by Phoenix Light, which in turn owns notes issued by the CDO Plaintiffs. EAA thus stands to gain from any recovery in this litigation. These facts, in conjunction with the undisputed fact that Plaintiffs agreed to fund any litigation arising out of the assignments, despite not being entitled to its proceeds, (BOA 56.1 ¶ 15), leave no genuine dispute that Plaintiffs obtained these assignments "in order to obtain costs" as opposed to "protect[ing] [their] independent right[s]." *Love Funding Corp.*, 591 F.3d at 120 (quoting *Love Funding Corp.*, 13 N.Y.3d at 199).

In addition to the above, other evidence supports the conclusion that the assignments in question are void under New York's champerty doctrine. First, nothing in the assignments

---

[21] Plaintiffs argue that the assignments were sought because of the CDO Indenture Trustees' conflicts of interest. That the CDO Indenture Trustees may have been conflicted does not foreclose the fact that Plaintiffs' purpose in seeking the assignments was to pursue litigation. Plaintiffs understood that "because of those alleged conflicts of interests, absent [the assignments], these claims would not be brought against the RMBS trustees." (Fitzgerald Decl. Ex. 210, at 325:21-25; 326:1-7.) In any case, assigning a claim to avoid a conflict of interest does not mean the assignment is not champertous. *Cf. Justinian Capital SPC*, 28 N.Y.3d at 164 (finding an assignment void for champerty despite fact that assignment was made due to "fear of repercussions" associated with bringing a lawsuit against an entity owned by a government that granted assignor substantial financial support).

effects a transfer of title back to Plaintiffs of the RMBS certificates at issue. Other courts

considering New York champerty defenses have stated that "receiv[ing] [a] cause of action . . .

absent any related obligations or assets," which is precisely what Plaintiffs were assigned here, is

evidence of champerty. *BSC Assocs., LLC v. Leidos, Inc.*, 91 F. Supp. 3d 319, 329 (N.D.N.Y.

2015); *see also Koro Co. v. Bristol-Myers Co.*, 568 F. Supp. 280, 287–88 (D.D.C. 1983)

(finding, under New York law, that assignment was champertous in part because "the claim []

was not assigned along with all the other assets"). Second, the assignment agreements

themselves specifically identify that the purpose of the assignments was to allow Plaintiffs to

bring the claims alleged in the RMBS cases identified in the agreements by caption, which

include the claims in this case. For example, the June 26, 2015 assignment agreement states that

the assignment was sought "[i]n response to the *Opinion & Order* in *Phoenix Light SF Limited,

et al. v. U.S. Bank National Association, et al.*, 14-cv-10116 (KBF) (decided May 18, 2015)."

(Barry Decl. Ex. 29, at 2.) The presence of such language within the four corners of the

assignment is further evidence of champerty. *See Aretakis v. Caesars Entertainment*, No. 16-cv-

8751, 2018 WL 1069450, at *10 (S.D.N.Y. 2018) (holding assignment was void as champertous

where "portions of the purported assignment make plain that the purpose of the assignment was

to allow Plaintiff to prepare and file a lawsuit seeking to obtain the funds to which Plaintiff

claims [assignor] is entitled").

## 2. The *Love Funding Corporation* Exception

Plaintiffs make one argument in opposition to Defendant's champerty defense: that the

assignments are not void because Plaintiffs had a preexisting proprietary interest in the RMBS

certificates underlying this suit. (*See* Pls. Mem. 6–7 (citing *Love Funding Corp.*, 13 N.Y.3d at

29

195).)[22] Plaintiffs' sole attempt to identify this alleged proprietary interest, however, is

Plaintiffs' incorrect assertion that they merely pledged the RMBS certificates to the CDO

Indenture Trustees in the form of security agreements, and thus still retain title to the RMBS

certificates at issue. (*See* Pls. Mem. 3–7.) This assertion is inconsistent with *Phoenix Light I*,

where Judge Forrest concluded that the CDO Indentures constituted "a full assignment" of "'all .

. . right, title and interest' in the [RMBS] [C]ertificates," as well as the "'full power' to file

actions" regarding rights under the RMBS Certificates. *Phoenix Light I*, 2015 WL 2359358, at

*2. This conclusion constitutes law of the case, which I adopt in this Opinion & Order.

Even if I did not construe Judge Forrest's prior conclusion as law of the case, the

language in the CDO Indentures amounts to more than the pledge of a security interest. When

Plaintiffs resecuritized the RMBS certificates in order to issue new securities in the form of CDO

notes, they assigned title to the underlying RMBS certificates—and all associated litigation

rights—to the CDO Indenture Trustees; they did not "pledge" the certificates, and there is no

indication that Plaintiffs retained any interest in the RMBS certificates. This conclusion follows

from the language of the granting clauses in the CDO Indentures. For example, the granting

clause in the Blue Heron CDO Indenture states:

> The Issuer hereby Grants to the Indenture Trustee for the benefit of the Secured
> Parties, all of its right, title and interest in, to and under, in each case, whether now
> owned or existing, or hereafter acquired or arising:
>
> (a) all Underlying Assets and all payments thereon or with respect thereto, (b) all
> Accounts and the trust accounts . . . , all Eligible Investments and other property
> deposited therein or credited thereto, and all income from the investment of
> funds therein, . . . (e) all accounts, general intangibles, chattel papers,
> instruments, documents, goods, money, investment property, letters of credit,
> letter-of-credit rights, deposit accounts and oil, gas and other minerals related
> to the foregoing, (f) all other property of the Issuer, including any money,

---

[22] "Pls. Mem." refers to Plaintiffs' Memorandum of Law in Opposition to Bank of America, N.A.'s Motion for
Summary Judgment. (Doc. 320.)

> instruments, investment property, and other property delivered by the Co-
> Issuers to the Indenture Trustee, and
>
> (b) all proceeds, accessions, profits, income, benefits, substitutions and
> replacements, whether voluntary or involuntary, of and to any of the property
> of the Issuer described in the preceding clauses . . .

(Barry Decl. Ex. 31, at -540–541.)  The other agreements contain similar if not identical

language. *(See* Barry Decl. Exs. 32–38.)

The Second Circuit has stated in analogous circumstances that "a trust indenture transfers

legal title in securities to a trustee for the benefit of individual bondholders and other creditors."

*Nat'l Credit Union Admin. Bd.*, 898 F.3d at 248 n.25, 253 (describing the transfer of "all [] right,

title and interest in and to" the underlying securities as a "complete transfer").[23]  Even Plaintiffs'

primary authority, *House of Europe Funding I Limited*, concluded that a grant in a similar

indenture "was complete and not one for security." *House of Europe Funding I Ltd. v. Wells*

*Fargo Bank, N.A.*, No. 13-CV-519 RJS, 2015 WL 1472301, at \*7 (S.D.N.Y. Mar. 30, 2015); *see*

*also Triaxx Prime CDO 2006-1, Ltd. v. Bank of New York Mellon*, No. 16 CIV. 1597 (NRB),

2018 WL 1417850, at \*4 (S.D.N.Y. Mar. 8, 2018) ("Each CDO Issuer's 'Grant' of 'all of its

right, title and interest' in 'any and all . . . property' is broad enough to include the transfer of the

right to bring contract claims relating to any 'instruments [and] securities . . . including . . . the

Collateral Debt Securities. . . .'  These plaintiffs therefore lack standing to bring these contract

claims."), *aff'd sub nom. Triaxx Prime CDO 2006-1, Ltd. v. U.S. Bank Nat'l Ass'n*, 741 F. App'x

---

[23] The Second Circuit has indicated that such a transfer of title is in fact necessary to effectuate an issuer's goals, as the indenture "is used to settle the security interests on a single entity when it would be impractical to have the security run to the group of [note]holders directly or to have a separate security instrument for each [note]holder." *Nat'l Credit Union Admin. Bd.*, 898 F.3d at 248 n.25 (internal quotations and citation omitted).  This is especially true when entities, like Plaintiffs, are created to acquire and then resecuritize various distressed assets like the RMBS certificates. *(See* U.S. Bank 56.1 ¶ 19.)  After all, "[s]ecuritization is the process of converting assets into negotiable securities for resale in the financial market, allowing the issuing financial institution *to remove* assets from its books, and thereby improve its capital ratio and liquidity." *Nat'l Credit Union Admin. Bd.*, 898 F.3d at 247 n.10 (emphasis added).  Judge Forrest's prior description of Plaintiffs' resecuritization of the RMBS certificates is consistent with this conclusion. *See Phoenix Light II*, 2016 WL 1169515, at \*2.

31

857 (2d Cir. 2018); *Triaxx Prime CDO 2006-1, Ltd. v. Ocwen Loan Servicing, LLC*, No. 9:17-
CV-80203-CIV, 2017 WL 3701251, at *2–3 (S.D. Fla. Aug. 21, 2017) ("Courts evaluating
similar language have concluded that it constitutes a complete assignment that leaves the
assignor without standing to sue the obligor."), *report and recommendation adopted*, No. 9:17-
CV-80203, 2017 WL 4415912 (S.D. Fla. Oct. 4, 2017); *FDIC v. Bank of New York Mellon*, 15-
cv-6570-ALC, ECF No. 68 at 5–6 (S.D.N.Y. July 10, 2017) (summarizing its opinion in *FDIC v.
Citibank, N.A.*, 1:15-cv-6574, 2016 WL 8737356 (S.D.N.Y. Sept. 30, 2016), and stating, on a
motion for reconsideration, that its previous "holding that Plaintiff lacked standing was done on
grounds that 'a party who assigns rights is no longer the real party in interest with respect to an
action upon the instrument and retained no right to pursue a claim,'" *House of Europe*, 2015 WL
4190432 at *7, because Plaintiff's "claims for breach of the [PSAs] traveled to the
Resecuritization Trust as a result of its sale of the certificates");[24] *CRAFT EM CLO 2006-1, Ltd.
v. Deutsche Bank AG*, 34 N.Y.S.3d 7, 8 (N.Y. App. Div. 2016) ("However, in the indentures,
CRAFT granted nonparty HSBC Bank USA, as trustee, all of CRAFT's rights under the swap
agreements, including the right to bring actions and proceedings. Therefore, the motion court, on
the record before it, properly found that CRAFT lacked standing to sue."); *cf. Powell v. Ocwen
Fin. Corp.*, No. 18-CV-1951 (VSB), 2019 WL 1227939, at **5–6 (S.D.N.Y. Mar. 15, 2019)
(collecting breach of contract standing cases).

Plaintiffs further posit that "[a] CDO issuer . . . owns the underlying assets and is
therefore injured by action that adversely affect the underlying assets." (Pls. Mem. 3–7 (citing

---

[24] Plaintiffs' citation to this case for the proposition that "an assignment of claims does not divest [an] assignor of
Article III standing," (Pls. Mem. at 5), is blatantly misleading. First, the case actually stands for the opposite
proposition, as the opinion itself describes; and second, the opinion cited by Plaintiffs concluded that standing could
be satisfied only by means of a Federal Rule of Civil Procedure 17 ratification, which Plaintiffs have not pursued in
this case. *See FDIC v. Bank of New York Mellon*, 15-cv-6570-ALC, ECF No. 68 at 6–8 (S.D.N.Y. July 10, 2017).

32

*House of Europe Funding I, Ltd.*, 2014 WL 1383703, at *11).)  However, Plaintiff's legal

authority for this proposition is inapposite.  The *House of Europe Funding I, Limited* opinion—

Plaintiff's only authority on this point—cites to a First Department case, *Hildene Capital*

*Management, LLC*, which concluded that a CDO issuer satisfied standing requirements based on

its ownership of the underlying collateral securities pledged to an indenture trustee.  *See House*

*of Europe Funding I, Ltd.*, 2014 WL 1383703, at *11 ("As a New York court has observed, a

CDO issuer like HOE I owns the underlying assets and is therefore injured by actions that

adversely affect the underlying assets.  *Hildene Capital Mgmt., LLC v. Bank of N.Y. Mellon*, 963

N.Y.S.2d 38, 40 (App. Div. 2013).").  However, in *Hildene Capital Management, LLC*, the CDO

issuer's indenture specified that the CDO issuer "own[ed] and ha[d] good and marketable title to

the Collateral free and clear of any lien claim or encumbrance of any person," and thus preserved

the issuer's ownership of the underlying securities.  *Hildene Capital Management, LLC v. The*

*Bank of New York Mellon*, No. 650980/2010, 2012 WL 12300406, at *3 (N.Y. Sup. Ct. Aug. 24,

2012).  For this reason, the New York Supreme Court concluded that the CDO issuer remained

"the owner of all the assets held as collateral" under the indenture, *id.* at *4, a conclusion that the

First Department adopted, *see Hildene Capital Mgmt., LLC*, 963 N.Y.S.2d at 40.  Plaintiffs have

identified no analogous language in their own indentures, which is fatal to their argument.  *See*

*Triaxx Prime CDO 2006-1, Ltd. v. Bank of New York Mellon*, No. 16 CIV. 1597 (NRB), 2017

WL 1103033, at *4–5 (S.D.N.Y. Mar. 21, 2017) (rejecting an similar argument based on the

language from *House of Europe Funding I, Limited*, and stating that *Hildene Capital*

*Management, LLC* "did not create a rule that a CDO issuer retains the right to bring suit

regardless of what a governing indenture may say").

It is important to note that the unique facts in the Second Circuit's and New York Court

of Appeal's *Love Funding* opinions, which created the preexisting proprietary interest exception

to champerty doctrine, are readily distinguishable from the facts of the instant case. As

Defendants point out, in *Love Funding Corporation*, the plaintiff was a trust created pursuant to

a pooling and service agreement, and was assigned all "rights, title and interest in, to and under"

various mortgage loans subject to securitization for the purposes of issuing mortgage-backed

securities. *Love Funding Corp.*, 591 F.3d at 119. The plaintiff received the loans from an entity,

Paine Webber Real Estate Securities, Inc. ("Paine Webber"), that acquired the loans through a

conduit-lending arrangement with the defendant, the originator of the defaulted mortgage loan at

issue in the litigation. *Id.* at 118–19. The plaintiff's standing to bring the suit was premised on

Paine Webber's successor's assignment to plaintiff of its rights under the conduit-lending

arrangement with defendant, which included representations and warranties regarding the

defaulted mortgage loan, and indemnification. *Id.* Because the plaintiff —as a trust with title to

the underlying mortgages—had title to the defaulted mortgage loan at issue, plaintiff's

"preexisting proprietary interest" in the debt instrument giving rise to the suit was obvious; the

loan was indeed plaintiff's loan. *Id.* at 120–21. In the instant case, however, Plaintiffs ceded any

such title to the instruments giving rise to these claims when they executed the CDO Indentures.

Given the conclusion that the CDO Indentures effected a full transfer of Plaintiffs' right

and title to the RMBS certificates at issue, and my adoption of that conclusion here, it follows

that Plaintiffs conveyed any preexisting proprietary interest in the RMBS certificates to the CDO

Indenture Trustees upon executing the CDO Indentures. Thus, the reassignments back to

Plaintiffs of the CDO Indenture Trustees' rights to sue on the RMBS certificates do not fall

under the preexisting proprietary interest exception to the champerty doctrine articulated in *Love*

*Funding Corporation*, 13 N.Y.3d at 195. To the extent Plaintiffs could identify other preexisting

34

proprietary interests in the RMBS certificates, they have not done so here. I note that Plaintiffs

bring this action directly "in [their] own right as [] CDO Issuer[s] that hold[] Certificates that

were issued by certain of the Covered Trusts . . . ." (TAC ¶¶ 10–17.) Although Plaintiff Phoenix

Light originally attempted to sue derivatively in its capacity as controlling noteholder of the

CDO Plaintiffs, Plaintiffs amended their complaint and now only sue directly. *See Phoenix Light

II*, 2016 WL 1169515, at *4. Thus, any argument that Phoenix Light has a preexisting

proprietary interest in the RMBS certificates based on Phoenix Light's status as a noteholder is

not properly before me, and Plaintiffs have not made such an argument. Even if Plaintiffs did

posit such an interest, *Love Funding* did not address whether a plaintiff's security interest in a

CDO backed in part by RMBS certificates would qualify as a proprietary interest in the RMBS

certificates sufficient to defeat a champerty defense under New York law, and I make no such

finding here.

My rejection of Plaintiffs' preexisting proprietary interest argument, in conjunction with

my conclusion that there is no genuine dispute that Plaintiffs' purpose in seeking the assignments

was to initiate this litigation, renders the assignments at issue void under New York champerty

law. Accordingly, following the Second Circuit precedent outlined in Section III.A.1, *supra*, I

find that Plaintiffs lack both constitutional and prudential standing to bring this breach of

contract action.

## IV.    Conclusion

For the foregoing reasons, Defendant U.S. Bank's motion for summary judgment, (Doc.

243), is GRANTED, and Defendant U.S. Bank's motion for partial judgment on the pleadings,

(Doc. 139), is DENIED as moot. The Clerk of Court is respectfully directed to terminate the

open motions at Documents 139 and 243.

SO ORDERED.

Dated: March 18, 2020
New York, New York

Vernon S. Broderick
United States District Judge

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
PHOENIX LIGHT SF LIMITED, et al.,
                              Plaintiff,                    14 **CIVIL** 10116 (VSB)

              -against-                                     **JUDGMENT**

U.S. BANK NATIONAL ASSOCIATION and
BANK OF AMERICA, NA,
                              Defendant.
-------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated March 18, 2020, Defendant U.S. Bank's motion

for summary judgment (Doc. 243) is granted, and Defendant U.S. Bank's motion for partial

summary judgment on the pleadings, (Doc. 139) is denied.


**Dated:**  New York, New York
        March 18, 2020


                                        **RUBY J. KRAJICK**
                                        _____
                                        **Clerk of Court**
                              BY:
                                        _____
                                        **Deputy Clerk**

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                          :
PHOENIX LIGHT SF LIMITED, et al.,         :
                                          :
                           Plaintiffs,    :
                                          :
            - v -                         :
                                          :
U.S. BANK NATIONAL ASSOCIATION,           :
                                          :
                           Defendant.     :
                                          :
--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  8/12/2020
```

14-CV-10116 (VSB)

**OPINION & ORDER**

Appearances:

David H. Wollmuth
Lyndon M. Tretter
Steven S. Fitzgerald
Roselind F. Hallinan
Wollmuth Maher & Deutsch LLP
New York, NY

*Counsel for Plaintiffs*

Louis A. Chaiten
Jones Day
Cleveland, OH

David F. Adler
Michael T. Marcucci
Jones Day
Boston, MA

Samuel L. Walling
Jones Day
Minneapolis, MN

Albert J. Rota
Jones Day
Dallas, TX

*Counsel for Defendant U.S. Bank National Association*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiffs Phoenix Light SF Limited, Blue Heron Funding VI Ltd., Blue

Heron Funding VII Ltd., Kleros Preferred Funding V PLC, Silver Elms CDO PLC, Silver Elms

CDO II Limited, C-BASS CBO XIV Ltd., and C-BASS CBO XVII Ltd.'s (together "Plaintiffs")

motion pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, (Doc. 423),

seeking reconsideration of my March 18, 2020 Opinion & Order granting Defendant U.S. Bank's

("Defendant") motion for summary judgment, (Doc. 421), and alteration of the Clerk's

judgment. For the reasons that follow, Plaintiffs' motion is DENIED.

## I. Procedural History[1]

On April 15, 2020, Plaintiffs filed the instant motion for reconsideration and to alter the

judgment, supported by a memorandum of law. (Docs. 423, 424.) Defendant filed a

memorandum of law in opposition on May 14, 2020, (Doc. 430), and Plaintiffs filed their reply

memorandum of law on June 1, 2020, (Doc. 432). In addition to these submissions, I consider

the summary judgment record that was considered by me in connection with the Summary

Judgment Opinion & Order, as well as Judge Forrest's two motion to dismiss opinions and the

parties' submissions in connection with those opinions.

## II. Legal Standard

Generally, a party seeking reconsideration must show either "'an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent

---

[1] I assume the parties' familiarity with the background of this action, which is more fully set forth in Judge
Katherine B. Forrest's two motion to dismiss opinions, *see Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-
CV-10116 KBF, 2015 WL 2359358, at *1 (S.D.N.Y. May 18, 2015) ("*Phoenix Light I*"); *Phoenix Light SF Ltd., et
al. v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116 (KBF), 2016 WL 1169515 (S.D.N.Y. Mar. 22, 2016) ("*Phoenix Light
II*"), and my March 18, 2020 Opinion & Order granting Defendant U.S. Bank's motion for summary judgment, *see
Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-CV-10116 (VSB), 2020 WL 1285783 (S.D.N.Y. Mar. 18,
2020) ("Summary Judgment Opinion & Order").

manifest injustice.'" *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting *Doe v. NYC Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983))). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court." (citation omitted)). "Rather, 'the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys, Inc.*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

"Under Rule 59(e), a district court may 'alter or amend judgment to correct a clear error of law or prevent manifest injustice.'" *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (quoting *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (internal quotation marks omitted)). "The

3

'manifest injustice' standard is, by definition, 'deferential to district courts and provide[s] relief only in the proverbial "rare case."'" *Id.* (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). However, as the Second Circuit has observed, "a judgment in a civil case does not constitute 'manifest injustice' where the movant's arguments for relief 'were available to the [party] [] and [the party] proffer[s] no reason for [its] failure to raise the arguments.'" *Id.* (quoting *In re Johns–Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (internal quotation marks omitted)).

## III.    Discussion

Plaintiffs state that judgment was entered against them based upon "one thinly briefed issue: how champerty supposedly deprived the Court of Article III jurisdiction back in 2015 when Plaintiffs' indenture trustees assigned their rights to bring claims against U.S. Bank and other RMBS trustees." (Doc. 424, at 1.) Throughout Plaintiffs' motion for reconsideration, however, Plaintiffs mischaracterize the record, fail to identify any controlling decisions or data that were overlooked in the Summary Judgment Opinion & Order, and resort to new arguments not originally presented or suggested in their summary judgment briefing without justification.

### A. *Plaintiffs' Litigation Strategy*

Plaintiffs' litigation strategy throughout this case is critical to my analysis of the instant motion for reconsideration. As outlined by Judge Forrest in *Phoenix Light I*, Plaintiffs' CDO Indentures "indicate[d] that plaintiffs [were] contractually barred from directly asserting claims as to the [RMBS] certificates at issue in this action, and that such claims belong[ed] to the indenture trustees." *Phoenix Light I*, 2015 WL 2359358, at *2. Judge Forrest made this observation after concluding that the Granting Clauses in the CDO Indentures constituted a "full assignment" of Plaintiffs' rights, title, and interest in the RMBS Certificates. *Id.* (citing *Banque*

*Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 152 (2d Cir.
1995) (under New York law, a contract granting all "rights, title and interest" to another results
in a "transfer" of claims), and *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*,
731 F.2d 112, 125 (2d Cir. 1984) ("An unequivocal and complete assignment extinguishes the
assignor's rights . . . and leaves the assignor without standing to sue." (citation omitted)). In an
attempt to cure this standing defect, Plaintiffs obtained formal assignments from the CDO
Indenture Trustees and filed a Second Amended Complaint.

When faced with a subsequent motion to dismiss brought in part on champerty grounds,
although Plaintiffs had obtained formal assignments and argued that such assignments were
sufficient to satisfy the Court's standing inquiry, Plaintiffs maintained that the assignments were
not necessary, "respectfully submit[ting] . . . that the Granting Clauses to the [CDO I]ndentures
merely create[ed] a security interest," but did not deprive Plaintiffs of their rights in the RMBS
certificates. (Doc. 87, at 19.) Judge Forrest squarely rejected this argument, stating that "[s]uch
assignments were necessary" for Plaintiffs to pursue a third party beneficiary breach of contract
claim, because—through the CDO Indentures—Plaintiffs had "'[g]rant[ed] to the Indenture
Trustee[s]'" all their rights "in the underlying [RMBS] certificates." *Phoenix Light II*, 2016 WL
1169515, at \*7. Foreshadowing for Plaintiffs the importance of developing an adequate factual
record during discovery to support their argument of their standing to bring a third party
beneficiary breach of contract claim, and the significance of presenting adequate legal arguments
to address Defendant's champerty defense, Judge Forrest stated at the outset of *Phoenix Light II*
that "[t]he bulk of the briefing, and the most difficult question for the Court . . . , is, as it had
been in the first round of motion practice, standing." *Phoenix Light II*, 2016 WL 1169515, at \*1.
Judge Forrest then denied the motion to dismiss on champerty grounds without prejudice, noting

5

that she could not resolve the "factually-based" affirmative defense on a motion to dismiss, and indicating that whether Plaintiffs "had a preexisting proprietary interest" in the RMBS certificates would be a dispositive issue on summary judgment. *Id.* (quoting *Tr. for the Certificate Holders of Merrill Lynch Mortg. Inv'rs, Inc. v. Love Funding Corp.*, 13 N.Y.3d 190, 202 (2009) (answering certified question from Second Circuit)).

On summary judgment, however, Plaintiffs continued to press their already twice-rejected argument that the CDO Indenture's Granting Clauses did not effect a full assignment of their rights in the RMBS certificates, and relied solely on that strategy to oppose Defendant's champerty defense. More specifically, Plaintiffs argued that despite the Granting Clauses, they continued to "hold securities, including RMBS," (Pl. Mem. 4),[2] and that "while the Plaintiffs pledged their assets (*i.e.*, the RMBS) to their respective indenture trustees as collateral for their obligations under their own securities, the ownership of the RMBS remained with Plaintiffs." (Pl. Mem. 4.) On this basis, and only on this basis, Plaintiffs argued that they "ha[d] property interests in the RMBS certificates at issue," (Pl. Mem. 6), and that they "entered into the assignments to protect their pre-existing interests in the certificates," (*id.* at 7), such that the assignments were not champertous, (*id.* at 6–7). During Oral Argument, Plaintiffs continued to press this argument as the basis for standing:

> I think that the problem that we're having, the disconnect, the two trains passing in the night, is the misunderstanding of what the grant was. The grant was of a security interest, in other words, you have a CDO, an issuer, and it issues notes to various people, and those notes need to be secured by something, and they're secured by collateral, and the collateral happens to be the RMBS certificates. But the note issuer, the one who is getting the debt or getting the money, still owns it, it's pledging it. It's a pledge, as this document says, it's a grant in trust to an indenture trustee—which is not a real trust, it's not an express trust—. . . but the ownership, the fee remains at all times—even if not the possession—the ownership interest,

[2] "Pls. Mem." refers to Plaintiffs' Memorandum of Law in Opposition to Bank of America, N.A.'s Motion for Summary Judgment. (Doc. 320.)

6

the propriety interest for our purposes, remains with the issuer at all times from the
very beginning of the day that it issues notes.

(Oral Arg. Tr. 10:6-21.)[3] This argument was not only addressed and defeated by Judge Forrest's

two motion to dismiss opinions rejecting Plaintiffs' reading of the CDO Indentures—which I

adopted as law of the case—the argument was also incorrect in light of the multiple analogous

cases—which I will not recite again here—holding that the language in the Granting Clauses

effected a complete transfer of Plaintiffs' rights. (*See* Summary Judgment Opinion & Order 31–

32.)[4] It was based upon this background set forth in the record described above that I stated the

following:

> Given the conclusion that the CDO Indentures effected a full transfer of Plaintiffs'
> right and title to the RMBS certificates at issue, and my adoption of that conclusion
> here, it follows that Plaintiffs conveyed any preexisting proprietary interest in the
> RMBS certificates to the CDO Indenture Trustees upon executing the CDO
> Indentures. Thus, the reassignments back to Plaintiffs of the CDO Indenture
> Trustees' rights to sue on the RMBS certificates do not fall under the preexisting
> proprietary interest exception to the champerty doctrine articulated in *Love Funding
> Corporation*, 13 N.Y.3d at 195. To the extent Plaintiffs could identify other
> preexisting proprietary interests in the RMBS certificates, they have not done so
> here.

(*Id.* 34–35.)[5]

---

[3] "Oral Arg. Tr." refers to the transcript of Oral Argument held on October 26, 2018. (Doc. 380.)

[4] The fact that Plaintiffs continued to press an already twice-rejected strategy underscores a central theme of
standing jurisprudence, which involves a "judicial effort to ensure, in every case or controversy, 'that concrete
adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.'"
*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 288 (2008) (quoting *Baker v. Carr*, 369 U.S. 186,
204 (1962) and citing *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007) ("At bottom, the gist of the question of
standing is whether petitioners have such a personal stake in the outcome of the controversy as to assure that
concrete adverseness" (internal quotation marks omitted)). Plaintiffs failed to bring forth that concrete adverseness,
which in the end was fatal to their claims.

[5] Also crucial to my Summary Judgment Opinion & Order was the fact that Plaintiffs' summary judgment
opposition papers and Local Civil Rule 56.1 statement identified no genuine factual dispute regarding Plaintiffs'
purpose in obtaining the assignments from the CDO Indenture Trustees. Indeed, as summarized in the Summary
Judgment Opinion & Order, Plaintiffs did not offer any properly supported factual assertions to meet Defendant's
assertions on this score. Instead, Plaintiffs continued to point to the Granting Clauses in the CDO Indentures,
relying exclusively on the legal argument that they owned the relevant RMBS certificates in an attempt to satisfy the
*Love Funding* exception to New York's champerty rule.

## B. *Plaintiffs' New Summary Judgment Arguments*

Given the above history, I find unavailing Plaintiffs' contention that they "did not have reason to address many of the [standing] issues" raised in my Summary Judgment Opinion & Order. (Doc. 424, at 5.) In their motion for reconsideration, however, Plaintiffs press myriad new arguments as to why the *Love Funding* exception applies in this case, none of which I can consider. In the Second Circuit, a party that fails to raise an argument in its opposition papers on a motion for summary judgment has waived that argument. *See Triodetic Inc. v. Statue of Liberty IV, LLC*, 582 Fed. Appx. 39, 40 (2d Cir. 2014) (summary order) ("[P]laintiff never raised these arguments in its opposition to defendants' motion for summary judgment. Accordingly, these arguments were waived."); *Aiello v. Stamford Hosp.*, 487 Fed. Appx. 677, 678 (2d Cir. 2012) (summary order) ("The premise of our adversarial system is that courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argument by the parties before them." (quoting *Coalition on W. Valley Nuclear Wastes v. Chu*, 592 F.3d 306, 314 (2d Cir. 2009) (quotation marks omitted)); *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) ("[The plaintiff] failed to . . . raise this argument in his opposition to summary judgment. Thus, this argument has been waived."). Similarly, in the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also* Local Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P.

56(c)."); Fed. R. Civ. P. 56(c)(1)(a) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."). Furthermore, Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute." *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470–71 (2d Cir. 2002). Instead, that was Plaintiffs' task on summary judgment, especially in this context where "[t]he party invoking federal jurisdiction bears the burden" to establish standing, *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992), and where Plaintiffs' lack of standing was forecast to be a dispositive issue on summary judgment after two motion to dismiss opinions addressing the potential pitfalls in Plaintiffs' standing argument. (*See also* Summary Judgment Opinion & Order 22 ("Although "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, . . . [i]n response to a summary judgment motion . . . the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts . . . " *Lujan*, 504 U.S. at 561 (internal quotations and citations omitted).").) Tellingly, Plaintiffs' motion for reconsideration does not even attempt to identify where in their summary judgment papers the arguments they are now urging me to consider were originally presented, and my review of those papers confirms that Plaintiffs rested entirely on their interpretation of the CDO Indentures' Granting Clauses when making their standing argument. Plaintiffs' new legal theories and factual propositions are thus improper on a motion for reconsideration.

Nor do Plaintiffs' arguments demonstrate manifest injustice, as Plaintiffs provide no real justification for their failure to raise these arguments—which were no doubt available earlier—in

9

their summary judgment briefing. Instead, Plaintiffs state only that they "did not have reason to address," (Doc. 424, at 5), these issues in light of the "thinly briefed" nature of Defendant's opening brief, (*id.* at 1). Again, however, the history of this case together with the litigation strategy Plaintiffs elected in response undermines any notion that Plaintiffs were justified in failing to raise these arguments.

### C. *Plaintiffs' Attempt to Demonstrate Clear Error*

Plaintiffs make various arguments in an attempt to demonstrate clear error, each of which I find meritless. However, for the sake of further clarifying the Summary Judgment Opinion & Order, I will address two of Plaintiffs' arguments.

Plaintiffs argue that I conflated Article III standing and prudential standing, stating that

[c]onstitutional standing is jurisdictional; it is not dependent on what type of cause of action (contract or tort) the plaintiff may (or may not) be able to state as a matter of Fed. R. Civ. P. 12(b)(6) so long as the plaintiff has some legally protectable interest that may potentially be redressed if he, she or it also meets the requirements of prudential standing.

(Doc. 424, at 11.) However, Article III standing jurisprudence is more nuanced than Plaintiffs represent. In fact, "[s]tanding is not dispensed in gross[;] [r]ather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (internal quotation marks and citations omitted); *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 42 (2d Cir. 2015); (*see also* Summary Judgment Opinion & Order 22). In this case, Plaintiffs asserted breach of contract claims—the contracts being the pooling and servicing agreements ("PSAs") that governed Defendant's duties—but because Plaintiffs were not parties to the PSAs, Plaintiffs' claims were premised on their status as third party beneficiaries to the PSAs by virtue of their alleged direct ownership of the RMBS certificates. (Third Amended Complaint, Doc. 209 ¶¶ 10–17 (Plaintiff bring these

10

claims "in [their] own right as [ ] CDO Issuer[s] that hold[ ] Certificates that were issued by
certain of the Covered Trusts . . . .").) Because Plaintiffs asserted only breach of contract claims
premised on the direct ownership of the RMBS certificates, to "have legal title to, or a
proprietary interest in, the [contract] claim[s] [at issue]," *Cortlandt St. Recovery Corp.*, 790 F.3d
at 420 (quoting *W.R. Huff Asset Mgmt. Co., LLC*, 549 F.3d at 108), Plaintiffs would indeed need
to directly own the RMBS certificates; such direct ownership being the only means by which
Plaintiffs could be considered third party beneficiaries to the PSAs. Because the inevitable result
of the Granting Clauses in the CDO Indentures was an absence of such ownership, Plaintiffs
simply had no contract rights to vindicate, and therefore lacked Article III standing to bring
breach of contract claims in the absence of a valid assignment. *See Cortlandt St. Recovery
Corp.*, 790 F.3d at 422 ("[A]bsent a complete assignment of the only claims on which the lawsuit
was based, there was no valid lawsuit pending before the district court in which to permit an
amended complaint.").[6]

> Plaintiffs seek to escape this conclusion with the following argument:

> The plaintiff in *Cortlandt Street Recovery* claimed that it was an assignee for
> collection with Article III standing pursuant to *Sprint Commc'ns Co., L.P. v. APCC
> Services, Inc*, 554 U.S. 269 (2008). *See Cortlandt St. Recovery*, 790 F.3d at 417-
> 18. It did not claim "direct injury," as Plaintiffs do here. *Id.* The Second Circuit
> held that because of a defect in language in the assignment for collection, the
> plaintiff there received only a power of attorney to sue, not a chose in action in
> which it acquired a proprietary interest; therefore, it could not allege injury-in-fact.
> *Id.* at 418. Although cited numerous times in the [Summary Judgment Opinion &]
> Order, *Cortlandt Street Recovery* is irrelevant to the constitutional standing of the
> CDO Issuers.

(Doc. 424, at 11 n.6.) Not so. Plaintiffs' error in reading the Summary Judgment Opinion &

---

[6] In Part III(A)(1) and at footnote 20 of the Summary Judgment Opinion & Order, I describe in more detail why—
given the fact that Plaintiffs' only claims are breach of contract claims—Second Circuit precedent has relied on both
Article III standing and prudential standing doctrines in this context. Plaintiffs' argument that I conflated these
principles is of no moment, however, because the Summary Judgment Opinion & Order concluded that Plaintiffs
lacked both constitutional and prudential standing to bring this breach of contract action.

11

Order lies in their Sisyphean attempt to continue arguing that they directly owned the RMBS certificates despite executing the CDO Indentures, which would establish a "direct injury." But again, the lack of such ownership left Plaintiffs with no contract rights to pursue such that a valid assignment was necessary to establish Article III standing per *Cortlandt Street Recovery* and *Sprint*.

Plaintiffs' next error is their assertion that I "concluded, erroneously, that the pre-existing proprietary interest that brings a plaintiff within the exception to champerty announced in *Love Funding* is identical to the injury-in-fact that is required to establish Article III standing." (Doc. 424, at 9.) I made no such conclusion. Instead, the Summary Judgment Opinion & Order assessed Plaintiffs' only attempt to identify a pre-existing proprietary interest—their alleged continued ownership of the RMBS certificates—and concluded that because Plaintiffs' argument was invalid, Plaintiff failed to identify any pre-existing proprietary interest sufficient to uphold the assignments under *Love Funding*. (*See* Summary Judgment Opinion & Order 34–35.) Accordingly, because the assignments that gave rise to Plaintiffs' standing were void under New York champerty law the two inquiries collapsed, but only by Plaintiffs' design. In fact, it was Plaintiffs that initially intertwined the pre-existing proprietary interest exception to champerty and Article III's injury-in-fact requirement by citing only their interpretation of the CDO Indentures' Granting Clauses to satisfy both tests.

12

## IV.     Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration and to amend the

judgment is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion

at Document 423.

SO ORDERED.

Dated:  August 12, 2020
         New York, New York

Vernon S. Broderick
United States District Judge

13

# EXHIBIT 4

# MANDATE

20-1312-cv
*Phoenix Light SF DAC, et al. v. U.S. Bank National Association*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
                   ROSEMARY S. POOLER,
                   JOSEPH F. BIANCO,
                                           *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/29/202__

---

PHOENIX LIGHT SF DAC *et al.*,

                   *Plaintiffs-Appellants,*                    20-1312-cv

            v.

U.S. BANK NATIONAL ASSOCIATION,

                   *Defendant-Appellee.*[*]

---

**FOR PLAINTIFFS-APPELLANTS:**          WILLIAM A. MAHER (David H. Wollmuth,
                                                          Lyndon M. Tretter, Steven S. Fitzgerald, *on the
                                                          brief*), Wollmuth Maher & Deutsch LLP, New
                                                          York, NY

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

MANDATE ISSUED ON 11/29/2021

**FOR DEFENDANT-APPELLEE:** LOUIS A. CHAITEN (Amanda R. Parker, David F. Adler, Michael T. Marcucci, *on the brief*) Jones Day, Cleveland, OH, Boston, MA.

Appeal from orders of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED.**

Plaintiffs—Phoenix Light SF Limited ("Phoenix Light"), Blue Heron Funding VI Ltd., Blue Heron Funding VII Ltd., Kleros Preferred Funding V PLC, Silver Elms CDO PLC, Silver Elms CDO II Limited, C-Bass CBO XIV Ltd., and C-bass CBO XVII Ltd.— appeal orders granting summary judgment and denying reconsideration.

Plaintiffs are issuers of collateralized debt obligations ("CDOs"), who bring breach of contract claims, alleging that they have suffered losses from their investments in certain Residential Mortgage Backed Securities ("RMBS") trusts. Defendant U.S. Bank National Association is one of the RMBS trustees. Plaintiffs purchased RMBS certificates from third parties and then used those RMBS certificates as collateral to back the CDO notes they issued. Plaintiffs transferred their RMBS certificates to CDO Indenture Trustees and conveyed to them "all . . . right, title, and interest" in the certificates. Special App. 64–65. When Plaintiffs initially filed suit, the District Court (Katherine B. Forrest, *Judge*) dismissed the complaint for lack of standing. The CDO Indenture Trustees subsequently assigned the rights to pursue these claims back to the Plaintiffs, the Plaintiffs filed an amended complaint, and the District Court allowed the matter to proceed to discovery. The matter was re-assigned, and the District Court (Vernon S. Broderick, *Judge*) granted Defendant's motion for summary judgment. The District Court found the assignments champertous under New York law, rendering them invalid and leaving Plaintiffs without standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo. *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 846 F.3d 58, 63 (2d Cir. 2017). We review a district court's denial of a motion for reconsideration for an "abuse of discretion." *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 177 (2d Cir. 2015); *see generally, In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008).

A.

Where, as here, a case presents questions of both constitutional and prudential standing, "we may assume Article III standing and address 'the alternative threshold question' of whether a party has prudential standing." *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004)). Because Plaintiffs granted

the CDO Indenture Trustees "all of [their] right, title, and interest" in the RMBS certificates, valid assignments—from the CDO Indenture Trustees back to the Plaintiffs—of the right to bring claims against the RMBS trustees were necessary in order for Plaintiffs to have prudential standing. Special App. 64–65. Defendant argues that the assignments made were invalid because they constituted champerty under New York Judiciary Law § 489. Based on the factual findings of the District Court, it is clear that the assignments made were indeed champertous, as they were made "with the intent and for the primary purpose of bringing a lawsuit." *Justinian Cap. SPC v. WestLB AG*, 28 N.Y.3d 160, 163 (N.Y. 2016). For substantially the reasons given by Judge Broderick, we conclude the assignments were therefore invalid.

Plaintiffs argue that they had a "preexisting proprietary interest" in the RMBS certificates and the assignments were therefore valid under *Trust for the Certificate Holders of Merrill Lynch Mortgage Investors, Inc. v. Love Funding Corp.*, 13 N.Y.3d 190, 195 (N.Y. 2009) ("We hold that a corporation or association that takes an assignment of a claim does not violate Judiciary Law § 489(1) if its purpose is to collect damages, by means of a lawsuit, for losses on a debt instrument in which it holds a preexisting proprietary interest."). But Plaintiffs cannot point to sufficient facts in the record to raise a question of material fact that they had such a "preexisting proprietary interest."

Three aspects of Plaintiffs' arguments are noteworthy. *First*, to the degree they claim some sort of residual ownership interest in the RMBS certificates, Plaintiffs run up against both the particular language of their CDO indentures and the law of our Circuit, which support the conclusions of both Judge Forrest and Judge Broderick that a grant of "all . . . right, title, and interest" to an indenture trustee is a "complete transfer," *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 253 (2d Cir. 2018). A CDO making such a grant "convey[s] *in toto* all interest that they had . . . in the Underlying Securities." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, No. 14-CV-9928 (KBF), 2016 WL 796850, at *8 (S.D.N.Y. Feb. 25, 2016), *aff'd*, 898 F.3d 243 (2d Cir. 2018). *Second*, Plaintiffs' arguments based on various obligations they have under the indentures were plainly not made in their opposition to summary judgment. We decline Plaintiffs' invitation to reach those arguments now. *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) ("[Plaintiff] failed to . . . raise this argument in his opposition to summary judgement. Thus, this argument has been waived."). *Third*, Plaintiffs essentially entwine discussions of Article III standing and the *Love Funding* champerty analysis, arguing that because their interests in the underlying securities suffice for Article III standing, those same interests must qualify them for the *Love Funding* "exception." We reject that proposition, which is without support in case law. Moreover, unlike the plaintiff in *Love Funding*, who held the underlying loan at issue, here Plaintiffs retain no ownership interest in the RMBS certificates.

B.

Separately, Plaintiffs contend that Phoenix Light's Trust Agreement with Deutsche Bank was different than the indenture agreements of the other Plaintiffs insofar as Section 3.7 of the Trust

3

Agreement authorized Phoenix Light "to collect or have collected . . . or otherwise exercise or deal with (which terms shall, for the avoidance of doubt, include the enforcement of any security) the rights pledged under Clause 3.2." App. 2580. Plaintiffs conclude that "[t]his means that, from the very beginning of this case, Phoenix Light indisputably had *both* Article III and contractual standing to sue on claims relating to RMBS Certificates—Phoenix Light did not grant 'all . . . right, title, and interest' to the claims and retained authority to sue." Appellant's Br. 55. That is not so. Phoenix Light *did* grant "all . . . right, title, and interest" in their "Account Collateral" (including the CDO notes they held and RMBS certificates at issue in this case) to their trustee, Deutsche Bank. *See* App. 2558-59, 2577-78. The Trust Agreement and U.S. Security Agreement leave no daylight between Phoenix Light and the other CDO plaintiffs for the purposes of the champerty analysis.

C.

Plaintiffs amended their notice of appeal to include the District Court's Opinion and Order denying their Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, but they appear to abandon this aspect of their appeal in briefing. Regardless, we find no indication that the District Court abused its discretion in denying that motion. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[T]he standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. Denials of motions for reconsideration are reviewed only for abuse of discretion." (internal quotation marks omitted) (second alteration in original)).

**CONCLUSION**

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 18, 2020 and August 12, 2020 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

**A True Copy**
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

# Appendix A

# Appendix B.I



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 6/19/2017
**INVOICE #** 060117-468845

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Scott Strodthoff
**DATE:** 6/1/2017
**LOCATION:** Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 255 | $3.35 | $854.25 |
| Certified Transcript - 2 Day Delivery | 255 | $4.50 | $1,147.50 |
| Local Real-time Transcription | 255 | $1.50 | $382.50 |
| Rough Transcript | 255 | $1.50 | $382.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - Scanned & Hyperlinked - B&W | 339 | $0.10 | $33.90 |
| Exhibits - Scanned & Hyperlinked - Color | 289 | $1.50 | $433.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $3,234.15 |
| | | SHIPPING & HANDLING | $17.50 |
| | | TOTAL | $3,251.65 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 6/19/2017
**INVOICE #** 060117-468846

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

| | |
|---|---|
| **CASE:** | Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA |
| **WITNESS:** | Scott Strodthoff |
| **DATE:** | 6/1/2017 |
| **LOCATION:** | Minneapolis, MN |

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 6 | $95.00 | $570.00 |
| Certified - MPEG - Complimentary | 6 | $50.00 | $0.00 |
| | | SUBTOTAL | $570.00 |
| | | SHIPPING & HANDLING | $17.50 |
| | | **TOTAL** | $587.50 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:       TSG REPORTING, INC.

| | |
|---|---|
| Payment Initiated: | 06/28/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 8,039.50 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 060117-468845 | 06/19/2017 | 3,251.65 |
| 060117-468846 | 06/19/2017 | 587.50 |
| 060217-468853 | 06/19/2017 | 3,685.35 |
| 060217-468854 | 06/19/2017 | 515.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



# INVOICE

**DATE:** 6/29/2017
**INVOICE #** 060917-349556

**Worldwide · 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**   Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Eve D. Kaplan
**DATE:**   6/9/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 300 | $3.35 | $1,005.00 |
| Certified Transcript - Early AM Pages | 46 | $1.25 | $57.50 |
| Local Real-time Transcription | 300 | $1.50 | $450.00 |
| Rough Transcript | 300 | $1.50 | $450.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - Scanned & Hyperlinked - B&W | 565 | $0.10 | $56.50 |
| Exhibits - Scanned & Hyperlinked - Color | 153 | $1.50 | $229.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |

| | SUBTOTAL | $2,248.50 |
|---|---|---|
| | SHIPPING & HANDLING | $17.50 |
| | TOTAL | $2,266.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide · 24 Hours
(877) 702-9580
www.tsgreporting.com**

# INVOICE

**DATE:** 6/29/2017
**INVOICE #** 060917-349557

**Bill To:** Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Eve D. Kaplan
**DATE:** 6/9/2017
**LOCATION:** Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $17.50 |
| | | TOTAL | $492.50 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:              TSG REPORTING, INC.

Payment Initiated:    07/07/2017
Vendor Number:        253931
Jones Day ID:            011101
Total Amount:           2,758.50
Currency:                 USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 060917-349556 | 06/29/2017 | 2,266.00 |
| 060917-349557 | 06/29/2017 | 492.50 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**INVOICE**

DATE: 6/30/2017
INVOICE # 061317-469372

Worldwide - 24 Hours
(877) 702-9580
www.tsgreporting.com

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Timothy G. Pillar
**DATE:**       6/13/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 298 | $3.35 | $998.30 |
| Local Real-time Transcription | 298 | $1.50 | $447.00 |
| Rough Transcript | 298 | $1.50 | $447.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - Scanned & Hyperlinked - B&W | 185 | $0.10 | $18.50 |
| Exhibits - Scanned & Hyperlinked - Color | 219 | $1.50 | $328.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |

| | |
|---|---|
| SUBTOTAL | $2,239.30 |
| SHIPPING & HANDLING | $50.00 |
| TOTAL | $2,289.30 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 6/30/2017
**INVOICE #** 061317-469373

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Timothy G. Pillar
**DATE:**        6/13/2017
**LOCATION:**    Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $515.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:              TSG REPORTING, INC.

Payment Initiated:    07/17/2017
Vendor Number:       253931
Jones Day ID:           011101
Total Amount:          5,909.90
Currency:                 USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
| --- | --- | --- |
| 061317-469372 | 06/30/2017 | 2,289.30 |
| 061317-469373 | 06/30/2017 | 515.00 |
| 061417-469378 | 06/30/2017 | 1,879.45 |
| 061417-469379 | 06/30/2017 | 507.50 |
| 061617-601920 | 06/30/2017 | 718.65 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/17/2017
**INVOICE #** 061517-469732

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Brian C. Tri
**DATE:** 6/15/2017
**LOCATION:** Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Certified Transcript | 328 | $3.35 | $1,098.80 |
| Local Real-time Transcription | 328 | $1.50 | $492.00 |
| Rough Transcript | 328 | $1.50 | $492.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 785 | $0.30 | $235.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 785 | $0.15 | $117.75 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | **SUBTOTAL** | $2,436.05 |
| | | **SHIPPING & HANDLING** | $50.00 |
| | | **TOTAL** | $2,486.05 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/17/2017
**INVOICE #** 061517-469733

**Bill To:**  Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**  Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**  Brian C. Tri
**DATE:**  6/15/2017
**LOCATION:**  Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | **TOTAL** | $515.00 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:                 TSG REPORTING, INC.

Payment Initiated:   07/28/2017
Vendor Number:      253931
Jones Day ID:           011101
Total Amount:          5,224.85
Currency:                 USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|----------------|--------------|-------------|
| 061517-469732  | 07/17/2017   | 2,486.05    |
| 061517-469733  | 07/17/2017   | 515.00      |
| 063017-469769  | 07/18/2017   | 1,818.80    |
| 063017-469770  | 07/18/2017   | 405.00      |
| **Total**      |              | 5,224.85    |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide • 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/13/2017
**INVOICE #** 062117-349879

**Bill To:**  Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**  Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**  Edward M. Frere
**DATE:**  6/21/2017
**LOCATION:**  Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 335 | $3.35 | $1,122.25 |
| Local Real-time Transcription | 335 | $1.50 | $502.50 |
| Rough Transcript | 335 | $1.50 | $502.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 150 | $0.30 | $45.00 |
| Exhibits - OCR Processing - Color | 84 | $0.50 | $42.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 150 | $0.15 | $22.50 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 84 | $2.50 | $210.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,446.75 |
| | | SHIPPING & HANDLING | $50.00 |
| | | TOTAL | $2,496.75 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/13/2017
**INVOICE #** 062117-349880

**Bill To:**     Nancy Adamczyk
                Jones Day
                North Point
                901 Lakeside Avenue
                Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Edward M. Frere
**DATE:**       6/21/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 6 | $95.00 | $570.00 |
| Certified - MPEG - Complimentary | 6 | $50.00 | $0.00 |
| | | SUBTOTAL | $570.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $610.00 |

Please make all checks payable to: TSG Reporting, Inc.     Federal ID # 41-2085745
— ·· – Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| Beneficiary: | TSG REPORTING, INC. |
|---|---|

| Payment Initiated: | 07/19/2017 |
|---|---|
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 3,106.75 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 062117-349879 | 07/13/2017 | 2,496.75 |
| 062117-349880 | 07/13/2017 | 610.00 |
| **Total** | | **3,106.75** |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/18/2017
**INVOICE #** 062917-700582

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Elisabeth A. Brewster
**DATE:**        6/29/2017
**LOCATION:**    Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 313 | $3.35 | $1,048.55 |
| Local Real-time Transcription | 313 | $1.50 | $469.50 |
| Rough Transcript | 313 | $1.50 | $469.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 625 | $0.30 | $187.50 |
| Exhibits - OCR Processing - Color | 5 | $0.50 | $2.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 625 | $0.15 | $93.75 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 5 | $2.50 | $12.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,283.80 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $2,316.30 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# REPORTING

# INVOICE

**DATE:** 7/18/2017
**INVOICE #** 062917-700583

**Bill To:**      Nancy Adamczyk
                  Jones Day
                  North Point
                  901 Lakeside Avenue
                  Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Elisabeth A. Brewster
**DATE:**        6/29/2017
**LOCATION:**    Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $32.50 |
| | | **TOTAL** | $507.50 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| Beneficiary: | TSG REPORTING, INC. |
|---|---|

| Payment Initiated: | 08/07/2017 |
|---|---|
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 4,060.85 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 062917-700582 | 07/18/2017 | 2,316.30 |
| 062917-700583 | 07/18/2017 | 507.50 |
| 071417-350241 | 07/31/2017 | 1,022.05 |
| 071417-350242 | 07/31/2017 | 215.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/31/2017
**INVOICE #** 071217-469951

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

| | |
|---|---|
| **CASE:** | Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA |
| **WITNESS:** | Jessica Elliott |
| **DATE:** | 7/12/2017 |
| **LOCATION:** | Chicago, IL |

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 404 | $3.35 | $1,353.40 |
| Local Real-time Transcription | 404 | $1.50 | $606.00 |
| Rough Transcript | 404 | $1.50 | $606.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 697 | $0.30 | $209.10 |
| Exhibits - OCR Processing - Color | 366 | $0.50 | $183.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 697 | $0.15 | $104.55 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 366 | $2.50 | $915.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | **SUBTOTAL** | $3,977.05 |
| | | **SHIPPING & HANDLING** | $25.00 |
| | | **TOTAL** | $4,002.05 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

**DATE:** 7/31/2017
**INVOICE #** 071217-469952

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**      Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Jessica Elliott
**DATE:**      7/12/2017
**LOCATION:**  Chicago, IL

**Billing Comments / Instructions:**

| **SHIP VIA** | Overnight | **TERMS** | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $500.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |

| | |
|---|---|
| Payment Initiated: | 08/09/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 4,502.05 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 071217-469951 | 07/31/2017 | 4,002.05 |
| 071217-469952 | 07/31/2017 | 500.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/31/2017
**INVOICE #** 071317-470019

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

| | |
|---|---|
| **CASE:** | Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA |
| **WITNESS:** | Shannon Rantz / Shannon Rantz - Phoenix Light |
| **DATE:** | 7/13/2017 |
| **LOCATION:** | Minneapolis, MN |

**Billing Comments / Instructions:**

| **SHIP VIA** | Overnight | **TERMS** | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 342 | $3.35 | $1,145.70 |
| Local Real-time Transcription | 342 | $1.50 | $513.00 |
| Rough Transcript | 342 | $1.50 | $513.00 |
| Compressed / ASCII / Word Index - Complimentary | 2 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 837 | $0.30 | $251.10 |
| Exhibits - OCR Processing - Color | 295 | $0.50 | $147.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 837 | $0.15 | $125.55 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 295 | $2.50 | $737.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | **SUBTOTAL** | $3,433.35 |
| | | **SHIPPING & HANDLING** | $80.00 |
| | | **TOTAL** | $3,513.35 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc. 747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/31/2017
**INVOICE #** 071317-470020

**Bill To:**  Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Shannon Rantz / Shannon Rantz - Phoenix Light
**DATE:** 7/13/2017
**LOCATION:** Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 6 | $95.00 | $570.00 |
| Certified - MPEG - Complimentary | 6 | $50.00 | $0.00 |
| | | SUBTOTAL | $570.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $610.00 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          TSG REPORTING, INC.

Payment Initiated:    08/11/2017
Vendor Number:        253931
Jones Day ID:         011101
Total Amount:         4,123.35
Currency:             USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 071317-470019 | 07/31/2017 | 3,513.35 |
| 071317-470020 | 07/31/2017 | 610.00 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**INVOICE**
Page 1

**Phone:** 877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

Attn: NANCY ADAMCZYK

| | |
|---|---|
| **Invoice #:** | M-147397 |
| **Invoice Date:** | 08/31/17 |
| **Our Order #:** | MP-133478-01 |
| **Customer #:** | 101029 |

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 07/14/17 | | | | |
| Deponent: Michael Mikolajczak | | | | |
| Deposition Transcript - Copy | 394 | PAGE | $3.50 | $1,379.00 |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Interactive Realtime | 347 | EACH | $1.25 | $433.75 |
| Rough ASCII | 347 | EACH | $1.20 | $416.40 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |

| | |
|---|---|
| **Subtotal:** | $2,309.15 |
| **Sales Tax** | $0.00 |
| **Total Invoice USD** | $2,309.15 |

**Depo Location:** 250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

**REMIT TO:**
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮0248
Beneficiary Account #: ▮6904
Beneficiary Name: DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| Beneficiary: | DTI |
|---|---|

| Payment Initiated: | 09/20/2017 |
|---|---|
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 10,841.95 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-147397 | 08/31/2017 | 2,309.15 |
| M-147404 | 08/31/2017 | 1,876.55 |
| M-147586 | 08/31/2017 | 2,047.15 |
| M-147588 | 08/31/2017 | 1,457.50 |
| M-147593 | 08/31/2017 | 1,275.00 |
| M147592 | 08/31/2017 | 1,876.60 |
| **Total** | | 10,841.95 |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide – 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 7/31/2017
**INVOICE #** 071417-350241

**Bill To:** Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Shannon M. Rantz
**DATE:** 7/14/2017
**LOCATION:** Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 115 | $3.35 | $385.25 |
| Certified Transcript - Early AM Pages | 50 | $1.25 | $62.50 |
| Local Real-time Transcription | 115 | $1.50 | $172.50 |
| Rough Transcript | 115 | $1.50 | $172.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 114 | $0.30 | $34.20 |
| Exhibits - OCR Processing - Color | 51 | $0.50 | $25.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 114 | $0.15 | $17.10 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 51 | $2.50 | $127.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $997.05 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $1,022.05 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# REPORTING

# INVOICE

**DATE:** 7/31/2017
**INVOICE #** 071417-350242

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Shannon M. Rantz
**DATE:**       7/14/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 2 | $95.00 | $190.00 |
| Certified - MPEG - Complimentary | 2 | $50.00 | $0.00 |
| | | SUBTOTAL | $190.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $215.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          TSG REPORTING, INC.

Payment Initiated:    08/07/2017
Vendor Number:        253931
Jones Day ID:         011101
Total Amount:         4,060.85
Currency:             USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 062917-700582 | 07/18/2017 | 2,316.30 |
| 062917-700583 | 07/18/2017 | 507.50 |
| 071417-350241 | 07/31/2017 | 1,022.05 |
| 071417-350242 | 07/31/2017 | 215.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

DATE: 7/31/2017
INVOICE # 071817-350500

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**          Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**      Nicolas Valaperta
**DATE:**          7/18/2017
**LOCATION:**    Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 272 | $3.35 | $911.20 |
| Local Real-time Transcription | 272 | $1.50 | $408.00 |
| Rough Transcript | 272 | $1.50 | $408.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 945 | $0.30 | $283.50 |
| Exhibits - OCR Processing - Color | 25 | $0.50 | $12.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 945 | $0.15 | $141.75 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 25 | $2.50 | $62.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,227.45 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $2,259.95 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc. 747 Third Avenue, Suite 10A New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

DATE: 7/31/2017
INVOICE # 071817-350501

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Nicolas Valaperta
**DATE:**       7/18/2017
**LOCATION:**   Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | **SUBTOTAL** | $475.00 |
| | | **SHIPPING & HANDLING** | $32.50 |
| | | **TOTAL** | $507.50 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

#### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |

| | |
|---|---|
| Payment Initiated: | 08/16/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 2,767.45 |
| Currency: | USD |

#### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 071817-350500 | 07/31/2017 | 2,259.95 |
| 071817-350501 | 07/31/2017 | 507.50 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**TSG**
**REPORTING**

Worldwide – 24 Hours
(877) 702-9580
www.tsgreporting.com

# INVOICE

**DATE:** 8/11/2017
**INVOICE #** 072117-470307

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Brian Giel
**DATE:**        7/21/2017
**LOCATION:**    Minneapolis, MN

Billing Comments / Instructions:

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Certified Transcript | 266 | $3.35 | $891.10 |
| Certified Transcript - Early AM Pages | 50 | $1.25 | $62.50 |
| Local Real-time Transcription | 266 | $1.50 | $399.00 |
| Rough Transcript | 266 | $1.50 | $399.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 601 | $0.30 | $180.30 |
| Exhibits - OCR Processing - Color | 3 | $0.50 | $1.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 601 | $0.15 | $90.15 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 3 | $2.50 | $7.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |

| | |
|---|---|
| SUBTOTAL | $2,031.05 |
| SHIPPING & HANDLING | $25.00 |
| TOTAL | $2,056.05 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the Invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**DATE:** 8/11/2017
**INVOICE #** 072117-470308

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Brian Giel
**DATE:**        7/21/2017
**LOCATION:**  Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $500.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:            TSG REPORTING, INC.

Payment Initiated:     08/23/2017
Vendor Number:         253931
Jones Day ID:           011101
Total Amount:           4,732.20
Currency:               USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 072117-470307 | 08/11/2017 | 2,056.05 |
| 072117-470308 | 08/11/2017 | 500.00 |
| 072717-350670 | 08/14/2017 | 1,486.15 |
| 072717-350671 | 08/14/2017 | 690.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**INVOICE**

Page   1

**Phone:**   877-489-0367

**DTI**

| | |
|---|---|
| Jones Day | **Invoice #:** M-147404 |
| 901 Lakeside Avenue East | **Invoice Date:** 08/31/17 |
| Suite 2 | **Our Order #:** MP-133479-01 |
| Cleveland, OH 44114-1190 | **Customer #:** 101029 |

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 07/21/17 | | | | |
| Deponent: Stephan Plagemann | | | | |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Transcript - Copy | 318 | PAGE | $3.50 | $1,113.00 |
| Interactive Realtime | 279 | EACH | $1.25 | $348.75 |
| Rough ASCII | 279 | EACH | $1.20 | $334.80 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |

| | |
|---|---|
| **Subtotal:** | **$1,876.55** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,876.55** |

**Depo Location:**    250 Vesey Street
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**DTI**

**INVOICE**
Page   1

| Phone: | 877-489-0367 |
|--------|--------------|

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH  44114-1190

| Invoice #: | M-143551 |
|------------|----------|
| Invoice Date: | 08/14/17 |
| Our Order #: | MP-133479-02 |
| Customer #: | 101029 |

Attn:  NANCY ADAMCZYK

**Terms: NET 30 DAY**

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America

Job Date: 07/21/17
Deponent: Stephan Plagemann

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Video Hourly | 8.5 | HOUR | $135.00 | $1,147.50 |
| Delivery – Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock – DV Cam | 5 | EACH | $20.00 | $100.00 |
| | | | **Subtotal:** | **$1,262.50** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$1,262.50** |

**Depo Location:**   250 Vesey Street
New York, NY  10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

INVOICE
Page 1

**DTI**

Phone:     877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH  44114-1190

| | |
|---|---|
| Invoice #: | M-113351 |
| Invoice Date: | 08/14/17 |
| Our Order #: | MP-133479-02 |
| Customer #: | 101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 07/21/17 | | | | |
| Deponent: Stephan Plagemann | | | | |
| Video Hourly | 6.5 | HOUR | $95.00 | $617.50 |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |

This invoice replaces M-143551
Depo Location: New York, NY

| | | |
|---|---|---|
| Subtotal: | | $632.50 |
| Sales Tax | | $0.00 |
| Total Invoice USD | | $632.50 |

Thank You. Your Business is appreciated.

REMIT TO:                                         PLEASE PAY FROM THIS INVOICE
DTI                                                         ABA Routing #: 121000248
PO Box 936158                          Beneficiary Account #: 4125126904
Atlanta, GA 31193-6158                          Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| Beneficiary: | DTI |
|---|---|
| Payment Initiated: | 08/23/2017 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 3,525.00 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-143547 | 08/14/2017 | 500.00 |
| M-143548 | 08/14/2017 | 567.50 |
| M-143549 | 08/14/2017 | 1,195.00 |
| M-143551 | 08/14/2017 | 1,262.50 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |
| Payment Initiated: | 09/20/2017 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 10,841.95 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-147397 | 08/31/2017 | 2,309.15 |
| M-147404 | 08/31/2017 | 1,876.55 |
| M-147586 | 08/31/2017 | 2,047.15 |
| M-147588 | 08/31/2017 | 1,457.50 |
| M-147593 | 08/31/2017 | 1,275.00 |
| M147592 | 08/31/2017 | 1,876.60 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**Adamczyk, Nancy**                                        P lage nnANN

| | |
|---|---|
| **From:** | Adamczyk, Nancy |
| **Sent:** | Thursday, September 7, 2017 4:52 PM |
| **To:** | 'Peter Inman' |
| **Subject:** | RE: Invoices- Phoenix Light vs. U.S. Bank and B of A |

Peter: We will just wait on our end to receive the refund from DTI. Then, if there are any outstanding expenses for these 2 depos, we can clear it up.

I think this has to be resolved at your end since payment has gone out from Jones Day at the higher rate.


Nancy Adamczyk
Paralegal
JONES DAY® - One Firm Worldwide™
901 Lakeside Avenue
Cleveland, OH  44114-1190
Office +1.216.586.7310
nmadamczyk@jonesday.com


**From:** Peter Inman [mailto:Peter.Inman@dtiglobal.com]
**Sent:** Thursday, September 7, 2017 4:48 PM
**To:** Adamczyk, Nancy <nmadamczyk@JonesDay.com>
**Subject:** RE: Invoices- Phoenix Light vs. U.S. Bank and B of A

Hi Nancy,
Attached are the replacement invoices. These are also being mailed but I thought I would email them to make sure they don't get double paid because the replacement invoices have a new invoice number.  We added a note saying what invoice these replace.

I ran this by our A/R team and I'm being told when we receive the higher payment amount we can apply the amount to these invoices and refund the differences.  I would imagine it would take a little while to work thru Jones Day a/p process and the DTI a/r process but I've flagged this so we can follow up in timely fashion.

Sorry about the confusion on our end.  I should have got this issue before sending out.

Thanks



**Peter Inman | DTI**
Operations Manager, Minneapolis/St. Paul Court Reporting

peter.inman@DTIGlobal.com
Office: +1 (877) 489-0367
Mobile: +1 (612) 396-5214

7901 Xerxes Avenue South | Suite 230 | Bloomington, MN 55431
www.DTIGlobal.com  World-class service. Local commitment.

1



*This electronic mail (including any attachments) may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). If you have received this message in error, please notify the sender immediately by reply email of the inadvertent transmission and then immediately delete the original message (including any attachments) in its entirety.*

**From:** Adamczyk, Nancy [mailto:nmadamczyk@JonesDay.com]
**Sent:** Wednesday, September 06, 2017 2:56 PM
**To:** Peter Inman <Peter.Inman@dtiglobal.com>
**Subject:** RE: Invoices- Phoenix Light vs. U.S. Bank and B of A

Peter: We have already processed these for payment.

The Mikolajczak invoice was sent to our Financial Dept on 08/21/17; the Plagemann invoice was sent to our Financial Dept on 08/21/17.

You will have to issue Jones Day refund checks once your folks process these checks. The can come to my attention.

Nancy Adamczyk
Paralegal
**JONES DAY® - One Firm Worldwide℠**
901 Lakeside Avenue
Cleveland, OH 44114-1190
Office +1.216.586.7310
nmadamczyk@jonesday.com

**From:** Peter Inman [mailto:Peter.Inman@dtiglobal.com]
**Sent:** Wednesday, September 6, 2017 3:34 PM
**To:** Adamczyk, Nancy <nmadamczyk@JonesDay.com>
**Subject:** Invoices- Phoenix Light vs. U.S. Bank and B of A

Hi Nancy,
Can you do me a favor. Can you ignore any invoices you've received on Michael Mikolajczak and Stephen Plagemann. My records show we sent out M-143549 & M-113351.

With the addition of Munger Tolles the billing protocol had to change a little when they receive the original transcript. The replacement invoices will be a little lower as Munger Tolles will assume some of the costs of videographer.

**Peter Inman | DTI**
Operations Manager, Minneapolis/St. Paul Court Reporting

peter.inman@DTIGlobal.com
Office: +1 (877) 489-0367
Mobile: +1 (612) 396-5214

7901 Xerxes Avenue South | Suite 230 | Bloomington, MN 55431
**www.DTIGlobal.com** World-class service. Local commitment.





**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 8/11/2017
**INVOICE #** 072617-602938

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Diane Reynolds
**DATE:**       7/26/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 326 | $3.35 | $1,092.10 |
| Local Real-time Transcription | 326 | $1.50 | $489.00 |
| Rough Transcript | 326 | $1.50 | $489.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 143 | $0.30 | $42.90 |
| Exhibits - OCR Processing - Color | 162 | $0.50 | $81.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 143 | $0.15 | $21.45 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 162 | $2.50 | $405.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,620.45 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $2,652.95 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the Invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 8/11/2017
**INVOICE #** 072617-602939

**Bill To:**      Nancy Adamczyk
                  Jones Day
                  North Point
                  901 Lakeside Avenue
                  Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Diane Reynolds
**DATE:**        7/26/2017
**LOCATION:**    Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 6 | $95.00 | $570.00 |
| Certified - MPEG - Complimentary | 6 | $50.00 | $0.00 |
| | | SUBTOTAL | $570.00 |
| | | SHIPPING & HANDLING | $32.50 |
| | | **TOTAL** | $602.50 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:        TSG REPORTING, INC.

| | |
|---|---|
| Payment Initiated: | 08/18/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 8,464.00 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 060917-602607 | 08/01/2017 | 336.00 |
| 071917-350507 | 08/07/2017 | 1,747.40 |
| 071917-350508 | 08/07/2017 | 500.00 |
| 072617-602938 | 08/11/2017 | 2,652.95 |
| 072617-602939 | 08/11/2017 | 602.50 |
| 072717-470302 | 08/11/2017 | 2,212.65 |
| 072717-470303 | 08/11/2017 | 412.50 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 8/14/2017
**INVOICE #** 072717-350670

**Bill To:**       Nancy Adamczyk
                   Jones Day
                   North Point
                   901 Lakeside Avenue
                   Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Susan Feld
**DATE:**        7/27/2017
**LOCATION:**    Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 216 | $3.35 | $723.60 |
| Local Real-time Transcription | 216 | $1.50 | $324.00 |
| Rough Transcript | 216 | $1.50 | $324.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 199 | $0.30 | $59.70 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 199 | $0.15 | $29.85 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,461.15 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $1,486.15 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide – 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 8/14/2017
**INVOICE #** 072717-350671

**Bill To:**       Nancy Adamczyk
                   Jones Day
                   North Point
                   901 Lakeside Avenue
                   Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Susan Feld
**DATE:**       7/27/2017
**LOCATION:**   Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 7 | $95.00 | $665.00 |
| Certified - MPEG - Complimentary | 7 | $50.00 | $0.00 |
| | | SUBTOTAL | $665.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $690.00 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |

| | |
|---|---|
| Payment Initiated: | 08/23/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 4,732.20 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 072117-470307 | 08/11/2017 | 2,056.05 |
| 072117-470308 | 08/11/2017 | 500.00 |
| 072717-350670 | 08/14/2017 | 1,486.15 |
| 072717-350671 | 08/14/2017 | 690.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**INVOICE**
Page 1

**DTI**

Phone: 877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

Invoice #: M-147586
Invoice Date: 08/31/17
Our Order #: MP-134769-01
Customer #: 101029

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/09/17 | | | | |
| Deponent: Sean Tully | | | | |
| Deposition Transcript - Original | 316 | PAGE | $3.65 | $1,153.40 |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Appearance Fee - Regular - Hourly | 3 | HOUR | $40.00 | $120.00 |
| Interactive Realtime | 275 | EACH | $1.25 | $343.75 |
| Rough ASCII | 275 | EACH | $1.20 | $330.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | |
|---|---|
| Subtotal: | $2,047.15 |
| Sales Tax | $0.00 |
| **Total Invoice USD** | **$2,047.15** |

Depo Location: 250 Vesey Street
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**INVOICE**
Page 1

Phone: 877-489-0367

| | |
|---|---|
| Jones Day | Invoice #: M-147588 |
| 901 Lakeside Avenue East | Invoice Date: 08/31/17 |
| Suite 2 | Our Order #: MP-134769-02 |
| Cleveland, OH 44114-1190 | Customer #: 101029 |

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/09/17 | | | | |
| Deponent: Sean Tully | | | | |
| Delivery - Transcript | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 7 | EACH | $20.00 | $140.00 |
| Video Hourly | 9.5 | HOUR | $135.00 | $1,282.50 |

| | |
|---|---|
| Subtotal: | $1,457.50 |
| Sales Tax | $0.00 |
| **Total Invoice USD** | **$1,457.50** |

Depo Location: 250 Vesey Street
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |
| Payment Initiated: | 09/20/2017 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 10,841.95 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-147397 | 08/31/2017 | 2,309.15 |
| M-147404 | 08/31/2017 | 1,876.55 |
| M-147586 | 08/31/2017 | 2,047.15 |
| M-147588 | 08/31/2017 | 1,457.50 |
| M-147593 | 08/31/2017 | 1,275.00 |
| M147592 | 08/31/2017 | 1,876.60 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



Worldwide - 24 Hours
(877) 702-9580
www.tsgreporting.com

# INVOICE

**DATE:** 8/31/2017
**INVOICE #** 081617-470717

**Bill To:** Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Maryellen Hunter
**DATE:** 8/16/2017
**LOCATION:** Boston, MA

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 191 | $3.35 | $639.85 |
| Local Real-time Transcription | 191 | $1.75 | $334.25 |
| Rough Transcript | 191 | $1.50 | $286.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 98 | $0.30 | $29.40 |
| Exhibits - OCR Processing - Color | 102 | $0.50 | $51.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 98 | $0.15 | $14.70 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 102 | $2.50 | $255.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,610.70 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $1,635.70 |

Please make all checks payable to: TSG Reporting, Inc.     Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



Worldwide - 24 Hours
(877) 702-9580
www.tsgreporting.com

# INVOICE

**DATE:** 8/31/2017
**INVOICE #** 081617-470718

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Maryellen Hunter
**DATE:**       8/16/2017
**LOCATION:**   Boston, MA

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 3 | $95.00 | $285.00 |
| Certified - MPEG - Complimentary | 3 | $50.00 | $0.00 |
| | | SUBTOTAL | $285.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $310.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |

| | |
|---|---|
| Payment Initiated: | 09/06/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 1,945.70 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 081617-470717 | 08/31/2017 | 1,635.70 |
| 081617-470718 | 08/31/2017 | 310.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 9/13/2017
**INVOICE #** 082217-470977

**Bill To:**       Nancy Adamczyk
                   Jones Day
                   North Point
                   901 Lakeside Avenue
                   Cleveland, OH 44114-1190

**CASE:**      Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Jay Russell Miller
**DATE:**      8/22/2017
**LOCATION:**  Charlotte, NC

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Certified Transcript | 237 | $3.35 | $793.95 |
| Local Real-time Transcription | 237 | $1.50 | $355.50 |
| Rough Transcript | 237 | $1.50 | $355.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 415 | $0.30 | $124.50 |
| Exhibits - OCR Processing - Color | 27 | $0.50 | $13.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 415 | $0.15 | $62.25 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 27 | $2.50 | $67.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | **SUBTOTAL** | $1,772.70 |
| | | **SHIPPING & HANDLING** | $50.00 |
| | | **TOTAL** | $1,822.70 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

DATE: 9/13/2017
INVOICE # 082217-470978

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Jay Russell Miller
**DATE:**        8/22/2017
**LOCATION:**    Charlotte, NC

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|:---:|:---:|:---:|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | **TOTAL** | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |
| Payment Initiated: | 09/22/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 4,739.55 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 082217-470977 | 09/13/2017 | 1,822.70 |
| 082217-470978 | 09/13/2017 | 420.00 |
| 082417-470915 | 09/12/2017 | 1,886.85 |
| 082417-470916 | 09/12/2017 | 610.00 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 9/12/2017
**INVOICE #** 082417-470915

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**          Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    April Lancsak
**DATE:**          8/24/2017
**LOCATION:**   Chicago, IL

**Billing Comments / Instructions:**      Exhibits shipped separately.

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 195 | $3.35 | $653.25 |
| Local Real-time Transcription | 195 | $1.50 | $292.50 |
| Rough Transcript | 195 | $1.50 | $292.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 228 | $0.30 | $68.40 |
| Exhibits - OCR Processing - Color | 152 | $0.50 | $76.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 228 | $0.15 | $34.20 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 152 | $2.50 | $380.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | **SUBTOTAL** | $1,796.85 |
| | | **SHIPPING & HANDLING** | $90.00 |
| | | **TOTAL** | $1,886.85 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide · 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 9/12/2017
**INVOICE #** 082417-470916

Bill To:      Nancy Adamczyk
              Jones Day
              North Point
              901 Lakeside Avenue
              Cleveland, OH 44114-1190

**CASE:**          Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**       April Lancsak
**DATE:**          8/24/2017
**LOCATION:**      Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 6 | $95.00 | $570.00 |
| Certified - MPEG - Complimentary | 6 | $50.00 | $0.00 |
| | | SUBTOTAL | $570.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $610.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:           TSG REPORTING, INC.

Payment Initiated:     09/22/2017
Vendor Number:         253931
Jones Day ID:          011101
Total Amount:          4,739.55
Currency:              USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 082217-470977 | 09/13/2017 | 1,822.70 |
| 082217-470978 | 09/13/2017 | 420.00 |
| 082417-470915 | 09/12/2017 | 1,886.85 |
| 082417-470916 | 09/12/2017 | 610.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**INVOICE**

Page    1

**Email:**    customerinquiry@epiqglobal.com

| | |
|---|---|
| Jones Day | |
| 901 Lakeside Avenue East | |
| Suite 2 | |
| Cleveland, OH  44114-1190 | |

**Invoice #:**   M-217482
**Invoice Date:**   09/30/18
**Our Order #:**   MP-189536-01
**Customer #:**   101029

Attn:   SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America

Job Date: 09/08/18
Deponent: Karim Berichi

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition (Technical/Expert) Transcript - Copy | 363 | PAGE | $3.58 | $1,299.54 |
| Interactive Realtime | 322 | EACH | $1.38 | $444.36 |
| Rough ASCII | 322 | EACH | $1.32 | $425.04 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | |
|---|---|
| **Subtotal:** | **$2,268.94** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$2,268.94** |

**Depo Location:**    250 Vesey Street
New York, NY  10281

Thank You. Your Business is appreciated.

---

**REMIT TO:**
**Epiq Court Reporting**
P.O. Box 936158
**Atlanta, GA  31193-6158**

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ████0248
Beneficiary Account #: ████6904
Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

Tax ID: 20-2665382

**epiq**

**Email:**     **customerinquiry@epiqglobal.com**

| | |
|---|---|
| Jones Day | **Invoice #:** M-217476 |
| 901 Lakeside Avenue East | **Invoice Date:** 09/30/18 |
| Suite 2 | **Our Order #:** MP-189536-02 |
| Cleveland, OH 44114-1190 | **Customer #:** 101029 |

Attn:   SAM WALLING

Terms: NET 30 DAY

Case No: 14-10116

| | **QTY** | **UNIT** | **UNIT PRICE** | **TOTAL** |
|---|---|---|---|---|
| Phoenix Light v. U.S. Bank and Bank of America | | | | |
| | | | | |
| Job Date: 09/08/18 | | | | |
| Deponent: Karim Berichi | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 4 | EACH | $20.00 | $80.00 |
| Video Hourly | 7 | HOUR | $175.00 | $1,225.00 |

Weekend Deposition

| | | |
|---|---|---|
| | **Subtotal:** | **$1,320.00** |
| | **Sales Tax** | **$0.00** |
| | **Total Invoice USD** | **$1,320.00** |

**Depo Location:**   250 Vesey Street
New York, NY 10281

Thank You. Your Business is appreciated.

**REMIT TO:**
Epiq Court Reporting
P.O. Box 936158
Atlanta, GA 31193-6158

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮▮▮0248
Beneficiary Account #: ▮▮▮6904
Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

Tax ID: 20-2665382

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:            EPIQ COURT REPORTING

| | |
|---|---|
| Payment Initiated: | 10/08/2018 |
| Vendor Number: | 271017 |
| Jones Day ID: | 011101 |
| Total Amount: | 3,588.94 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-217476 | 09/30/2018 | 1,320.00 |
| M-217482 | 09/30/2018 | 2,268.94 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

INVOICE
Page    1

Phone:    877-489-0367

| | |
|---|---|
| Jones Day | Invoice #: M-152501 |
| 901 Lakeside Avenue East | Invoice Date: 09/30/17 |
| Suite 2 | Our Order #: MP-142102-01 |
| Cleveland, OH 44114-1190 | Customer #: 101029 |

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 09/14/17 | | | | |
| Deponent: Claire Rogers | | | | |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Transcript - Copy | 289 | PAGE | $3.50 | $1,011.50 |
| Interactive Realtime | 255 | EACH | $1.25 | $318.75 |
| Rough ASCII | 255 | EACH | $1.20 | $306.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

|  |  |
|---|---|
| Subtotal: | $1,736.25 |
| Sales Tax | $0.00 |
| **Total Invoice USD** | **$1,736.25** |

Depo Location:   250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**DTI**

**INVOICE**

Page  1

**Phone:**  877-489-0367

| | |
|---|---|
| Jones Day | **Invoice #:** M-152502 |
| 901 Lakeside Avenue East | **Invoice Date:** 09/30/17 |
| Suite 2 | **Our Order #:** MP-142102-02 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 09/14/17 | | | | |
| Deponent: Claire Rogers | | | | |
| Delivery - Video | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 5 | EACH | $20.00 | $100.00 |
| Video Hourly | 8.5 | HOUR | $135.00 | $1,147.50 |

| | | |
|---|---|---|
| | **Subtotal:** | $1,282.50 |
| | **Sales Tax** | $0.00 |
| | **Total Invoice USD** | $1,282.50 |

**Depo Location:**   250 Vesey Street
                       34th floor
                       New York, NY  10281

Thank You. Your Business is appreciated.

REMIT TO:                                    PLEASE PAY FROM THIS INVOICE
DTI                                          ABA Routing #: 121000248
PO Box 936158                                Beneficiary Account #: 4125126904
Atlanta, GA 31193-6158                       Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |

| | |
|---|---|
| Payment Initiated: | 10/13/2017 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 3,018.75 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-152501 | 09/30/2017 | 1,736.25 |
| M-152502 | 09/30/2017 | 1,282.50 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 10/25/2017
**INVOICE #** 092617-472361

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Toby Robillard
**DATE:**        9/26/2017
**LOCATION:**  Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 185 | $3.35 | $619.75 |
| Local Real-time Transcription | 185 | $1.50 | $277.50 |
| Rough Transcript | 185 | $1.50 | $277.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 1050 | $0.30 | $315.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 1050 | $0.15 | $157.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,647.25 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $1,687.25 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 10/25/2017
**INVOICE #** 092617-472362

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Toby Robillard
**DATE:**       9/26/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |

| | |
|---|---|
| Payment Initiated: | 11/08/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 2,107.25 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 092617-472361 | 10/25/2017 | 1,687.25 |
| 092617-472362 | 10/25/2017 | 420.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

| | | | | **INVOICE** |
| | | | | Page 1 |

Phone: 877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

Invoice #: M-154913
Invoice Date: 10/23/17
Our Order #: MP-142105-01
Customer #: 101029

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 09/28/17 | | | | |
| Deponent: Edward Bankole | | | | |
| Deposition Transcript - Original | 268 | PAGE | $3.65 | $978.20 |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Appearance Fee - Regular - Full Day | 1 | HOUR | $90.00 | $90.00 |
| Interactive Realtime | 235 | EACH | $1.25 | $293.75 |
| Rough ASCII | 235 | EACH | $1.20 | $282.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

Subtotal: $1,743.95
Sales Tax $0.00
Total Invoice USD $1,743.95

Depo Location: 250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**INVOICE**
Page   1

Phone:       877-489-0367

| | |
|---|---|
| Jones Day | **Invoice #:**  M-154915 |
| 901 Lakeside Avenue East | **Invoice Date:**  10/23/17 |
| Suite 2 | **Our Order #:**  MP-142105-02 |
| Cleveland, OH  44114-1190 | **Customer #:**  101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Phoenix Light v. U.S. Bank and Bank of America | | | | |
| | | | | |
| Job Date: 09/28/17 | | | | |
| Deponent: Edward Bankole | | | | |
| Delivery - Video | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 7 | EACH | $20.00 | $140.00 |
| Video Hourly | 8.25 | HOUR | $135.00 | $1,113.75 |

|  | |
|---|---|
| **Subtotal:** | **$1,288.75** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,288.75** |

**Depo Location:**     250 Vesey Street
34th floor
New York, NY  10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |
| Payment Initiated: | 11/06/2017 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 3,032.70 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-154913 | 10/23/2017 | 1,743.95 |
| M-154915 | 10/23/2017 | 1,288.75 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 100517-353251

**Bill To:**      Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**      Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**      Patrick Kubik
**DATE:**      10/5/2017
**LOCATION:**      Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Certified Transcript | 163 | $3.35 | $546.05 |
| Local Real-time Transcription | 163 | $1.50 | $244.50 |
| Rough Transcript | 163 | $1.50 | $244.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 422 | $0.30 | $126.60 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 422 | $0.15 | $63.30 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,224.95 |
| | | SHIPPING & HANDLING | $50.00 |
| | | TOTAL | $1,274.95 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc. 747 Third Avenue, Suite 10A New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**DATE:** 11/14/2017
**INVOICE #** 100517-353252

**Bill To:** Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Patrick Kubik
**DATE:** 10/5/2017
**LOCATION:** Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 3 | $95.00 | $285.00 |
| Certified - MPEG - Complimentary | 3 | $50.00 | $0.00 |
| | | SUBTOTAL | $285.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $325.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          TSG REPORTING, INC.

| | |
|---|---|
| Payment Initiated: | 11/29/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 1,599.95 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 100517-353251 | 11/14/2017 | 1,274.95 |
| 100517-353252 | 11/14/2017 | 325.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# REPORTING

# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 100917-353256

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Ellayne Watson
**DATE:**        10/9/2017
**LOCATION:**    Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 258 | $3.35 | $864.30 |
| Local Real-time Transcription | 258 | $1.50 | $387.00 |
| Rough Transcript | 258 | $1.50 | $387.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 653 | $0.30 | $195.90 |
| Exhibits - OCR Processing - Color | 133 | $0.50 | $66.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 653 | $0.15 | $97.95 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 133 | $2.50 | $332.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,331.15 |
| | | SHIPPING & HANDLING | $65.00 |
| | | TOTAL | $2,396.15 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 100917-353257

**Bill To:** Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Ellayne Watson
**DATE:** 10/9/2017
**LOCATION:** Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc. 747 Third Avenue, Suite 10A New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:            TSG REPORTING, INC.

Payment Initiated:    11/27/2017
Vendor Number:       253931
Jones Day ID:          011101
Total Amount:          9,827.60
Currency:               USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 100917-353256 | 11/14/2017 | 2,396.15 |
| 100917-353257 | 11/14/2017 | 420.00 |
| 101117-353261 | 11/14/2017 | 1,907.50 |
| 101117-353262 | 11/14/2017 | 317.50 |
| 101117-353266 | 11/14/2017 | 1,252.85 |
| 101117-353267 | 11/14/2017 | 325.00 |
| 101817-353271 | 11/14/2017 | 948.45 |
| 101817-353272 | 11/14/2017 | 310.00 |
| 101917-353276 | 11/14/2017 | 1,545.15 |
| 101917-353277 | 11/14/2017 | 405.00 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 101117-353261

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Erin Folsom
**DATE:**        10/11/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 192 | $3.35 | $643.20 |
| Local Real-time Transcription | 192 | $1.50 | $288.00 |
| Rough Transcript | 192 | $1.50 | $288.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 444 | $0.30 | $133.20 |
| Exhibits - OCR Processing - Color | 152 | $0.50 | $76.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 444 | $0.15 | $66.60 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 152 | $2.50 | $380.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,875.00 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $1,907.50 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 101117-353262

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**      .Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Erin Folsom
**DATE:**       10/11/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 3 | $95.00 | $285.00 |
| Certified - MPEG - Complimentary | 3 | $50.00 | $0.00 |
| | | SUBTOTAL | $285.00 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $317.50 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:             TSG REPORTING, INC.

Payment Initiated:       11/27/2017
Vendor Number:           253931
Jones Day ID:            011101
Total Amount:            9,827.60
Currency:                USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 100917-353256 | 11/14/2017 | 2,396.15 |
| 100917-353257 | 11/14/2017 | 420.00 |
| 101117-353261 | 11/14/2017 | 1,907.50 |
| 101117-353262 | 11/14/2017 | 317.50 |
| 101117-353266 | 11/14/2017 | 1,252.85 |
| 101117-353267 | 11/14/2017 | 325.00 |
| 101817-353271 | 11/14/2017 | 948.45 |
| 101817-353272 | 11/14/2017 | 310.00 |
| 101917-353276 | 11/14/2017 | 1,545.15 |
| 101917-353277 | 11/14/2017 | 405.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide · 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 101117-353266

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

| | |
|---|---|
| **CASE:** | Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA |
| **WITNESS:** | John L. Linssen |
| **DATE:** | 10/11/2017 |
| **LOCATION:** | Minneapolis, MN |

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 144 | $3.35 | $482.40 |
| Local Real-time Transcription | 144 | $1.50 | $216.00 |
| Rough Transcript | 144 | $1.50 | $216.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 641 | $0.30 | $192.30 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 641 | $0.15 | $96.15 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |

| | |
|---|---|
| SUBTOTAL | $1,202.85 |
| SHIPPING & HANDLING | $50.00 |
| TOTAL | $1,252.85 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 101117-353267

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**   Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   John L. Linssen
**DATE:**   10/11/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 3 | $95.00 | $285.00 |
| Certified - MPEG - Complimentary | 3 | $50.00 | $0.00 |
| | | SUBTOTAL | $285.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $325.00 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:              TSG REPORTING, INC.

Payment Initiated:        11/27/2017
Vendor Number:            253931
Jones Day ID:             011101
Total Amount:             9,827.60
Currency:                 USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 100917-353256 | 11/14/2017 | 2,396.15 |
| 100917-353257 | 11/14/2017 | 420.00 |
| 101117-353261 | 11/14/2017 | 1,907.50 |
| 101117-353262 | 11/14/2017 | 317.50 |
| 101117-353266 | 11/14/2017 | 1,252.85 |
| 101117-353267 | 11/14/2017 | 325.00 |
| 101817-353271 | 11/14/2017 | 948.45 |
| 101817-353272 | 11/14/2017 | 310.00 |
| 101917-353276 | 11/14/2017 | 1,545.15 |
| 101917-353277 | 11/14/2017 | 405.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



# INVOICE

**DATE:** 11/17/2017
**INVOICE #** 101817-353424

**Bill To:**
Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Michael Bengtson
**DATE:** 10/18/2017
**LOCATION:** Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Certified Transcript | 228 | $3.35 | $763.80 |
| Local Real-time Transcription | 228 | $1.50 | $342.00 |
| Rough Transcript | 228 | $1.50 | $342.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 1078 | $0.30 | $323.40 |
| Exhibits - OCR Processing - Color | 2 | $0.50 | $1.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 1078 | $0.15 | $161.70 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 2 | $2.50 | $5.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,938.90 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $1,978.90 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**DATE:** 11/17/2017
**INVOICE #** 101817-353425

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Michael Bengtson
**DATE:**       10/18/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc. 747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |
| Payment Initiated: | 12/05/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 6,792.80 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 101817-353424 | 11/17/2017 | 1,978.90 |
| 101817-353425 | 11/17/2017 | 420.00 |
| 102417-353429 | 11/17/2017 | 2,038.10 |
| 102417-353430 | 11/17/2017 | 420.00 |
| 102617-353434 | 11/17/2017 | 1,515.80 |
| 102617-353435 | 11/17/2017 | 420.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 101817-353271

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**Bill To:**  Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**      Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Martha Boduch
**DATE:**      10/18/2017
**LOCATION:**  Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 115 | $3.35 | $385.25 |
| Certified Transcript - Early AM Pages | 66 | $1.25 | $82.50 |
| Local Real-time Transcription | 115 | $1.50 | $172.50 |
| Rough Transcript | 115 | $1.50 | $172.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 246 | $0.30 | $73.80 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 246 | $0.15 | $36.90 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $923.45 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $948.45 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

DATE: 11/14/2017
INVOICE # 101817-353272

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Martha Boduch
**DATE:**       10/18/2017
**LOCATION:**   Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 3 | $95.00 | $285.00 |
| Certified - MPEG - Complimentary | 3 | $50.00 | $0.00 |
| | | SUBTOTAL | $285.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $310.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          TSG REPORTING, INC.

Payment Initiated:   11/27/2017
Vendor Number:       253931
Jones Day ID:        011101
Total Amount:        9,827.60
Currency:            USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 100917-353256 | 11/14/2017 | 2,396.15 |
| 100917-353257 | 11/14/2017 | 420.00 |
| 101117-353261 | 11/14/2017 | 1,907.50 |
| 101117-353262 | 11/14/2017 | 317.50 |
| 101117-353266 | 11/14/2017 | 1,252.85 |
| 101117-353267 | 11/14/2017 | 325.00 |
| 101817-353271 | 11/14/2017 | 948.45 |
| 101817-353272 | 11/14/2017 | 310.00 |
| 101917-353276 | 11/14/2017 | 1,545.15 |
| 101917-353277 | 11/14/2017 | 405.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 101917-353276

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**   Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Timothy Ruxton
**DATE:**   10/19/2017
**LOCATION:**   Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 151 | $3.35 | $505.85 |
| Local Real-time Transcription | 151 | $1.50 | $226.50 |
| Rough Transcript | 151 | $1.50 | $226.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 94 | $0.30 | $28.20 |
| Exhibits - OCR Processing - Color | 173 | $0.50 | $86.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 94 | $0.15 | $14.10 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 173 | $2.50 | $432.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,520.15 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $1,545.15 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**DATE:** 11/14/2017
**INVOICE #** 101917-353277

**Worldwide – 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Timothy Ruxton
**DATE:** 10/19/2017
**LOCATION:** Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $405.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:              TSG REPORTING, INC.

Payment Initiated:        11/27/2017
Vendor Number:            253931
Jones Day ID:             011101
Total Amount:             9,827.60
Currency:                 USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 100917-353256 | 11/14/2017 | 2,396.15 |
| 100917-353257 | 11/14/2017 | 420.00 |
| 101117-353261 | 11/14/2017 | 1,907.50 |
| 101117-353262 | 11/14/2017 | 317.50 |
| 101117-353266 | 11/14/2017 | 1,252.85 |
| 101117-353267 | 11/14/2017 | 325.00 |
| 101817-353271 | 11/14/2017 | 948.45 |
| 101817-353272 | 11/14/2017 | 310.00 |
| 101917-353276 | 11/14/2017 | 1,545.15 |
| 101917-353277 | 11/14/2017 | 405.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/17/2017
**INVOICE #** 102417-353429

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Charles F. Pedersen
**DATE:**        10/24/2017
**LOCATION:**    Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 270 | $3.35 | $904.50 |
| Local Real-time Transcription | 270 | $1.50 | $405.00 |
| Rough Transcript | 270 | $1.50 | $405.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 608 | $0.30 | $182.40 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 608 | $0.15 | $91.20 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,988.10 |
| | | SHIPPING & HANDLING | $50.00 |
| | | TOTAL | $2,038.10 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc. .747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 11/17/2017
**INVOICE #** 102417-353430

**Bill To:**    Nancy Adamczyk
                Jones Day
                North Point
                901 Lakeside Avenue
                Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Charles F. Pedersen
**DATE:**       10/24/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | **TOTAL** | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |
| Payment Initiated: | 12/05/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 6,792.80 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 101817-353424 | 11/17/2017 | 1,978.90 |
| 101817-353425 | 11/17/2017 | 420.00 |
| 102417-353429 | 11/17/2017 | 2,038.10 |
| 102417-353430 | 11/17/2017 | 420.00 |
| 102617-353434 | 11/17/2017 | 1,515.80 |
| 102617-353435 | 11/17/2017 | 420.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial Institution.

If you have any questions please contact us at APTeam@Jonesday.com

# Appendix B.II



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 11/27/2017
**INVOICE #** 102417-690495

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

| | |
|---|---|
| **CASE:** | Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA |
| **WITNESS:** | Becky Warren |
| **DATE:** | 10/24/2017 |
| **LOCATION:** | Minneapolis, MN |

**Billing Comments / Instructions:**

| **SHIP VIA** | Overnight | **TERMS** | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 207 | $3.35 | $693.45 |
| Local Real-time Transcription | 207 | $1.50 | $310.50 |
| Rough Transcript | 207 | $1.50 | $310.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 911 | $0.30 | $273.30 |
| Exhibits - OCR Processing - Color | 11 | $0.50 | $5.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 911 | $0.15 | $136.65 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 11 | $2.50 | $27.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |

| | | | |
|---|---|---|---|
| | | SUBTOTAL | $1,757.40 |
| | | SHIPPING & HANDLING | $80.00 |
| | | **TOTAL** | $1,837.40 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**DATE:** 11/27/2017
**INVOICE #** 102417-690496

Worldwide - 24 Hours
(877) 702-9580
www.tsgreporting.com

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Becky Warren
**DATE:** 10/24/2017
**LOCATION:** Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |
| Payment Initiated: | 12/11/2017 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 5,325.75 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 101717-353584 | 11/30/2017 | 2,020.85 |
| 101717-353585 | 11/30/2017 | 1,047.50 |
| 102417-690495 | 11/27/2017 | 1,837.40 |
| 102417-690496 | 11/27/2017 | 420.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/27/2017
**INVOICE #** 102517-690500

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**    Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Michelle A. Moeller
**DATE:**    10/25/2017
**LOCATION:**    Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 150 | $3.35 | $502.50 |
| Local Real-time Transcription (2) | 300 | $1.50 | $450.00 |
| Rough Transcript | 150 | $1.50 | $225.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 159 | $0.30 | $47.70 |
| Exhibits - OCR Processing - Color | 29 | $0.50 | $14.50 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 159 | $0.15 | $23.85 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 29 | $2.50 | $72.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,336.05 |
| | | SHIPPING & HANDLING | $50.00 |
| | | TOTAL | $1,386.05 |

Please make all checks payable to: TSG Reporting, Inc.    Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**REPORTING**

Worldwide - 24 Hours
(877) 702-9580
www.tsgreporting.com

# INVOICE

**DATE:** 11/27/2017
**INVOICE #** 102517-690501

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Michelle A. Moeller
**DATE:**       10/25/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 2 | $95.00 | $190.00 |
| Certified - MPEG - Complimentary | 2 | $50.00 | $0.00 |
| | | SUBTOTAL | $190.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $230.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:                TSG REPORTING, INC.

Payment Initiated:    12/13/2017
Vendor Number:       253931
Jones Day ID:            011101
Total Amount:           1,616.05
Currency:                   USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 102517-690500 | 11/27/2017 | 1,386.05 |
| 102517-690501 | 11/27/2017 | 230.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 11/17/2017
**INVOICE #** 102617-353434

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Tamara Schultz-Fugh
**DATE:**       10/26/2017
**LOCATION:**   Minneapolis, MN

**Billing Comments / Instructions:**        Exhibits shipped separately.

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 164 | $3.35 | $549.40 |
| Local Real-time Transcription (2) | 328 | $1.50 | $492.00 |
| Rough Transcript | 164 | $1.50 | $246.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 272 | $0.30 | $81.60 |
| Exhibits - OCR Processing - Color | 2 | $0.50 | $1.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 272 | $0.15 | $40.80 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 2 | $2.50 | $5.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |

| | |
|---|---|
| SUBTOTAL | $1,415.80 |
| SHIPPING & HANDLING | $100.00 |
| TOTAL | $1,515.80 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**INVOICE**

**DATE:** 11/17/2017
**INVOICE #** 102617-353435

**Bill To:**     Nancy Adamczyk
               Jones Day
               North Point
               901 Lakeside Avenue
               Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Tamara Schultz-Fugh
**DATE:**        10/26/2017
**LOCATION:**    Minneapolis, MN

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          TSG REPORTING, INC.

Payment Initiated:    12/05/2017
Vendor Number:        253931
Jones Day ID:         011101
Total Amount:         6,792.80
Currency:             USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 101817-353424 | 11/17/2017 | 1,978.90 |
| 101817-353425 | 11/17/2017 | 420.00 |
| 102417-353429 | 11/17/2017 | 2,038.10 |
| 102417-353430 | 11/17/2017 | 420.00 |
| 102617-353434 | 11/17/2017 | 1,515.80 |
| 102617-353435 | 11/17/2017 | 420.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**INVOICE**
Page 1

**DTI**

Phone: 877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

| | |
|---|---|
| Invoice #: | M-166987 |
| Invoice Date: | 12/31/17 |
| Our Order #: | MP-148407-01 |
| Customer #: | 101029 |

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 11/09/17

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: Christine Brunie | | | | |
| Shipping & Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Transcript - Copy | 353 | PAGE | $3.00 | $1,059.00 |
| Interactive Realtime | 312 | EACH | $1.25 | $390.00 |
| Rough ASCII | 312 | EACH | $1.20 | $374.40 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| Total Transcript CD | 1 | EACH | $20.00 | $20.00 |

| | |
|---|---|
| Subtotal: | $1,923.40 |
| Sales Tax | $0.00 |
| **Total Invoice USD** | **$1,923.40** |

**Depo Location:** 250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

For credit card payments, please visit
https://ww2.e-billexpress.com/cbpp/DTI

**INVOICE**
Page 1

**Phone:** 877-489-0367

**DTI**

| | |
|---|---|
| Jones Day | **Invoice #:** M-166989 |
| 901 Lakeside Avenue East | **Invoice Date:** 12/31/17 |
| Suite 2 | **Our Order #:** MP-148407-02 |
| Cleveland, OH 44114-1190 | **Customer #:** 101029 |

Attn: NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 11/09/17

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: Christine Brunie | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 5 | EACH | $20.00 | $100.00 |
| Video Hourly | 9.5 | HOUR | $135.00 | $1,282.50 |

|  |  |
|---|---|
| **Subtotal:** | **$1,397.50** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,397.50** |

**Depo Location:**  250 Vesey Street
34th floor
New York, NY 10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |

| | |
|---|---|
| Payment Initiated: | 01/24/2018 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 6,176.90 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-166987 | 12/31/2017 | 1,923.40 |
| M-166989 | 12/31/2017 | 1,397.50 |
| M-166995 | 12/31/2017 | 1,661.00 |
| M166997 | 12/31/2017 | 1,195.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**INVOICE**
Page 1

**Phone:** 877-489-0367

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH  44114-1190

Attn:  NANCY ADAMCZYK

| | |
|---|---|
| Invoice #: | M-166995 |
| Invoice Date: | 12/31/17 |
| Our Order #: | MP-150241-01 |
| Customer #: | 101029 |

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 11/10/17

Deponent: Philip Mack

| Description | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deposition Transcript - Original | 254 | PAGE | $3.65 | $927.10 |
| Shipping & Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Appearance Fee - Regular - Full Day | 1 | EACH | $90.00 | $90.00 |
| Interactive Realtime | 222 | EACH | $1.25 | $277.50 |
| Rough ASCII | 222 | EACH | $1.20 | $266.40 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| Total Transcript CD | 1 | EACH | $20.00 | $20.00 |

| | |
|---|---|
| Subtotal: | $1,661.00 |
| Sales Tax | $0.00 |
| Total Invoice USD | $1,661.00 |

**Depo Location:**  250 Vesey Street
34th floor
New York, NY  10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**DTI**

**INVOICE**
Page    1

Phone:    877-489-0367

| | |
|---|---|
| Jones Day | **Invoice #:**  M-166997 |
| 901 Lakeside Avenue East | **Invoice Date:**  12/31/17 |
| Suite 2 | **Our Order #:**  MP-150241-02 |
| Cleveland, OH  44114-1190 | **Customer #:**  101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 11/10/17

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: Philip Mack | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 5 | EACH | $20.00 | $100.00 |
| Video Hourly | 8 | HOUR | $135.00 | $1,080.00 |

|  |  |
|---|---|
| **Subtotal:** | **$1,195.00** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,195.00** |

**Depo Location:**    250 Vesey Street
34th floor
New York, NY  10281

Thank You. Your Business is appreciated.

REMIT TO:
DTI
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #: 121000248
Beneficiary Account #: 4125126904
Beneficiary Name: DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | DTI |
| Payment Initiated: | 01/24/2018 |
| Vendor Number: | 279099 |
| Jones Day ID: | 011101 |
| Total Amount: | 6,176.90 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-166987 | 12/31/2017 | 1,923.40 |
| M-166989 | 12/31/2017 | 1,397.50 |
| M-166995 | 12/31/2017 | 1,661.00 |
| M166997 | 12/31/2017 | 1,195.00 |
| **Total** | | **6,176.90** |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



# INVOICE

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**DATE:** 12/22/2017
**INVOICE #** 111417-690962

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Kimberly Jacobs
**DATE:** 11/14/2017
**LOCATION:** Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 227 | $3.35 | $760.45 |
| Local Real-time Transcription | 227 | $1.50 | $340.50 |
| Rough Transcript | 227 | $1.50 | $340.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 283 | $0.30 | $84.90 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 283 | $0.15 | $42.45 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,568.80 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $1,601.30 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 12/22/2017
**INVOICE #** 111417-690963

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**          Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Kimberly Jacobs
**DATE:**          11/14/2017
**LOCATION:**   Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $507.50 |

Please make all checks payable to: TSG Reporting, Inc.          Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:            TSG REPORTING, INC.

Payment Initiated:      01/08/2018
Vendor Number:          253931
Jones Day ID:           011101
Total Amount:           9,474.40
Currency:               USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 111417-690957 | 12/22/2017 | 2,073.55 |
| 111417-690958 | 12/22/2017 | 215.00 |
| 111417-690962 | 12/22/2017 | 1,601.30 |
| 111417-690963 | 12/22/2017 | 507.50 |
| 112117-690967 | 12/22/2017 | 1,828.90 |
| 112117-690968 | 12/22/2017 | 317.50 |
| 112117-690973 | 12/22/2017 | 2,715.65 |
| 112117-690974 | 12/22/2017 | 215.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



# INVOICE

**DATE:** 12/22/2017
**INVOICE #** 111417-690957

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Edward Kachinski
**DATE:** 11/14/2017
**LOCATION:** New York, NY

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 178 | $3.35 | $596.30 |
| Local Real-time Transcription | 178 | $1.25 | $222.50 |
| Rough Transcript | 178 | $1.25 | $222.50 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 145 | $0.30 | $43.50 |
| Exhibits - OCR Processing - Color | 314 | $0.50 | $157.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 145 | $0.15 | $21.75 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 314 | $2.50 | $785.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,048.55 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $2,073.55 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 12/22/2017
**INVOICE #** 111417-690958

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Edward Kachinski
**DATE:**       11/14/2017
**LOCATION:**   New York, NY

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 2 | $95.00 | $190.00 |
| Certified - MPEG - Complimentary | 2 | $50.00 | $0.00 |
| | | SUBTOTAL | $190.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $215.00 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:           TSG REPORTING, INC.

Payment Initiated:    01/08/2018
Vendor Number:       253931
Jones Day ID:         011101
Total Amount:         9,474.40
Currency:             USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 111417-690957 | 12/22/2017 | 2,073.55 |
| 111417-690958 | 12/22/2017 | 215.00 |
| 111417-690962 | 12/22/2017 | 1,601.30 |
| 111417-690963 | 12/22/2017 | 507.50 |
| 112117-690967 | 12/22/2017 | 1,828.90 |
| 112117-690968 | 12/22/2017 | 317.50 |
| 112117-690973 | 12/22/2017 | 2,715.65 |
| 112117-690974 | 12/22/2017 | 215.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**REPORTING**

Worldwide - 24 Hours
(877) 702-9580
www.tsgreporting.com

# INVOICE

**DATE:** 12/22/2017
**INVOICE #** 112117-690967

**Bill To:**     Nancy Adamczyk
                Jones Day
                North Point
                901 Lakeside Avenue
                Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    James Byrnes
**DATE:**       11/21/2017
**LOCATION:**   Boston, MA

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 144 | $3.35 | $482.40 |
| Local Real-time Transcription | 144 | $1.75 | $252.00 |
| Compressed / ASCII / Word Index – Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 120 | $0.30 | $36.00 |
| Exhibits - OCR Processing - Color | 336 | $0.50 | $168.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 120 | $0.15 | $18.00 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 336 | $2.50 | $840.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $1,796.40 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $1,828.90 |

Please make all checks payable to: TSG Reporting, Inc.     Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**Worldwide - 24 Hours**
**(877) 702-9580**
www.tsgreporting.com

**DATE:** 12/22/2017
**INVOICE #** 112117-690968

**Bill To:**  Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** James Byrnes
**DATE:** 11/21/2017
**LOCATION:** Boston, MA

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 3 | $95.00 | $285.00 |
| Certified - MPEG - Complimentary | 3 | $50.00 | $0.00 |
| | | SUBTOTAL | $285.00 |
| | | SHIPPING & HANDLING | $32.50 |
| | | TOTAL | $317.50 |

Please make all checks payable to: TSG Reporting, Inc.      Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |

| | |
|---|---|
| Payment Initiated: | 01/08/2018 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 9,474.40 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 111417-690957 | 12/22/2017 | 2,073.55 |
| 111417-690958 | 12/22/2017 | 215.00 |
| 111417-690962 | 12/22/2017 | 1,601.30 |
| 111417-690963 | 12/22/2017 | 507.50 |
| 112117-690967 | 12/22/2017 | 1,828.90 |
| 112117-690968 | 12/22/2017 | 317.50 |
| 112117-690973 | 12/22/2017 | 2,715.65 |
| 112117-690974 | 12/22/2017 | 215.00 |
| **Total** | | **9,474.40** |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 12/22/2017
**INVOICE #** 112117-690973

**Bill To:** Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Tammy Spriggs
**DATE:** 11/21/2017
**LOCATION:** Jacksonville, FL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 239 | $3.35 | $800.65 |
| Local Real-time Transcription | 239 | $2.25 | $537.75 |
| Rough Transcript | 239 | $2.25 | $537.75 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - OCR Processing - B&W | 450 | $0.30 | $135.00 |
| Exhibits - OCR Processing - Color | 204 | $0.50 | $102.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 450 | $0.15 | $67.50 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 204 | $2.50 | $510.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,690.65 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $2,715.65 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 12/22/2017
**INVOICE #** 112117-690974

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**      Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Tammy Spriggs
**DATE:**      11/21/2017
**LOCATION:**  Jacksonville, FL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 2 | $95.00 | $190.00 |
| Certified - MPEG - Complimentary | 2 | $50.00 | $0.00 |
| | | SUBTOTAL | $190.00 |
| | | SHIPPING & HANDLING | $25.00 |
| | | TOTAL | $215.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| Beneficiary: | TSG REPORTING, INC. |
|---|---|

| Payment Initiated: | 01/08/2018 |
|---|---|
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 9,474.40 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 111417-690957 | 12/22/2017 | 2,073.55 |
| 111417-690958 | 12/22/2017 | 215.00 |
| 111417-690962 | 12/22/2017 | 1,601.30 |
| 111417-690963 | 12/22/2017 | 507.50 |
| 112117-690967 | 12/22/2017 | 1,828.90 |
| 112117-690968 | 12/22/2017 | 317.50 |
| 112117-690973 | 12/22/2017 | 2,715.65 |
| 112117-690974 | 12/22/2017 | 215.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# REPORTING

# INVOICE

**DATE:** 2/26/2018
**INVOICE #** 013118-704744
**JOB #** 136741

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Nicolas Valaperta (30B6: TBD)
**DATE:**        1/31/2018
**LOCATION:**    Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 148 | $3.45 | $510.60 |
| Certified Transcript - Daily Delivery | 148 | $3.45 | $510.60 |
| Local Real-time Transcription (2) | 296 | $1.50 | $444.00 |
| Rough Transcript | 148 | $1.50 | $222.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 555 | $0.20 | $111.00 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 30 | $2.50 | $75.00 |
| Exhibits - OCR Processing | 555 | $0.30 | $166.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,039.70 |
| | | SHIPPING & HANDLING | $65.00 |
| | | **TOTAL** | $2,104.70 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



# INVOICE

**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**DATE:** 2/26/2018
**INVOICE #** 013118-704745
**JOB #** 136741

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**    Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Nicolas Valaperta (30B6: TBD)
**DATE:**    1/31/2018
**LOCATION:**    Chicago, IL

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          TSG REPORTING, INC.

| | |
|---|---|
| Payment Initiated: | 04/04/2018 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 5,524.55 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 013118-704744 | 02/26/2018 | 2,104.70 |
| 013118-704745 | 02/26/2018 | 420.00 |
| 020218-704748 | 02/28/2018 | 2,674.85 |
| 020218-704749 | 02/28/2018 | 325.00 |
| **Total** | | **5,524.55** |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide ~ 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 4/25/2018
**INVOICE #** 020118-621095
**JOB #** 136743

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**      Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**   Susan Franklin (30B6: Bank of America)
**DATE:**      2/1/2018
**LOCATION:**  Columbus, OH

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|:---:|:---:|:---:|
| Certified Transcript | 309 | $3.45 | $1,066.05 |
| Certified Transcript - Evening Pages | 39 | $1.25 | $48.75 |
| Local Real-time Transcription | 309 | $1.75 | $540.75 |
| Rough Transcript | 309 | $1.75 | $540.75 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 270 | $0.20 | $54.00 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 266 | $2.50 | $665.00 |
| Exhibits - OCR Processing | 270 | $0.30 | $81.00 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,996.30 |
| | | SHIPPING & HANDLING | $65.00 |
| | | TOTAL | $3,061.30 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide · 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

**DATE:** 4/25/2018
**INVOICE #** 020118-621096
**JOB #** 136743

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

| | |
|---|---|
| **CASE:** | Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA |
| **WITNESS:** | Susan Franklin (30B6: Bank of America) |
| **DATE:** | 2/1/2018 |
| **LOCATION:** | Columbus, OH |

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Videosynch / Tape | 5 | $95.00 | $475.00 |
| Certified - MPEG - Complimentary | 5 | $50.00 | $0.00 |
| | | SUBTOTAL | $475.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $515.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |
| Payment Initiated: | 05/09/2018 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 6,369.70 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 020118-621095 | 04/25/2018 | 3,061.30 |
| 020118-621096 | 04/25/2018 | 515.00 |
| 020218-621100 | 04/25/2018 | 2,373.40 |
| 020218-621101 | 04/25/2018 | 420.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide · 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

# INVOICE

DATE: 4/25/2018
INVOICE # 020218-621100
JOB # 136747

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:** Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:** Susan Franklin cont w/ pg ?
**DATE:** 2/2/2018
**LOCATION:** Columbus, OH

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 192 | $3.45 | $662.40 |
| Certified Transcript - Early AM Pages | 16 | $1.25 | $20.00 |
| Local Real-time Transcription (2) | 384 | $1.75 | $672.00 |
| Rough Transcript | 192 | $1.75 | $336.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 706 | $0.20 | $141.20 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 112 | $2.50 | $280.00 |
| Exhibits - OCR Processing | 706 | $0.30 | $211.80 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,323.40 |
| | | SHIPPING & HANDLING | $50.00 |
| | | TOTAL | $2,373.40 |

Please make all checks payable to: TSG Reporting, Inc.       Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 4/25/2018
**INVOICE #** 020218-621101
**JOB #** 136747

**Bill To:**    Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Susan Franklin cont w/ pg ?
**DATE:**       2/2/2018
**LOCATION:**   Columbus, OH

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|----------|-----------|-------|--------|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|----------|---------------|------------|--------|
| Videosynch / Tape | 4 | $95.00 | $380.00 |
| Certified - MPEG - Complimentary | 4 | $50.00 | $0.00 |
| | | SUBTOTAL | $380.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | TOTAL | $420.00 |

Please make all checks payable to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  747 Third Avenue, Suite 10A  New York, NY 10017
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          TSG REPORTING, INC.

Payment Initiated:    05/09/2018
Vendor Number:        253931
Jones Day ID:         011101
Total Amount:         6,369.70
Currency:             USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 020118-621095 | 04/25/2018 | 3,061.30 |
| 020118-621096 | 04/25/2018 | 515.00 |
| 020218-621100 | 04/25/2018 | 2,373.40 |
| 020218-621101 | 04/25/2018 | 420.00 |
| **Total** | | **6,369.70** |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 2/28/2018
**INVOICE #** 020218-704748
**JOB #** 136744

**Bill To:**   Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**       Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**    Eve Kaplan cont w/ pg 301 (30B6: U.S. Bank) cont w/ pg ?
**DATE:**       2/2/2018
**LOCATION:**   Boston, MA

**Billing Comments / Instructions:**

| SHIP VIA | Overnight | TERMS | net 30 |
|---|---|---|---|

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 198 | $3.45 | $683.10 |
| Certified Transcript - Early AM Pages | 49 | $1.25 | $61.25 |
| Local Real-time Transcription | 198 | $1.75 | $346.50 |
| Rough Transcript | 198 | $1.50 | $297.00 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $45.00 | $0.00 |
| Exhibits - Hard, Scanned & Hyperlinked - B&W | 736 | $0.20 | $147.20 |
| Exhibits - Hard, Scanned & Hyperlinked - Color | 305 | $2.50 | $762.50 |
| Exhibits - OCR Processing | 1041 | $0.30 | $312.30 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| | | SUBTOTAL | $2,609.85 |
| | | SHIPPING & HANDLING | $65.00 |
| | | TOTAL | $2,674.85 |

Please mail all payments to: TSG Reporting, Inc.        Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  PO Box 95568  Grapevine, TX 76099-9708
For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**



**Worldwide - 24 Hours**
**(877) 702-9580**
**www.tsgreporting.com**

**REPORTING**

# INVOICE

**DATE:** 2/28/2018
**INVOICE #** 020218-704749
**JOB #** 136744

**Bill To:**     Nancy Adamczyk
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**CASE:**        Phoenix Light SF Limited, et al. v. U.S. Bank National Association and Bank of America, NA
**WITNESS:**     Eve Kaplan cont w/ pg 301 (30B6: U.S. Bank) cont w/ pg ?
**DATE:**        2/2/2018
**LOCATION:**    Boston, MA

**Billing Comments / Instructions:**

| **SHIP VIA** | Overnight | **TERMS** | net 30 |
|---|---|---|---|

| **SERVICES** | **# PAGES / QTY** | **UNIT PRICE** | **AMOUNT** |
|---|---|---|---|
| Videosynch / Tape | 3 | $95.00 | $285.00 |
| Certified - MPEG - Complimentary | 3 | $50.00 | $0.00 |
| | | SUBTOTAL | $285.00 |
| | | SHIPPING & HANDLING | $40.00 |
| | | **TOTAL** | $325.00 |

Please mail all payments to: TSG Reporting, Inc.     Federal ID # 41-2085745
Remit to: TSG Reporting, Inc.  PO Box 95568  Grapevine, TX  76099-9708
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of
1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | TSG REPORTING, INC. |

| | |
|---|---|
| Payment Initiated: | 04/04/2018 |
| Vendor Number: | 253931 |
| Jones Day ID: | 011101 |
| Total Amount: | 5,524.55 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| 013118-704744 | 02/26/2018 | 2,104.70 |
| 013118-704745 | 02/26/2018 | 420.00 |
| 020218-704748 | 02/28/2018 | 2,674.85 |
| 020218-704749 | 02/28/2018 | 325.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**INVOICE**

Page   1

|  | **Phone:** | **770-390-2700** |
|---|---|---|

| | | |
|---|---|---|
| Jones Day | **Invoice #:** | M-179248 |
| 901 Lakeside Avenue East | **Invoice Date:** | 02/28/18 |
| Suite 2 | **Our Order #:** | MP-162041-01 |
| Cleveland, OH  44114-1190 | **Customer #:** | 101029 |

Attn:  SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 02/08/18

.

Deponent: Thomas Donovan

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Production & Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition (Technical) Transcript - Original | 310 | PAGE | $3.65 | $1,131.50 |
| Deposition Appearance Fee - Regular - Full Day | 1 | HOUR | $90.00 | $90.00 |
| Interactive Realtime | 265 | EACH | $1.25 | $331.25 |
| Rough ASCII | 265 | EACH | $1.20 | $318.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | | |
|---|---|---|
| **Subtotal:** | **$1,970.75** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,970.75** |

**Depo Location:**     1251 Avenue of the Americas
New York, NY  10020

Thank You. Your Business is appreciated.

**REMIT TO:**

**Document Technologies, LLC**
**DBA Epiq Court Reporting**
**PO Box 936158**
**Atlanta, GA 31193-6158**

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ████0248
Beneficiary Account #: ████6904
Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI



# epIQ

**INVOICE**

Page    1

**Phone:    770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:**  M-179249 |
| 901 Lakeside Avenue East | **Invoice Date:**  02/28/18 |
| Suite 2 | **Our Order #:**  MP-162041-02 |
| Cleveland, OH  44114-1190 | **Customer #:**  101029 |

Attn:  SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 02/08/18

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: Thomas Donovan | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 7 | EACH | $20.00 | $140.00 |
| Video Hourly | 8 | HOUR | $135.00 | $1,080.00 |
| | | | **Subtotal:** | **$1,235.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$1,235.00** |

**Depo Location:**    1251 Avenue of the Americas
New York, NY  10020

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮0248
Beneficiary Account #: ▮6904
Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

**Payment Remittance Advice**

Beneficiary:          EPIQ COURT REPORTING

Payment Initiated:    03/12/2018
Vendor Number:        334502
Jones Day ID:         011101
Total Amount:         8,004.30
Currency:             USD

**Remittance Detail**

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-179232 | 02/28/2018 | 1,505.00 |
| M-179248 | 02/28/2018 | 1,970.75 |
| M-179249 | 02/28/2018 | 1,235.00 |
| M-179254 | 02/28/2018 | 2,011.05 |
| M-179255 | 02/28/2018 | 1,282.50 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**INVOICE**

Page   1

**Phone:**   **770-390-2700**

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH  44114-1190

| | |
|---|---|
| **Invoice #:** | M-179254 |
| **Invoice Date:** | 02/28/18 |
| **Our Order #:** | MP-162044-01 |
| **Customer #:** | 101029 |

Attn:  SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 02/09/18

.

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: Harin De Silva | | | | |
| Deposition Transcript - Original | 315 | PAGE | $3.65 | $1,149.75 |
| Production & Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition Appearance Fee - Regular - Full Day | 1 | HOUR | $90.00 | $90.00 |
| Interactive Realtime | 274 | EACH | $1.25 | $342.50 |
| Rough ASCII | 274 | EACH | $1.20 | $328.80 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | |
|---|---|
| **Subtotal:** | **$2,011.05** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$2,011.05** |

**Depo Location:**   1251 Avenue of the Americas
New York, NY  10020

Thank You. Your Business is appreciated.

REMIT TO:
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: ████0248
Beneficiary Account #: ████6904
Beneficiary Name: Epiq

**epiq**

**Phone:**   **770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:** M-179255 |
| 901 Lakeside Avenue East | **Invoice Date:** 02/28/18 |
| Suite 2 | **Our Order #:** MP-162044-02 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

|  | **QTY** | **UNIT** | **UNIT PRICE** | **TOTAL** |
|---|---|---|---|---|
| Phoenix Light v. U.S. Bank and Bank of America | | | | |
| Job Date: 02/09/18 | | | | |
| . | | | | |
| Deponent: Harin De Silva | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 6 | EACH | $20.00 | $120.00 |
| Video Hourly | 8.5 | HOUR | $135.00 | $1,147.50 |

|  |  |
|---|---|
| **Subtotal:** | **$1,282.50** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,282.50** |

**Depo Location:**   1251 Avenue of the Americas
New York, NY  10020

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮▮▮0248
Beneficiary Account #: ▮▮▮6904
Beneficiary Name: Epiq

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | EPIQ COURT REPORTING |
| Payment Initiated: | 03/12/2018 |
| Vendor Number: | 334502 |
| Jones Day ID: | 011101 |
| Total Amount: | 8,004.30 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-179232 | 02/28/2018 | 1,505.00 |
| M-179248 | 02/28/2018 | 1,970.75 |
| M-179249 | 02/28/2018 | 1,235.00 |
| M-179254 | 02/28/2018 | 2,011.05 |
| M-179255 | 02/28/2018 | 1,282.50 |
| **Total** | | **8,004.30** |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**Phone:**    770-390-2700

| | |
|---|---|
| Jones Day | **Invoice #:** M-190429 |
| 901 Lakeside Avenue East | **Invoice Date:** 04/30/18 |
| Suite 2 | **Our Order #:** MP-167304-01 |
| Cleveland, OH 44114-1190 | **Customer #:** 101029 |

Attn:   JOSEPH VAN ASTEN

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 03/30/18

.
Deponent: David Gault

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Production, Handling & Delivery | 1 | EACH | $35.00 | $35.00 |
| Rough ASCII | 173 | EACH | $1.20 | $207.60 |
| Interactive Realtime | 173 | EACH | $1.25 | $216.25 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| Deposition (Technical) Transcript - Copy | 210 | PAGE | $3.25 | $682.50 |

| | |
|---|---|
| **Subtotal:** | **$1,206.35** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,206.35** |

**Depo Location:**    9040 Towncenter Parkway
Bradenton, FL  34202

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
**ABA Routing #:** ▮0248
**Beneficiary Account #:** ▮6904
**Beneficiary Name:** Epiq

epiq

**Phone:    770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:** M-190431 |
| 901 Lakeside Avenue East | **Invoice Date:** 04/30/18 |
| Suite 2 | **Our Order #:** MP-167304-03 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 03/30/18

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: David Gault | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Video Hourly | 6 | HOUR | $135.00 | $810.00 |
| Tape Stock - DV Cam | 3 | EACH | $20.00 | $60.00 |
| | | | **Subtotal:** | **$885.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$885.00** |

**Depo Location:**     9040 Towncenter Parkway
Bradenton, FL  34202

Thank You. Your Business is appreciated.

REMIT TO:
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #:    ▇0248
Beneficiary Account #:    ▇6904
Beneficiary Name: Epiq

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | EPIQ COURT REPORTING |

| | |
|---|---|
| Payment Initiated: | 05/11/2018 |
| Vendor Number: | 334502 |
| Jones Day ID: | 011101 |
| Total Amount: | 8,918.80 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-190218 | 04/30/2018 | 920.85 |
| M-190219 | 04/30/2018 | 615.00 |
| M-190429 | 04/30/2018 | 1,206.35 |
| M-190431 | 04/30/2018 | 885.00 |
| M-190433 | 04/30/2018 | 1,187.65 |
| M-190434 | 04/30/2018 | 750.00 |
| M-190441 | 04/30/2018 | 962.30 |
| M-190443 | 04/30/2018 | 424.00 |
| M-190450 | 04/30/2018 | 1,082.65 |
| M-190451 | 04/30/2018 | 885.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**Phone:**    770-390-2700

| | |
|---|---|
| Jones Day | **Invoice #:**    M-190450 |
| 901 Lakeside Avenue East | **Invoice Date:**    04/30/18 |
| Suite 2 | **Our Order #:**    MP-169672-01 |
| Cleveland, OH 44114-1190 | **Customer #:**    101029 |

Attn:  ALBERT ROTA

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 04/05/18

.

Deponent: Alex Cigolle

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Production, Handling & Delivery | 1 | EACH | $35.00 | $35.00 |
| Rough ASCII | 157 | EACH | $1.20 | $188.40 |
| Interactive Realtime | 157 | EACH | $1.25 | $196.25 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| Deposition (Technical) Transcript - Copy | 184 | PAGE | $3.25 | $598.00 |

| | |
|---|---|
| **Subtotal:** | **$1,082.65** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,082.65** |

**Depo Location:**    1701 Market Street
Philadelphia, PA  19103

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #:      0248
Beneficiary Account #:      6904
Beneficiary Name: Epiq



**INVOICE**

Page    1

**Phone:**    **770-390-2700**

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH  44114-1190

Attn:  NANCY ADAMCZYK

| | |
|---|---|
| **Invoice #:** | M-190451 |
| **Invoice Date:** | 04/30/18 |
| **Our Order #:** | MP-169672-02 |
| **Customer #:** | 101029 |

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 04/05/18

.

Deponent: Alex Cigolle

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Video Hourly | 6 | HOUR | $135.00 | $810.00 |
| Tape Stock - DV Cam | 3 | EACH | $20.00 | $60.00 |
| | | | **Subtotal:** | **$885.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$885.00** |

**Depo Location:**      1701 Market Street
Philadelphia, PA  19103

Thank You. Your Business is appreciated.

REMIT TO:

Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: ▆0248
Beneficiary Account #: ▆6904
Beneficiary Name: Epiq

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | EPIQ COURT REPORTING |

| | |
|---|---|
| Payment Initiated: | 05/11/2018 |
| Vendor Number: | 334502 |
| Jones Day ID: | 011101 |
| Total Amount: | 8,918.80 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-190218 | 04/30/2018 | 920.85 |
| M-190219 | 04/30/2018 | 615.00 |
| M-190429 | 04/30/2018 | 1,206.35 |
| M-190431 | 04/30/2018 | 885.00 |
| M-190433 | 04/30/2018 | 1,187.65 |
| M-190434 | 04/30/2018 | 750.00 |
| M-190441 | 04/30/2018 | 962.30 |
| M-190443 | 04/30/2018 | 424.00 |
| M-190450 | 04/30/2018 | 1,082.65 |
| M-190451 | 04/30/2018 | 885.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiQ

**Phone:**    **770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:** M-190441 |
| 901 Lakeside Avenue East | **Invoice Date:** 04/30/18 |
| Suite 2 | **Our Order #:** MP-169635-01 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:   JOSEPH VAN ASTEN

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 04/05/18

Deponent: Munish Sood

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Production, Handling & Delivery | 1 | EACH | $35.00 | $35.00 |
| Rough ASCII | 127 | EACH | $1.20 | $152.40 |
| Interactive Realtime | 127 | EACH | $1.25 | $158.75 |
| Deposition (Technical) Transcript - Original | 151 | PAGE | $3.65 | $551.15 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |

|  |  |
|---|---|
| **Subtotal:** | **$962.30** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$962.30** |

**Depo Location:**    301 Carnegie Center
Suite 400
Princeton, NJ  08543-5276

Thank You. Your Business is appreciated.

REMIT TO:
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: ▇▇0248
Beneficiary Account #: ▇▇6904
Beneficiary Name: Epiq

# epiq

**INVOICE**

Page     1

**Phone:**     **770-390-2700**

Jones Day
2727 North Harwood Street
Dallas, TX  75201-1515

**Invoice #:**      M-190443
**Invoice Date:**   04/30/18
**Our Order #:**    MP-169635-02
**Customer #:**     105868

Attn:  JOSEPH VAN ASTEN

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 04/05/18

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Deponent: Munish Sood | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Video Hourly | 3 | HOUR | $135.00 | $405.00 |
| Tape Stock - DV Cam | 2 | EACH | $2.00 | $4.00 |

|  | |
|---|---|
| **Subtotal:** | **$424.00** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$424.00** |

**Depo Location:**     301 Carnegie Center
Suite 400
Princeton, NJ  08543-5276

Thank You. Your Business is appreciated.

REMIT TO:
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

PLEASE PAY FROM THIS INVOICE
ABA Routing #:        0248
Beneficiary Account #:         6904
Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | EPIQ COURT REPORTING |

| | |
|---|---|
| Payment Initiated: | 05/11/2018 |
| Vendor Number: | 334502 |
| Jones Day ID: | 011101 |
| Total Amount: | 8,918.80 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-190218 | 04/30/2018 | 920.85 |
| M-190219 | 04/30/2018 | 615.00 |
| M-190429 | 04/30/2018 | 1,206.35 |
| M-190431 | 04/30/2018 | 885.00 |
| M-190433 | 04/30/2018 | 1,187.65 |
| M-190434 | 04/30/2018 | 750.00 |
| M-190441 | 04/30/2018 | 962.30 |
| M-190443 | 04/30/2018 | 424.00 |
| M-190450 | 04/30/2018 | 1,082.65 |
| M-190451 | 04/30/2018 | 885.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

| | Phone: | 770-390-2700 |
|---|---|---|

| | | |
|---|---|---|
| Jones Day | Invoice #: | M-190433 |
| 901 Lakeside Avenue East | Invoice Date: | 04/30/18 |
| Suite 2 | Our Order #: | MP-167949-02 |
| Cleveland, OH 44114-1190 | Customer #: | 101029 |

Attn:  MICHAEL MARCUCCI

Terms: NET 30 DAY

**Case No: 14-10116**

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Phoenix Light v. U.S. Bank and Bank of America | | | | |
| Job Date: 04/06/18 | | | | |
| . | | | | |
| Deponent: Diane Westerback | | | | |
| Deposition (Technical) Transcript - Original | 176 | PAGE | $3.65 | $642.40 |
| Production, Handling & Delivery | 1 | EACH | $35.00 | $35.00 |
| Deposition Appearance Fee - Regular - Full Day | 1 | HOUR | $90.00 | $90.00 |
| Interactive Realtime with Laptop | 145 | EACH | $1.25 | $181.25 |
| Rough ASCII | 145 | EACH | $1.20 | $174.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | | |
|---|---|---|
| | Subtotal: | $1,187.65 |
| | Sales Tax | $0.00 |
| | Total Invoice USD | $1,187.65 |

**Depo Location:**     250 Vesey Street
New York, NY 10281

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #:        0248
Beneficiary Account #:        6904
Beneficiary Name: Epiq



**INVOICE**

Page    1

| | |
|---|---|
| **Phone:** | **770-390-2700** |

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH  44114-1190

| | |
|---|---|
| **Invoice #:** | M-190434 |
| **Invoice Date:** | 04/30/18 |
| **Our Order #:** | MP-167949-03 |
| **Customer #:** | 101029 |

Attn:  MICHAEL MARCUCCI

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 04/06/18

.

Deponent: Diane Westerback

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Delivery - Video | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 2 | EACH | $20.00 | $40.00 |
| Video Hourly | 5 | HOUR | $135.00 | $675.00 |

| | |
|---|---|
| **Subtotal:** | **$750.00** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$750.00** |

**Depo Location:**     250 Vesey Street
New York, NY  10281

Thank You. Your Business is appreciated.

---

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ████0248
Beneficiary Account #: ████6904
Beneficiary Name: Epiq

**For credit card payments, please visit**
https://ww2.e-billexpress.com/ebpp/DTI

**Jones Day**
**Financial Services**
**Accounts Payable**

## Payment Remittance Advice

Beneficiary:          EPIQ COURT REPORTING

Payment Initiated:    05/11/2018
Vendor Number:        334502
Jones Day ID:         011101
Total Amount:         8,918.80
Currency:             USD

## Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-190218 | 04/30/2018 | 920.85 |
| M-190219 | 04/30/2018 | 615.00 |
| M-190429 | 04/30/2018 | 1,206.35 |
| M-190431 | 04/30/2018 | 885.00 |
| M-190433 | 04/30/2018 | 1,187.65 |
| M-190434 | 04/30/2018 | 750.00 |
| M-190441 | 04/30/2018 | 962.30 |
| M-190443 | 04/30/2018 | 424.00 |
| M-190450 | 04/30/2018 | 1,082.65 |
| M-190451 | 04/30/2018 | 885.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**Phone:    770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:**   M-190218 |
| 901 Lakeside Avenue East | **Invoice Date:**   04/30/18 |
| Suite 2 | **Our Order #:**   MP-169675-01 |
| Cleveland, OH  44114-1190 | **Customer #:**   101029 |

Attn:  ALBERT ROTA

Terms: NET 30 DAY

**Case No: 14-10116**

| | **QTY** | **UNIT** | **UNIT PRICE** | **TOTAL** |
|---|---|---|---|---|
| Phoenix Light v. U.S. Bank and Bank of America | | | | |
| Job Date: 04/06/18 | | | | |
| . | | | | |
| Deponent: Tyler Wynn | | | | |
| Deposition (Technical) Transcript - Original | 143 | PAGE | $3.65 | $521.95 |
| Processing & Handling | 1 | EACH | $35.00 | $35.00 |
| Interactive Realtime | 122 | EACH | $1.25 | $152.50 |
| Rough ASCII | 122 | EACH | $1.20 | $146.40 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | | |
|---|---|---|
| | **Subtotal:** | **$920.85** |
| | **Sales Tax** | **$0.00** |
| | **Total Invoice USD** | **$920.85** |

**Depo Location:**    1701 Market Street
                      Philadelphia, PA  19103

Thank You. Your Business is appreciated.

**REMIT TO:**
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

**For credit card payments, please visit**
**https://ww2.e-billexpress.com/ebpp/DTI**

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮▮0248
Beneficiary Account #: ▮▮6904
Beneficiary Name: Epiq



INVOICE
Page    1

**Phone:    770-390-2700**

| | |
|---|---|
| Jones Day | **Invoice #:** M-190219 |
| 901 Lakeside Avenue East | **Invoice Date:** 04/30/18 |
| Suite 2 | **Our Order #:** MP-169675-02 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America
Job Date: 04/06/18

.

Deponent: Tyler Wynn

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Delivery - Video | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 2 | EACH | $20.00 | $40.00 |
| Video Hourly | 4 | HOUR | $135.00 | $540.00 |

|  |  |
|---|---|
| **Subtotal:** | **$615.00** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$615.00** |

**Depo Location:**     1701 Market Street
Philadelphia, PA  19103

Thank You. Your Business is appreciated.

REMIT TO:
Document Technologies, LLC
DBA Epiq Court Reporting
PO Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

PLEASE PAY FROM THIS INVOICE
ABA Routing #: ▮▮0248
Beneficiary Account #: ▮▮6904
Beneficiary Name: Epiq

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:            EPIQ COURT REPORTING

Payment Initiated:      05/11/2018
Vendor Number:          334502
Jones Day ID:           011101
Total Amount:           8,918.80
Currency:               USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-190218 | 04/30/2018 | 920.85 |
| M-190219 | 04/30/2018 | 615.00 |
| M-190429 | 04/30/2018 | 1,206.35 |
| M-190431 | 04/30/2018 | 885.00 |
| M-190433 | 04/30/2018 | 1,187.65 |
| M-190434 | 04/30/2018 | 750.00 |
| M-190441 | 04/30/2018 | 962.30 |
| M-190443 | 04/30/2018 | 424.00 |
| M-190450 | 04/30/2018 | 1,082.65 |
| M-190451 | 04/30/2018 | 885.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**INVOICE**

Page     1

**Email:**     customerinquiry@epiqglobal.com

| | |
|---|---|
| Jones Day | **Invoice #:** M-195730 |
| 901 Lakeside Avenue East | **Invoice Date:** 05/31/18 |
| Suite 2 | **Our Order #:** MP-171158-01 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  SHERLI FURST

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 05/04/18 | | | | |
| Deponent: Michael McLoughlin | | | | |
| Deposition Transcript - Original | 226 | PAGE | $3.65 | $824.90 |
| Delivery - Transcript | 1 | EACH | $35.00 | $35.00 |
| Deposition Appearance Fee - Regular - Full Day | 1 | HOUR | $90.00 | $90.00 |
| Interactive Realtime | 195 | EACH | $1.25 | $243.75 |
| Rough ASCII | 195 | EACH | $1.20 | $234.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | | |
|---|---|---|
| | **Subtotal:** | **$1,492.65** |
| | **Sales Tax** | **$0.00** |
| | **Total Invoice USD** | **$1,492.65** |

**Depo Location:**     399 Park Avenue
Suite 3600
New York, NY  10022

Thank You. Your Business is appreciated.

**REMIT TO:**
**Epiq Court Reporting**
**P.O. Box 936158**
**Atlanta, GA  31193-6158**

**For credit card payments, please visit**
**https://ww2.e-billexpress.com/ebpp/DTI**

**PLEASE PAY FROM THIS INVOICE**
**ABA Routing #:** ████0248
**Beneficiary Account #:** ███6904
**Beneficiary Name: Epiq**

**Tax ID: 20-2665382**



**INVOICE**
Page   1

**Email:     customerinquiry@epiqglobal.com**

| | |
|---|---|
| Jones Day | **Invoice #:** M-195733 |
| 901 Lakeside Avenue East | **Invoice Date:** 05/31/18 |
| Suite 2 | **Our Order #:** MP-171158-02 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:   SHERLI FURST

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | **QTY** | **UNIT** | **UNIT PRICE** | **TOTAL** |
|---|---|---|---|---|
| Job Date: 05/04/18 | | | | |
| Deponent: Michael McLoughlin | | | | |
| Tape Stock - DV Cam | 5 | EACH | $20.00 | $100.00 |
| Video Hourly | 5 | HOUR | $135.00 | $675.00 |
| | | | **Subtotal:** | $775.00 |
| | | | **Sales Tax** | $0.00 |
| | | | **Total Invoice USD** | $775.00 |

**Depo Location:**   399 Park Avenue
Suite 3600
New York, NY  10022

Thank You. Your Business is appreciated.

**REMIT TO:**
Epiq Court Reporting
P.O. Box 936158
Atlanta, GA  31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ███0248
Beneficiary Account #: ██6904
Beneficiary Name: Epiq

Tax ID: 20-2665382

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:           EPIQ COURT REPORTING

Payment Initiated:     06/11/2018
Vendor Number:         334502
Jones Day ID:          011101
Total Amount:          2,267.65
Currency:              USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-195730 | 05/31/2018 | 1,492.65 |
| M-195733 | 05/31/2018 | 775.00 |
| **Total** | | 2,267.65 |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**epiq**

**Email:**       customerinquiry@epiqglobal.com

| | |
|---|---|
| Jones Day | **Invoice #:** M-210820 |
| 901 Lakeside Avenue East | **Invoice Date:** 08/27/18 |
| Suite 2 | **Our Order #:** MP-183437-02 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  MICHAEL MARCUCCI

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| Job Date: 07/19/18 | | | | | |
| Deponent: Ivan Halpern | | | | | |
| Delivery - Video | | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | | 1 | EACH | $20.00 | $20.00 |
| Video Hourly | | 3 | HOUR | $135.00 | $405.00 |

|  |  |
|---|---|
| **Subtotal:** | **$440.00** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$440.00** |

**Depo Location:**       250 Vesey Street
New York, NY  10281

Thank You. Your Business is appreciated.

**REMIT TO:**
**Epiq Court Reporting**
**P.O. Box 936158**
**Atlanta, GA  31193-6158**

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #:          0248
Beneficiary Account #:          6904
Beneficiary Name: Epiq

Tax ID: 20-2665382

# epiq

**Email:** **customerinquiry@epiqglobal.com**

Jones Day
901 Lakeside Avenue East
Suite 2
Cleveland, OH 44114-1190

| | |
|---|---|
| **Invoice #:** | M-208970 |
| **Invoice Date:** | 08/15/18 |
| **Our Order #:** | MP-183437-01 |
| **Customer #:** | 101029 |

Attn: MICHAEL MARCUCCI

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America

Job Date: 07/19/18
Deponent: Ivan Halpern

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Delivery - Transcript | 1 | EACH | $35.00 | $35.00 |
| Deposition (Technical/Expert) Transcript - Copy | 114 | PAGE | $3.65 | $416.10 |
| Deposition Appearance Fee - Regular - Half Day | 1 | HOUR | $45.00 | $45.00 |
| Interactive Realtime | 93 | EACH | $1.25 | $116.25 |
| Rough ASCII | 93 | EACH | $1.20 | $111.60 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | | |
|---|---|---|
| | **Subtotal:** | **$788.95** |
| | **Sales Tax** | **$0.00** |
| | **Total Invoice USD** | **$788.95** |

**Depo Location:** 250 Vesey Street
New York, NY 10281

Thank You. Your Business is appreciated.

**REMIT TO:**
**Epiq Court Reporting**
P.O. Box 936158
Atlanta, GA 31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮▮▮0248
Beneficiary Account #: ▮▮▮6904
Beneficiary Name: Epiq

Tax ID: 20-2665382

**Jones Day**
**Financial Services**
**Accounts Payable**

## Payment Remittance Advice

Beneficiary:                EPIQ COURT REPORTING

| | |
|---|---|
| Payment Initiated: | 08/24/2018 |
| Vendor Number: | 271017 |
| Jones Day ID: | 011101 |
| Total Amount: | 788.95 |
| Currency: | USD |

## Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-208970 | 08/15/2018 | 788.95 |
| Total | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:                EPIQ COURT REPORTING

| | |
|---|---|
| Payment Initiated: | 09/21/2018 |
| Vendor Number: | 271017 |
| Jones Day ID: | 011101 |
| Total Amount: | 440.00 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-210820 | 08/27/2018 | 440.00 |
| **Total**  | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

# epiq

**Email:    customerinquiry@epiqglobal.com**

| | |
|---|---|
| Jones Day | **Invoice #:**    M-215513 |
| 901 Lakeside Avenue East | **Invoice Date:**    09/24/18 |
| Suite 2 | **Our Order #:**    MP-186537-01 |
| Cleveland, OH  44114-1190 | **Customer #:**    101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/16/18 | | | | |
| Deponent: Angel Wong | | | | |
| Deposition (Technical/Expert) Transcript - Original | 189 | PAGE | $3.65 | $689.85 |
| Deposition Appearance Fee - Regular - Full Day | 1 | HOUR | $135.00 | $135.00 |
| Interactive Realtime | 165 | EACH | $1.25 | $206.25 |
| Rough ASCII | 165 | EACH | $1.20 | $198.00 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | | |
|---|---|---|
| | **Subtotal:** | **$1,294.10** |
| | **Sales Tax** | **$0.00** |
| | **Total Invoice USD** | **$1,294.10** |

**Depo Location:**    399 Park Avenue
Suite 3600
New York, NY  10022

Thank You. Your Business is appreciated.

**REMIT TO:**
**Epiq Court Reporting**
**P.O. Box 936158**
**Atlanta, GA  31193-6158**

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▮▮▮▮0248
Beneficiary Account #: ▮▮▮▮6904
Beneficiary Name: Epiq

Tax ID: 20-2665382

# epiq

**INVOICE**

Page    1

**Email:**     customerinquiry@epiqglobal.com

| | |
|---|---|
| Jones Day | **Invoice #:** M-215514 |
| 901 Lakeside Avenue East | **Invoice Date:** 09/24/18 |
| Suite 2 | **Our Order #:** MP-186537-03 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  NANCY ADAMCZYK

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/16/18 | | | | |
| Deponent: Angel Wong | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 6 | EACH | $20.00 | $120.00 |
| Video Hourly | 6 | HOUR | $135.00 | $810.00 |
| | | | **Subtotal:** | **$945.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$945.00** |

**Depo Location:**     399 Park Avenue
Suite 3600
New York, NY  10022

Thank You. Your Business is appreciated.

---

**REMIT TO:**

**Epiq Court Reporting**
P.O. Box 936158
Atlanta, GA  31193-6158

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ███0248
Beneficiary Account #: ███6904
Beneficiary Name: Epiq

Tax ID: 20-2665382

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

| | |
|---|---|
| Beneficiary: | EPIQ COURT REPORTING |
| Payment Initiated: | 09/26/2018 |
| Vendor Number: | 271017 |
| Jones Day ID: | 011101 |
| Total Amount: | 3,824.00 |
| Currency: | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-215502 | 09/24/2018 | 909.90 |
| M-215503 | 09/24/2018 | 675.00 |
| M-215513 | 09/24/2018 | 1,294.10 |
| M-215514 | 09/24/2018 | 945.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

**epiq**

INVOICE

Page    1

**Email:     customerinquiry@epiqglobal.com**

| | |
|---|---|
| Jones Day | **Invoice #:** M-215502 |
| 90 South 7th Street | **Invoice Date:** 09/24/18 |
| Suite 4950 | **Our Order #:** MP-185754-03 |
| Minneapolis, MN 55402 | **Customer #:** 119834 |

Attn:  SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/24/18 | | | | |
| Deponent: William Cody | | | | |
| Shipping and Handling | 1 | EACH | $35.00 | $35.00 |
| Deposition (Technical/Expert) Transcript - Copy | 146 | PAGE | $3.50 | $511.00 |
| Interactive Realtime with Laptop | 122 | EACH | $1.25 | $152.50 |
| Rough ASCII | 122 | EACH | $1.20 | $146.40 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

| | | |
|---|---|---|
| | **Subtotal:** | **$909.90** |
| | **Sales Tax** | **$0.00** |
| | **Total Invoice USD** | **$909.90** |

**Depo Location:**     Executive Room 4
598 Broad Hollow Road
Melville, NY 11747

Thank You. Your Business is appreciated.

**REMIT TO:**
**Epiq Court Reporting**
**P.O. Box 936158**
**Atlanta, GA 31193-6158**

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ▇▇▇0248
Beneficiary Account #: ▇▇6904
Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

Tax ID: 20-2665382



**epiq**

INVOICE
Page    1

**Email:    customerinquiry@epiqglobal.com**

| | |
|---|---|
| Jones Day | **Invoice #:** M-215503 |
| 901 Lakeside Avenue East | **Invoice Date:** 09/24/18 |
| Suite 2 | **Our Order #:** MP-185754-04 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:  SAM WALLING

Terms: NET 30 DAY

**Case No: 14-10116**

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 08/24/18 | | | | |
| Deponent: William Cody | | | | |
| Delivery - Video | 1 | EACH | $15.00 | $15.00 |
| Tape Stock - DV Cam | 6 | EACH | $20.00 | $120.00 |
| Video Hourly | 4 | HOUR | $135.00 | $540.00 |
| | | | **Subtotal:** | **$675.00** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$675.00** |

**Depo Location:**    Executive Room 4
598 Broad Hollow Road
Melville, NY  11747

Thank You. Your Business is appreciated.

REMIT TO:                                                   PLEASE PAY FROM THIS INVOICE
**Epiq Court Reporting**                             ABA Routing #: ▮▮0248
**P.O. Box 936158**                          Beneficiary Account #: ▮▮6904
**Atlanta, GA  31193-6158**                            Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

Tax ID: 20-2665382

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          EPIQ COURT REPORTING

Payment Initiated:    09/26/2018
Vendor Number:        271017
Jones Day ID:         011101
Total Amount:         3,824.00
Currency:             USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-215502 | 09/24/2018 | 909.90 |
| M-215503 | 09/24/2018 | 675.00 |
| M-215513 | 09/24/2018 | 1,294.10 |
| M-215514 | 09/24/2018 | 945.00 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com



**Email:    customerinquiry@epiqglobal.com**

| | |
|---|---|
| Jones Day | **Invoice #:** M-219672 |
| 901 Lakeside Avenue East | **Invoice Date:** 10/22/18 |
| Suite 2 | **Our Order #:** MP-192291-01 |
| Cleveland, OH 44114-1190 | **Customer #:** 101029 |

Attn:  JOSEPH VAN ASTEN

Terms: NET 30 DAY

Case No: 14-10116

Phoenix Light v. U.S. Bank and Bank of America

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Job Date: 09/18/18 | | | | |
| Deponent: Peter Collins | | | | |
| Administrative Fee - Court Reporting | 1 | EACH | $35.00 | $35.00 |
| Deposition (Technical/Expert) Transcript - Copy | 350 | PAGE | $3.25 | $1,137.50 |
| Interactive Realtime | 305 | EACH | $1.20 | $366.00 |
| Rough ASCII | 305 | EACH | $1.25 | $381.25 |
| Exhibit Scanning - OCR-PDF | 1 | PAGE | $45.00 | $45.00 |
| TotalTranscript CD | 1 | EACH | $20.00 | $20.00 |

|  | | |
|---|---|---|
| **Subtotal:** | **$1,984.75** |
| **Sales Tax** | **$0.00** |
| **Total Invoice USD** | **$1,984.75** |

Thank You. Your Business is appreciated.

---

**REMIT TO:**
**Epiq Court Reporting**
**P.O. Box 936158**
**Atlanta, GA  31193-6158**

**For credit card payments, please visit**
**https://ww2.e-billexpress.com/ebpp/DTI**

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: 0248
Beneficiary Account #: 6904
Beneficiary Name: Epiq

**Tax ID: 20-2665382**

**epiq**

**Email:    customerinquiry@epiqglobal.com**

| | |
|---|---|
| Jones Day | **Invoice #:** M-219673 |
| 901 Lakeside Avenue East | **Invoice Date:** 10/22/18 |
| Suite 2 | **Our Order #:** MP-192291-02 |
| Cleveland, OH  44114-1190 | **Customer #:** 101029 |

Attn:   JOSEPH VAN ASTEN

Terms: NET 30 DAY

**Case No: 14-10116**

| | QTY | UNIT | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| Phoenix Light v. U.S. Bank and Bank of America | | | | |
| | | | | |
| Job Date: 09/18/18 | | | | |
| Deponent: Peter Collins | | | | |
| Delivery - Video | 1 | EACH | $35.00 | $35.00 |
| Tape Stock - DV Cam | 8 | EACH | $20.00 | $160.00 |
| Video Hourly | 9.5 | HOUR | $135.00 | $1,282.50 |
| | | | **Subtotal:** | **$1,477.50** |
| | | | **Sales Tax** | **$0.00** |
| | | | **Total Invoice USD** | **$1,477.50** |

Thank You. Your Business is appreciated.

---

**REMIT TO:**
Epiq Court Reporting
P.O. Box 936158
Atlanta, GA  31193-6158

**PLEASE PAY FROM THIS INVOICE**
ABA Routing #: ____0248
Beneficiary Account #: ____6904
Beneficiary Name: Epiq

For credit card payments, please visit
https://ww2.e-billexpress.com/ebpp/DTI

Tax ID: 20-2665382

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:          **EPIQ COURT REPORTING**

| | |
|---|---|
| **Payment Initiated:** | 03/27/2019 |
| **Vendor Number:** | 271017 |
| **Jones Day ID:** | 011101 |
| **Total Amount:** | 3,462.25 |
| **Currency:** | USD |

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| M-219672 | 10/22/2018 | 1,984.75 |
| M-219673 | 10/22/2018 | 1,477.50 |
| **Total** | | |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

## Veritext Corporate Services, Inc.

290 West Mt. Pleasant Ave, Suite 2260
Livingston NJ 07039
Tel. 973-410-4098 Fax. 973-410-1313
Fed. Tax ID: 20-3457913



| | |
|---|---|
| **Bill To:** Nancy Adamczyk | |
| Jones Day | |
| 901 Lakeside Avenue | |
| Cleveland , OH, | |

| | |
|---|---|
| **Invoice #:** | CS3828410 |
| **Invoice Date:** | 7/24/2019 |
| **Balance Due:** | $4,807.00 |

| | |
|---|---|
| **Case:** | Phoenix Light v. US Bank |
| **Job #:** | 3396553 \| Job Date: 6/7/2019 \| Delivery: Normal |
| **Billing Atty:** | Nancy Adamczyk |
| **Location:** | Jones Day |
| | 21 Tudor Street |
| | London, OTHER EC4Y 0DJ |
| **Sched Atty:** | Sam Walling \| Jones Day |

| Witness | Description | Units | Quantity | Price | Amount |
|---|---|---|---|---|---|
| | Original with 1 Certified Transcript | Page | 124.00 | $5.75 | $713.00 |
| | Attendance Fee - Per Session | 1 | 1.00 | $275.00 | $275.00 |
| Joachim Erhardt | Realtime Services | Page | 124.00 | $1.75 | $217.00 |
| | Rough Draft | Page | 124.00 | $1.75 | $217.00 |
| | Litigation Package (all Electronic Files) | 1 | 1.00 | $20.00 | $20.00 |
| | Equipment Rental | 1 | 1.00 | $200.00 | $200.00 |
| | Original with 1 Certified Transcript | Page | 172.00 | $5.75 | $989.00 |
| | Realtime Services | Page | 172.00 | $1.75 | $301.00 |
| Rob Dubitsky | Rough Draft | Page | 172.00 | $1.75 | $301.00 |
| | Litigation Package (all Electronic Files) | 1 | 1.00 | $20.00 | $20.00 |
| | Realtime Services | Page | 296.00 | $1.75 | $518.00 |
| | Realtime Services | Page | 296.00 | $1.75 | $518.00 |
| | Realtime Services | Page | 296.00 | $1.75 | $518.00 |
| | Electronic Delivery and Handling | Package | 1.00 | $0.00 | $0.00 |

**To pay online, go to**
**www.veritext.com**

42639

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | CS3828410 |
| **Job #:** | 3396553 |
| **Invoice Date:** | 7/24/2019 |
| **Balance:** | $4,807.00 |

## Veritext Corporate Services, Inc.

290 West Mt. Pleasant Ave, Suite 2260
Livingston NJ 07039
Tel. 973-410-4098 Fax. 973-410-1313
Fed. Tax ID: 20-3457913



| | |
|---|---|
| **Notes:** Realtime Services : | |
| Sam Walling, Esq. | |
| Victoria Banson, Esq. | |
| witness: Rob Dubitsky | |
| Examiner: Allan Dyer | |

| | |
|---|---|
| **Invoice Total:** | $4,807.00 |
| **Payment:** | $0.00 |
| **Credit:** | $0.00 |
| **Interest:** | $0.00 |
| **Balance Due:** | $4,807.00 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1 5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

**To pay online, go to**
**www.veritext.com**

42639   Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | **CS3828410** |
| **Job #:** | **3396553** |
| **Invoice Date:** | **7/24/2019** |
| **Balance:** | **$4,807.00** |

**Jones Day**
**Financial Services**
**Accounts Payable**

### Payment Remittance Advice

Beneficiary:             VERITEXT

Payment Initiated:       07/30/2019
Vendor Number:           226597
Jones Day ID:            011101
Total Amount:            6,824.99
Currency:                USD

### Remittance Detail

| Invoice Number | Invoice Date | Amount Paid |
|---|---|---|
| CS3828410 | 07/24/2019 | 4,807.00 |
| CS3834434 | 07/25/2019 | 2,017.99 |
| TOTAL | | 6,824.99 |

This remittance advice is for informational purposes only.
Please confirm receipt of payment with your financial institution.

If you have any questions please contact us at APTeam@Jonesday.com

Dec 2, 2021                              1                              1:40:09 PM

## Veritext Corporate Services, Inc.

290 West Mt. Pleasant Ave, Suite 2260
Livingston NJ 07039
Tel. 973-410-4098 Fax. 973-410-1313
Fed. Tax ID: 20-3457913



| | | |
|---|---|---|
| **Bill To:** Nancy Adamczyk | **Invoice #:** | CS3828410 |
| Jones Day | **Invoice Date:** | 7/24/2019 |
| 901 Lakeside Avenue | **Balance Due:** | $4,807.00 |
| Cleveland , OH, | | |

| | |
|---|---|
| **Case:** | Phoenix Light v. US Bank |
| **Job #:** | 3396553 \| Job Date: 6/7/2019 \| Delivery: Normal |
| **Billing Atty:** | Nancy Adamczyk |
| **Location:** | Jones Day |
| | 21 Tudor Street |
| | London, OTHER EC4Y 0DJ |
| **Sched Atty:** | Sam Walling \| Jones Day |

| Witness | Description | Units | Quantity | Price | Amount |
|---|---|---|---|---|---|
| | Original with 1 Certified Transcript | Page | 124.00 | $5.75 | $713.00 |
| | Attendance Fee - Per Session | 1 | 1.00 | $275.00 | $275.00 |
| Joachim Erhardt | Realtime Services | Page | 124.00 | $1.75 | $217.00 |
| | Rough Draft | Page | 124.00 | $1.75 | $217.00 |
| | Litigation Package (all Electronic Files) | 1 | 1.00 | $20.00 | $20.00 |
| | Equipment Rental | 1 | 1.00 | $200.00 | $200.00 |
| | Original with 1 Certified Transcript | Page | 172.00 | $5.75 | $989.00 |
| Rob Dubitsky | Realtime Services | Page | 172.00 | $1.75 | $301.00 |
| | Rough Draft | Page | 172.00 | $1.75 | $301.00 |
| | Litigation Package (all Electronic Files) | 1 | 1.00 | $20.00 | $20.00 |
| | Realtime Services | Page | 296.00 | $1.75 | $518.00 |
| | Realtime Services | Page | 296.00 | $1.75 | $518.00 |
| | Realtime Services | Page | 296.00 | $1.75 | $518.00 |
| | Electronic Delivery and Handling | Package | 1.00 | $0.00 | $0.00 |

**To pay online, go to
www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

12639

**Please remit payment to:
Veritext
P.O. Box 71303
Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | CS3828410 |
| **Job #:** | 3396553 |
| **Invoice Date:** | 7/24/2019 |
| **Balance:** | $4,807.00 |

## Veritext Corporate Services, Inc.

290 West Mt. Pleasant Ave, Suite 2260
Livingston NJ 07039
Tel. 973-410-4098 Fax. 973-410-1313
Fed. Tax ID: 20-3457913



| | | |
|---|---|---|
| **Notes:** Realtime Services : | **Invoice Total:** | $4,807.00 |
| Sam Walling, Esq. | **Payment:** | $0.00 |
| Victoria Banson, Esq. | **Credit:** | $0.00 |
| witness: Rob Dubitsky | **Interest:** | $0.00 |
| Examiner: Allan Dyer | **Balance Due:** | $4,807.00 |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1 5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

**To pay online, go to
www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

2639

**Please remit payment to:
Veritext
P.O. Box 71303
Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | **CS3828410** |
| **Job #:** | **3396553** |
| **Invoice Date:** | **7/24/2019** |
| **Balance:** | **$4,807.00** |

**Veritext Corporate Services, Inc.**

290 West Mt. Pleasant Ave, Suite 2260
Livingston NJ 07039
Tel. 973-410-4098 Fax. 973-410-1313
Fed. Tax ID:20-3457913



| Bill To: | Sam Walling | | Invoice #: | CS3834434 |
|---|---|---|---|---|
| | Jones Day | | Invoice Date: | 7/25/2019 |
| | 90 South Seventh Street | | Balance Due: | $2,017.99 |
| | Suite 4950 | | | |
| | Minneapolis, MN, 55402 | | | |

| | |
|---|---|
| **Case:** | Phoenix Light v. US Bank |
| **Job #:** | 3396553 \| Job Date: 6/7/2019 \| Delivery: Normal |
| **Billing Atty:** | Sam Walling |
| **Location:** | Jones Day |
| | 21 Tudor Street |
| | London, OTHER EC4Y 0DJ |
| **Sched Atty:** | Sam Walling \| Jones Day |

| Witness | Description | Units | Quantity | Price | Amount |
|---|---|---|---|---|---|
| | Video - Extended Hours Surcharge | Hour | 0.50 | $187.50 | $93.75 |
| | Video Exhibits- Linked (LEF, PTZ, XMEF, SBF) | | 1.00 | $110.00 | $110.00 |
| Joachim Erhardt | Video - Media and Cloud Services | Per disk | 4.00 | $42.00 | $168.00 |
| | Video - Digitizing & Transcript Synchronization | Hour | 4.00 | $0.00 | $0.00 |
| | Video - Additional Hours | Hour | 7.50 | $135.00 | $1,012.50 |
| | Video Exhibits- Linked (LEF, PTZ, XMEF, SBF) | | 1.00 | $110.00 | $110.00 |
| Rob Dubitsky | Video - Media and Cloud Services | Per disk | 3.00 | $42.00 | $126.00 |
| | Video - Digitizing & Transcript Synchronization | Hour | 3.00 | $0.00 | $0.00 |
| | Video - Initial Fee | 1 | 1.00 | $270.00 | $270.00 |
| | Expenses (Out of Pocket) | 1 | 1.00 | $92.74 | $92.74 |
| | Shipping & Handling - Video Media | Package | 1.00 | $35.00 | $35.00 |

| Notes: | Expensive out of pocket: | | |
|---|---|---|---|
| | Taxis to and from location | **Invoice Total:** | $2,017.99 |
| | | **Payment:** | $0.00 |
| | | **Credit:** | $0.00 |
| | | **Interest:** | $0.00 |
| | | **Balance Due:** | $2,017.99 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

**To pay online, go to www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Please remit payment to:**
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| Invoice #: | CS3834434 |
|---|---|
| Job #: | 3396553 |
| Invoice Date: | 7/25/2019 |
| Balance: | $2,017.99 |

42639

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------- X
PHOENIX LIGHT SF LTD., BLUE HERON )
FUNDING VI LTD., BLUE HERON         )
FUNDING VII LTD., KLEROS            )
PREFERRED FUNDING V PLC, SILVER     )
ELMS CDO PLC, SILVER ELMS CDO II    )
LTD., C-BASS CBO XIV LTD. and C-BASS )
CBO XVII LTD.,                      )
                                    )
              Plaintiffs,           )
                                    )
              -against-             )
                                    )
U.S. BANK NATIONAL ASSOCIATION ,    )
                                    )
              Defendant.            )
                                    )
                                    )
                                    )
----------------------------------------------------- X
```

Case No. 14-cv-10116 (VSB) (DCF)

## NOTICE OF TAXATION OF COSTS AGAINST PLAINTIFFS

PLEASE TAKE NOTICE that, upon the Bill of Costs submitted by U.S. Bank National Association, and the incorporated Declaration of Samuel L. Walling executed on December 27, 2021, and the exhibits annexed thereto, and all other pleadings and proceedings herein, U.S. Bank will move this Court before the Judgment Clerk, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, Room 200, New York, NY 10007, on January 11, 2022, at 11:00 AM, or as soon thereafter as counsel may be heard, at a time and date to be determined by the Court, for an order pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54.1, and 28 U.S.C. § 1920(2) taxing the costs sought by Defendant as described herein and granting such other and further relief as this Court deems just and proper.

Dated:  December 27, 2021

Respectfully Submitted,

/s/ Samuel L. Walling

JONES DAY
David F. Adler
Michael T. Marcucci
100 High Street, 21st Floor
Boston, Massachusetts  02110-1781
(617) 960-3939; (617) 449-6999 (fax)
dfadler@jonesday.com
mmarcucci@jonesday.com

Louis A. Chaiten (admitted *pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939; (216) 579-0212 (fax)
lachaiten@jonesday.com

Albert J. Rota
2727 N. Harwood Street, Suite 500
Dallas, Texas 75201-1515
(214) 220-3939; (214) 969-5100 (fax)
ajrota@jonesday.com

Samuel L. Walling (admitted *pro hac vice*)
90 South Seventh Street, Suite 4950
Minneapolis, Minnesota 55402
(612) 217-8800; (844) 345-3178 (fax)
swalling@jonesday.com

*Attorneys for Defendant U.S. Bank
National Association*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

PHOENIX LIGHT SF LIMITED, BLUE HERON
FUNDING VI LTD., BLUE HERON FUNDING VII
LTD., KLEROS PREFERRED FUNDING V PLC,
SILVER ELMS CDO PLC, SILVER ELMS CDO II
LIMITED, C-BASS CBO XIV LTD., and C-BASS CBO
XVII LTD.,

                     Plaintiffs,

       -against-

U.S. BANK NATIONAL ASSOCIATION and BANK
OF AMERICA, NA,

                    Defendants.

------------------------------------------------------------------- x

Index No. 14-cv-10116 (VSB)

**PLAINTIFFS' OBJECTION TO**
**DEFENDANT U.S. BANK'S BILL OF COSTS**

## INTRODUCTION

U.S. Bank's application for $109,125 for the cost of deposition transcripts and video is grossly excessive and unsupported. The Court used three written deposition transcripts in its decision granting judgment in favor of U.S. Bank. *See* ECF 421 at 11-14. U.S. Bank only cited two of these transcripts in its papers supporting summary judgment; a co-defendant that is no longer part of the case submitted the third. Yet U.S. Bank seeks reimbursement for 63 transcripts *and* entirely duplicative video recordings of those same depositions despite the fact that only *three written* transcripts were used by the Court and *no* video was used. The cost of a transcript is not recoverable under Federal Rule of Civil Procedure 54 and Local Rule 54.1 unless it is entered into evidence by the prevailing party at trial or used by the Court in determining a dispositive motion.

Making matters worse, U.S. Bank is claiming that it should be reimbursed for 46 transcripts that it did not submit in support of its summary judgment motion. U.S. Bank has not made any showing that these transcripts were obtained for any purpose other than discovery or convenience. Indeed, it is claiming costs for the transcripts of depositions of its own employees and other witnesses that were obviously obtained only for convenience and for transcripts of depositions that were unnecessary because the witnesses lacked relevant knowledge concerning Plaintiffs' standing or their claims.

Plaintiffs submit U.S. Bank's application should be denied in its entirety because it is so grossly excessive that an award of costs would be inequitable. At most, U.S. Bank is entitled to the cost of the two written transcripts that it submitted in connection with its motion for summary judgment on the dispositive issue of standing, or $2,095.

1

## ARGUMENT

**I.     At most, U.S. Bank is entitled to the costs of the two written deposition transcripts that it submitted and were used by the Court.**

U.S. Bank is seeking the cost of deposition transcripts pursuant to Federal Rule of Civil Procedure 54 because this Court entered summary judgment in its favor after finding Plaintiffs lacked Article III and prudential standing and that ruling was affirmed by the Second Circuit. ECF 421; ECF 446 (mandate). Local Rule 54.1(c) limits recovery for deposition transcripts to costs of transcripts received in evidence at trial or those "used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Accordingly, a prevailing party can only recover costs for transcripts that it submitted and were actually used by the Court in rendering judgment. *See Lewis v. Keane*, 1998 U.S. Dist. LEXIS 7652, at *5 (S.D.N.Y. 1998) ("Inasmuch as we did not consult the plaintiff's deposition while deciding the summary judgment motion, nor did we reference it in any particular way in the text of the decision, we find that it was not used in the manner contemplated by Local Civil Rule 54.1"); *see also Sylvester v. City of New York*, 2006 U.S. Dist. LEXIS 81716, *44 (S.D.N.Y. 2006) (defendant could not recover costs for transcripts it did not affirmatively use to obtain judgment); *V-Formation, Inc. v. Benetton Group SpA*, 2003 U.S. Dist. LEXIS 10223, at *10 (S.D.N.Y. June 15, 2003) (denying costs for transcripts where transcripts were not "used by the Court" in ruling on a dispositive motion).

This Court granted summary judgment in favor of U.S. Bank because it concluded Plaintiffs lacked standing. *See* ECF 421 at 19 ("because as a matter of law Plaintiffs do not have standing to pursue these breach of contract claims in the absence of a valid assignment, I grant Defendant's motion for summary judgment on the issue of standing and dismiss this case"); *see also id.* at 35 ("I find that Plaintiffs lack both constitutional and prudential standing to bring this

breach of contract action"). The Court cited to three depositions transcripts containing testimony from three witnesses (Enno Balz, Peter Collins, and Alan Geraghty) in its decision. *See* ECF Doc. 421 at 11-14. U.S. Bank cited to the Balz and Collins transcripts in its 56.1 statement. Fitzgerald Decl. at ¶ 3. U.S. Bank's co-defendant at the time, Bank of America N.A., submitted the third transcript of Alan Geraghty. Fitzgerald Decl. at ¶ 4.

Because, as discussed above, U.S. Bank can only claim costs of transcripts that it submitted and were used by the Court in ruling, it is entitled to only $2,095, the cost of the written transcripts for the Balz and Collins depositions. U.S. Bank is not entitled to the cost of deposition transcripts submitted by other parties. *Sylvester,* 2006 U.S. Dist. LEXIS 81716, *44 (defendant could not claim expenses for transcript entered into evidence by another party). As a result, it is not entitled to the cost of Geraghty's written transcript, which was $1,018. And, as established below in Section III, U.S. Bank is not entitled to any video costs.

## II.     U.S. Bank's application is so unreasonable that it should be denied in its entirety.

Plaintiffs submit that U.S. Bank's application for costs is so unreasonable that it should be denied in its entirety. *Bekiaris v. United States*, 1998 U.S. Dist. LEXIS 16574, at *2-3 (S.D.N.Y. Oct. 19, 1998) ("A court need not award costs if it finds that such an award would be inequitable."). U.S. Bank submitted (and cited) only 16 of the 63 transcripts for which it is claiming costs in support of its summary judgment motion. *See* Fitzgerald Decl. ¶ 5. Of these 16 transcripts, only two – the Balz and Collins transcripts – related to the assignments that were of the focus of the Court's ruling on champerty and standing.[1] When a "ruling did not address any substantive matters" relating to transcripts that were submitted, costs relating to those transcripts

---

[1] The costs claimed for the 14 transcripts in this group that did not relate to the assignment at issue are $19,109.20 and $7,330 for video. Fitzgerald Decl. ¶ 6.

3

are not chargeable. *See Rosary-Take One Prod. Co. Ltd. Pshp. v. New Line Distribution*, 1996 U.S. Dist. LEXIS 8690, at \*4 (S.D.N.Y. June 19, 1996); *see also supra* Section I.

U.S. Bank makes no attempt to demonstrate that the 47 transcripts that it did not submit in support of its summary judgment motion "were used for any purpose other than discovery." *Advanced Video Techs., LLC v. HTC Corp.*, 2016 U.S. Dist. LEXIS 24118, at \*14 (S.D.N.Y. Feb. 23, 2016) (holding only transcripts that were used by the court were taxable). It simply submits a conclusory assertion from counsel. ECF 448 ¶ 16. U.S. Bank's counsel's wholly conclusory assertion that U.S. Bank anticipated that all 63 transcripts would be used at trial is belied by the fact that it submitted only 16 transcripts to support its summary judgment motion and only two of them on the ultimately dispositive issue of standing.[2] In fact, only 29 of the 63 transcripts were cited by either of U.S. Bank or Plaintiffs in their summary judgment papers. Fitzgerald Decl. ¶ 7.[3]

Of the 63 transcripts for which costs were claimed, 25 were transcripts of U.S. Bank employees or former employees. Fitzgerald Decl. ¶ 9. A party may not claim the cost of transcripts of witnesses under its control. *See, e.g., Palomar Techs. v. Mrsi Sys*. 2020 U.S. Dist. LEXIS 155330, at \*12 (D. Mass. Aug. 12, 2020) ("such a transcript is only for the convenience of counsel or discovery purposes"). Seven of the 63 transcripts were transcripts of depositions taken by Plaintiffs of employees of U.S. Bank's predecessor Bank of America. Fitzgerald Decl. ¶ 10. The transcripts do not contain testimony concerning the Plaintiffs' standing and U.S. Bank cited only testimony from one witness concerning the obvious fact that pursuing a repurchase

---

[3] As noted, U.S. Bank cannot claim the cost of deposition transcripts submitted by Plaintiffs. *Sylvester*, 2006 U.S. Dist. LEXIS 81716, \*44 (party not entitled to costs when another party submitted the transcript into evidence).

4

claim requires some effort. Fitzgerald Decl. ¶ 11. As for the 11 transcripts of depositions of
Plaintiffs' current or former agents, or employees of the bank that structured Plaintiffs, the vast
majority of these depositions were unnecessary. Other than the three transcripts cited by the
Court, none of the transcripts contained relevant testimony concerning the assignments that were
the subject of the champerty and standing objection or Plaintiffs' breach of contract claims
against U.S. Bank. *Id.* ¶ 15.

  *U.S. Media Corp. v. Edde Ent., Inc.*, 1999 U.S. Dist. LEXIS 10605 (S.D.N.Y. July 14,
1999), cited by U.S. Bank in its attorney's declaration, is not on point. The court merely ordered
costs for deposition transcripts that were actually used by the prevailing party at trial and
summary judgment. *Id.* at \*30. Here, as noted, U.S. Bank did not submit the vast majority of the
transcripts at issue in connection with its summary judgment motion and there was no trial. *U.S.
Media* is also distinguishable because the plaintiff was claiming costs, after trial, under a
provision in the Copyright Act (17 U.S.C. § 505). *See U.S. Media*, 1999 U.S. Dist. LEXIS 10605
at \*4. U.S. Bank is relying on Rule 54 and, as *U.S. Media* recognized, if transcripts are not
received in evidence at trial, Local Rule 54.1(c)(2) limits costs to transcripts that "were used by
the court in ruling on substantive motions." *Id.* at \*29 (citing rule).

**III. U.S. Bank is not entitled to the cost of video that was never used at trial.**

  U.S. Bank is seeking \$41,231 for the cost of video that was never used. ECF 448. But a
party may not recover the costs of both written transcripts and the videorecording of the same
deposition. *See Citigroup Global Mkts. v. Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014)
("recover[y] for the video copies as well as the paper copies would be duplicative"). U.S. Bank
also offers no support for its assertion that there was a "reasonable expectation" that video was
required for trial. As noted, 25 of the transcripts are those of current or former U.S. Bank

5

employees. U.S. Bank did not, and cannot, demonstrate that these witnesses were unavailable for trial. In fact, most of the depositions (33) were noticed by Plaintiffs, not U.S. Bank or its co-defendant at the time. Fitzgerald Decl. ¶ 12. There is no indication that U.S. Bank needed the video of these depositions – or the written transcripts – for any purpose other than convenience. As for the testimony of non-parties, they were current or former agents of the Plaintiffs or the entities that created Plaintiffs who were cooperative. Fitzgerald Decl. ¶ 13. U.S. Bank has not presented a shred of evidence suggesting that any witness would be unavailable for trial.

*In re Omeprazole Pat. Litig.*, 2012 U.S. Dist. LEXIS 160046, at \* 18 (S.D.N.Y. Nov. 6, 2012), cited by U.S. Bank, does not hold that video costs are recoverable without a showing that they were actually necessary and non-duplicative. The court in that case denied costs because defendants "made no effort to establish with any specificity that the parties reasonably believed that video testimony would be used at trial for the depositions for which they charge video fees." *Id.* Likewise, here, U.S. Bank has not attempted to support its conclusory statement that "the video of the testimony might be used to present evidence at trial" and therefore should not be permitted to recover those costs. *See* ECF 448 ¶ 16.

## CONCLUSION

U.S. Bank's application should be denied because it is so grossly excessive that any award would be inequitable. At most, U.S. Bank is entitled to \$2,095, the cost of the two transcripts that it submitted in support of its summary judgment motion and used by the Court in its decision and judgment.

Dated: New York, New York
       January 10, 2022

By: */s/ Steven S. Fitzgerald*
       Steven S. Fitzgerald

David H. Wollmuth
Lyndon M. Tretter
Steven S. Fitzgerald
Roselind F. Hallinan
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
ltretter@wmd-law.com
sfitzgerald@wmd-law.com
rhallinan@wmd-law.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | x |  |
| PHOENIX LIGHT SF LIMITED, BLUE HERON | : |  |
| FUNDING VI LTD., BLUE HERON FUNDING VII | : |  |
| LTD., KLEROS PREFERRED FUNDING V PLC, | : |  |
| SILVER ELMS CDO PLC, SILVER ELMS CDO II | : | Index No. 14-cv-10116 (VSB) |
| LIMITED, C-BASS CBO XIV LTD., and C-BASS CBO | : |  |
| XVII LTD., | : |  |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| -against- | : |  |
|  | : |  |
| U.S. BANK NATIONAL ASSOCIATION and BANK | : |  |
| OF AMERICA, NA, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | x |  |

## DECLARATION OF STEVEN S. FITZGERALD IN SUPPORT OF
## PLAINTIFFS OBJECTION TO DEFENDANT U.S. BANK'S BILL OF COSTS

I, STEVEN S. FITZGERALD, hereby declare:

1.    I am an attorney with the law firm Wollmuth Maher & Deutsch LLP, counsel for

Plaintiffs in the above-captioned action.

2.    This declaration is made based on my personal knowledge and my review of

documents or summaries of documents prepared under my supervision. The summaries of

documents referenced in this declaration are intended to be summaries of voluminous evidence

within the meaning of Federal Rule of Evidence 1006.

3.    U.S. Bank National Association's Statement of Undisputed Facts Pursuant to Rule

56.1 of the Local Civil Rules for the Southern District of New York ("U.S. Bank's Rule 56.1

Statement") contains citations to the deposition transcripts of Enno Balz and Peter Collins. *See*

ECF 250 at 6, 7, 8, 9, 26, and 33. It does not contain any citations to the deposition of Alan

1

Geraghty, which was cited in this Court's order entering summary judgment in favor of U.S. Bank. ECF 421. U.S. Bank is claiming costs of $2,095 for the written transcripts (including exhibits) of Balz's and Collins' deposition and $2,650 for video of the same depositions. ECF 448. U.S. Bank did not refer to their testimony in its summary judgment briefs. ECF 244, 343.

4.      Bank of America N.A.'s Statement of Undisputed Facts in Support of Motion for Summary Judgment submitted in this action contains references to the deposition transcript of Alan Geraghty. *See* ECF 245 at 4. U.S. Bank is claiming costs of $1,018 for the written transcript (including exhibits) of Geraghty's deposition and $1,240 for video of the same deposition. ECF 448. U.S. Bank did not refer to Geraghty's testimony in its summary judgment briefs. ECF 244, 343.

5.      U.S. Bank's Rule 56.1 Statement contains citations to 12 of the 63 deposition transcripts for which it is claiming costs. It submitted and cited an additional four transcripts in its Reply and Response to Plaintiffs' Counter-Statement of Undisputed Facts Pursuant to Rule 56.1 of the Local Civil Rules ("U.S. Bank's Reply to Counter-Statement"). ECF No. 344. In addition to the two transcripts cited in Paragraph 3, these transcripts include the depositions of: Elisabeth Brewster, Peter Collins (two days), Erin Folsom, Brian Giel, Eve Kaplan (two days) Michael Mikolajczak, Tim Pillar, Shannon Rantz, Tammy Spriggs, Nicolas Valaperta (two days), and Becky Warren. *See* ECF 250 at 6, 7, 8, 17, 23, 24, 26, 29, 33, 50, 51, 56, 62, 63, 64, 65, 72, 73, 79, 82, 85, 88, 91, 95, 98, 101, 104, 105, 106, 107, 114, 121, 124, 125, 126, 129, 130, 131 and 134; *See also* ECF 344 at 575, 683, 697, 721, 743, 760, 765, 771, 834, 840, 884, 1040, 1081, 1088, and 1108.[1]

---

[1] U.S. Bank attached one additional transcript to a supplemental declaration, but we could not locate a cite to that deposition in any of U.S. Bank's summary judgment papers. ECF 345.

6.     The deposition transcripts of Elisabeth Brewster, Peter Collins, Erin Folsom, Brian Giel, Eve Kaplan, Michael Mikolajczak, Tim Pillar, Shannon Rantz, Tammy Spriggs, Nicolas Valaperta, and Becky Warren referenced in paragraph 5 did not address the Plaintiffs standing to sue or any other issue decided in the Court's summary judgment order. U.S. Bank did not refer to this testimony in its summary judgment briefs. ECF 244, 343. U.S. Bank is claiming costs of $19,109.20 for these 14 written transcripts (including exhibits) and $7,330 for video of the same depositions. ECF 448.

7.     In total, U.S. Bank or Plaintiffs submitted and cited a total of 29 of the 63 deposition transcripts for which U.S. Bank is claiming costs in either U.S. Bank's Rule 56.1 Statement or Plaintiffs response thereto (ECF 250, 323) and U.S. Bank's Reply to Counter-Statement (ECF 344). Plaintiffs' Counter-Statement of Undisputed Facts Pursuant to Rule 56.1 of the Local Civil Rules for the Southern District of New York (ECF 323) contains citations to 13 deposition transcripts that were not cited in U.S. Bank's Rule 56.1 statement and for which U.S. Bank is seeking costs. In addition to the transcripts referenced in paragraph 3, these transcripts include the depositions of: Michael Bengtson, James Byrnes, Jessica Elliott, Kimberly Jacobs, Edward Kachinski, John Linssen, Michelle Moeller, Charles Pedersen, Diane Reynolds, Toby Robillard, Tim Ruxton, Tamara Schultz-Fugh, and Scott Strodthoff. *See* ECF 323 at 43, 54, 57, 84, 327, 334, 337, 344, 346, 349, 350, 351, 352, 353, 355, 357, 372, 339, 352, 371, 373, 381, 390, 403, 406, 422, 424, 436, 451, 464, 468, 471, 475, 478, 481, 483, 487, 495, 505, 509, 513, 520, 521, 531, 545, 546, 547, 548, 549, 553, 554, 555, 556, 557, 558. U.S. Bank did not refer to any of the testimony relied upon by Plaintiffs in its summary judgment briefs. ECF 244, 343.

8.     The 27 deposition transcripts that were submitted by either U.S. Bank or Plaintiffs but not used by the Court are the transcripts for the depositions of: Michael Bengtson, Elisabeth

3

Brewster, James Byrnes, Peter Collins (2 days), Jessica Elliot, Erin Folsom, Brian Giel,

Kimberly Jacobs, Edward Kachinski, Eve Kaplan (2 days), John Linssen, Michael Mikolajczak,

Michelle Moeller, Charles Pedersen, Tim Pillar, Sharon Rantz, Diane Reynolds, Toby Robillard,

Tim Ruxton, Tamara Schultz-Fugh, Tammy Spriggs, Scott Strodhoff, and Nick Valaperta (2

days), and Becky Warren.

      9.     The following witnesses identified in U.S. Bank's application for costs are either

current or former employees of U.S. Bank:

| U.S. Bank Employee Deponent |
| --- |
| Bengtson, Michael |
| Brewster, Elizabeth |
| Byrnes, James |
| Elliott, Jessica |
| Folsom, Erin |
| Frere, Edward |
| Giel, Brian |
| Hunter, Maryellen |
| Jacobs, Kimberly |
| Kachinski, Edward |
| Kaplan, Eve |
| Lancsak, April |
| Linssen, John |
| Moeller, Michelle |
| Pedersen, Charles |
| Pillar, Tim |
| Rantz, Shannon |

| |
|---|
| Reynolds, Diane |
| Robillard, Toby |
| Ruxton, Tim |
| Schultz-Fugh, Tamara |
| Strodthoff, Scott |
| Tri, Brian |
| Valaperta, Nicolas |
| Warren, Becky |

10.      The following witnesses identified in U.S. Bank's application for costs are either current or former employees of Bank of America N.A.

| Bank of America Employee Deponent |
|---|
| 1.  Boduch, Marta |
| 2.  Feld, Susan |
| 3.  Franklin, Susan |
| 4.  Kubik, Patrick |
| 5.  Miller, Jay |
| 6.  Spriggs, Tammy |
| 7.  Watson, Ellayne |

11.      Of the individuals identified in Paragraph 9, U.S. Bank did not refer to their testimony in its summary judgment briefs. ECF 244, 343. Of the individuals identified in Paragraph 10, U.S. Bank's Rule 56.1 statement cited only the deposition transcript of Tammy Spriggs. *See* ECF 250 at 24. U.S. Bank cited to the Spriggs transcript for the obvious fact that repurchase litigation requires time, resources, and, potentially, the exercise of judgment.

12.      Plaintiffs noticed the depositions that led to the creation of 33 of the 63 depositions for which U.S. Bank is claiming costs. The witnesses were current or former employees of U.S. Bank or Bank of America.

13.     U.S. Bank or Bank of America noticed the depositions of a number of individuals, other than those identified in Paragraphs 5-6, who either currently serve, or formerly served, as Plaintiffs' agents, or employees of such agents. U.S. Bank or Bank of America also noticed depositions individuals, referenced below in Paragraph 14, who were formerly employed by WestLB, the bank that was involved in the structuring of the transactions that led to the creation of Plaintiffs in collateralized debt obligation or resecuritization transactions. These individuals were cooperative and none of them indicated that they would be unavailable for trial.

14.     Below is a chart reflecting non-party deponents, their associated entities, and the roles of each entity in this litigation:

| Third Party Deposition Transcripts Submitted by Defendants | | |
|---|---|---|
| **Deponent** | **Entity** | **Role of Entity** |
| Berichi, Karim | Blackrock Advisory Services | Valuation and Risk Assessment Services |
| Cigolle, Alex | Strategos Capital Management, LLC | Collateral Manager for Plaintiffs |
| Cody, William | WestLB | Development of CDOs |
| Erhardt, Joachim | WestLB | Development of CDOs |
| De Silva, Harin | PIMCO | Collateral Manager for Plaintiffs |
| Donovan, Thomas | PIMCO | Collateral Manager for Plaintiffs |
| Dubitsky, Rod | PIMCO | Collateral Manager for Plaintiffs |
| Halpern, Ivan | C-BASS Investment Management LLC | Collateral Manager for Plaintiffs |
| McLoughlin, Michael | NIC Capital Management | Collateral Manager for Plaintiffs |
| Sood, Munish | Princeton Advisory Group, Inc. | Collateral Manager for Plaintiffs |

| Westerback, Diane | C-BASS Investment Management LLC | Collateral Manager for Plaintiffs |
| Wynn, Tyler | Strategos Capital Management, LLC | Collateral Manager for Plaintiffs |
| Wong, Angel | NIC Capital Management | Collateral Manager for Plaintiffs |

15.    The individuals identified in Paragraph 14 did not have relevant information concerning the standing issues addressed in the Court's summary judgment order. U.S. Bank did not refer to their testimony in its summary judgment briefs. ECF 244, 343. Of the individuals identified in Paragraph 13, U.S. Bank's Rule 56.1 Statement cites only the deposition transcript of Michael Mikolajczak, but the testimony cited is merely background concerning WestLB and its practices relating to CDOs. *See* ECF 250 at 6.

Dated: New York, New York
     January 10, 2022

By: */s/ Steven S. Fitzgerald*
     Steven S. Fitzgerald