**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| PHOENIX LIGHT SF DAC, BLUE HERON FUNDING VI LTD., BLUE HERON FUNDING VII LTD., KLEROS PREFERRED FUNDING V PLC, SILVER ELMS CDO PLC, SILVER ELMS CDO II LIMITED, C-BASS CBO XIV LTD., and C-BASS CBO XVII LTD., | x : : : : : Index No. 14-cv-10116 (VSB) : : |
| Plaintiffs, | : : |
| -against- | : : |
| U.S. BANK NATIONAL ASSOCIATION, | : : |
| Defendant. | : : : x |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR REVIEW OF CLERK'S DECISION ON <u>U.S. BANK NATIONAL ASSOCIATION'S BILL OF COSTS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...................................................................................................................................1

    I.       U.S. Bank is not entitled to transcript costs for all 63 depositions. ........................1

    II.      U.S. Bank is not entitled to video costs for the 63 depositions. ............................7

CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*,
   415 F.3d 242 (2d Cir. 2005) ............................................................................................... 3

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
   490 F. Supp. 3d 593 (E.D.N.Y. 2020) ............................................................................... 8

*Balance Point Divorce Funding, LLC v. Scrantom*,
   305 F.R.D. 67 (S.D.N.Y. 2015) ......................................................................................... 2

*Bekiaris v. United States*,
   1998 U.S. Dist. LEXIS 16574 (S.D.N.Y. Oct. 19, 1998) .................................................. 7

*Citigroup Glob. Mkts. v. Abbar*,
   63 F. Supp. 3d 360 (S.D.N.Y. 2014) ............................................................................. 7, 8

*Endo Pharms. Inc. v. Amneal Pharms., LLC*,
   331 F.R.D. 575 (S.D.N.Y. 2019) ....................................................................................... 6

*Gym Door Repairs v. Total Gym Repairs*,
   2021 U.S. Dist. LEXIS 34790 (S.D.N.Y. Feb. 22, 2021) .................................................. 5

*In re Omeprazole Patent Litig.*,
   2012 U.S. Dist. LEXIS 160046 (S.D.N.Y. Nov. 6, 2012) ................................................. 7

*Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*,
   411 F. Supp. 2d 458 (S.D.N.Y. 2006) ............................................................................... 3

*Lewis v. Keane*,
   1998 U.S. Dist. LEXIS 7652 (S.D.N.Y. May 22, 1998) ............................................... 2, 4

*Palomar Techs. v. Mrsi Sys.*,
   2020 U.S. Dist. LEXIS 155330 (D. Mass. Aug. 12, 2020) ............................................... 4

*Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*,
   2021 U.S. App. LEXIS 29749 (2d Cir. Oct. 4, 2021) ....................................................... 3

*PPC Broadband, Inc. v. Corning Optical Communs. RF, LLC*,
   2017 U.S. Dist. LEXIS 15223 (N.D.N.Y. Feb. 3, 2017) ................................................... 8

*Ramos v. City of N.Y.*,
   2019 U.S. Dist. LEXIS 121622 (S.D.N.Y. July 21, 2019) ................................................ 5

*Rosary-Take One Prod. Co. Ltd. Pshp. v. New Line Distrib.*,
   1996 U.S. Dist. LEXIS 8690 (S.D.N.Y. June 19, 1996) ......................................................... 4

*Sylvester v. City of N.Y.*,
   2006 U.S. Dist. LEXIS 81716 (S.D.N.Y. Nov. 7, 2006) ............................................... 2, 4, 5

*V-Formation, Inc. v. Benetton Grp. SpA*,
   2003 U.S. Dist. LEXIS 10223 (S.D.N.Y. June 15, 2003) .................................................. 2, 4

*Whitfield v. Scully*,
   241 F.3d 264 (2d Cir. 2001) ............................................................................................. 3, 4

**Statutes**

Fed. R. Civ. P. 54 ................................................................................................................... 1

Local Rule 54.1 ............................................................................................................. 1, 2, 6

**PRELIMINARY STATEMENT**

The Clerk properly limited its award to costs for written transcripts of witnesses with knowledge potentially relevant to the standing or real party in interest objection that ultimately led to this Court's entry of judgment in favor of U.S. Bank. Local Rule 54.1 limits costs to those transcripts actually "used" in connection with summary judgment. The Court ruled only on Article III and prudential standing and made no rulings concerning Plaintiffs' breach of contract claims or related proofs. It is, thus, clear the Court did not "use" transcripts that did not contain any testimony even arguably related to the standing issues addressed in the Court's order.

U.S. Bank's newly asserted contention that it is entitled to costs of transcripts for all depositions noticed by Plaintiffs is meritless. The vast majority of those witnesses are current or former employees of U.S. Bank. U.S. Bank had control over them and its counsel represented them at the depositions. Regardless, U.S. Bank also had the ability to purchase the transcripts at a later date if this matter did go to trial. It is not entitled to reimbursement for transcripts that were purchased merely for convenience. And it indisputably did not need the vast majority of transcripts for any purpose at summary judgment. It cited only 16 transcripts on summary judgment for all of its defenses, including two that addressed standing issues. Yet it seeks costs for 63 transcripts and duplicative videos.

The Court should deny U.S. Bank's motion for review of the Clerk's decision.

**ARGUMENT**

**I.   U.S. Bank is not entitled to transcript costs for all 63 depositions.**

U.S. Bank is seeking the cost of deposition transcripts pursuant to Federal Rule of Civil Procedure 54 because this Court entered summary judgment in U.S. Bank's favor after finding Plaintiffs lacked Article III and prudential standing and that ruling was affirmed by the Second Circuit. ECF 421; ECF 446 (mandate). The Clerk limited its award of costs to the deposition

1

transcripts of Enno Balz, Peter Collins, and Alan Geraghty, the only witnesses that arguably offered testimony relevant to the standing issue.[1] The Clerk *did not* limit its award to transcripts cited in the Court's summary judgment decision—there were multiple transcripts for these three witnesses and the Clerk awarded costs even if the Court did not cite them.

  The Clerk's award was not erroneous. Local Rule 54.1 limits recovery to the costs of deposition transcripts received in evidence at trial or those "used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." LR 54.1. Courts in this District deny costs for transcripts not submitted in evidence or used by the court in rendering a judgment. *See Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 77 (S.D.N.Y. 2015) ("[B]ecause none of the deposition transcripts at issue were used on any actual motion or response to a motion . . . the Court declines to tax the deposition costs."); *Sylvester v. City of N.Y.*, 2006 U.S. Dist. LEXIS 81716, at *44 (S.D.N.Y. Nov. 7, 2006) (defendant could not recover costs for transcripts it did not affirmatively use to obtain judgment); *V-Formation, Inc. v. Benetton Grp. SpA*, 2003 U.S. Dist. LEXIS 10223, at *10 (S.D.N.Y. June 15, 2003) (denying costs for transcript not "used by the Court" in ruling on a dispositive motion); *Lewis v. Keane*, 1998 U.S. Dist. LEXIS 7652, at *5 (S.D.N.Y. May 22, 1998) ("Inasmuch as we did not consult the plaintiff's deposition while deciding the summary judgment motion, nor did we reference it in any particular way in the text of the decision, we find that it was not used in the manner contemplated by Local Civil Rule 54.1.").

  None of U.S. Bank's cases suggest that a party that prevails on a real party in interest or similar prudential standing objection is entitled to the costs of deposition transcripts that have

---

[1] The Clerk awarded costs of $5,173.50 to U.S. Bank for five deposition transcripts. U.S. Bank has asked the Court to exercise its discretion to modify the Clerk's award of costs by $103,951.88 consisting of (1) $62,720.13 in transcript costs for 58 more depositions, and (2) $41,231.75 in video costs for all 63 depositions.

2

nothing to do with such an objection. If, as U.S. Bank contends, Plaintiffs "never had the right to bring" the case to begin with, ECF 453 at 1, any transcripts of witnesses with no information relevant to the prudential standing objection were, by definition, unnecessary. Indeed, real party in interest objections are supposed to be raised promptly. *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 411 F. Supp. 2d 458, 464 n.21 (S.D.N.Y. 2006) ("the failure promptly to raise a real party in interest objection . . . waives the point"); *see also Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245-46 (2d Cir. 2005) (contractual standing is waived if not raised at the outset).[2] The failure to do so wastes judicial and party resources. U.S. Bank could have sought summary judgment on this issue before purchasing deposition transcripts having nothing to do with its standing defense. Instead, U.S. Bank waited for years, did not even raise the defense in its own summary judgment brief, and conceded the existence of Article III standing at summary judgment oral argument. ECF 421 at 17 n.15, 24 n.20.

Contrary to U.S. Bank's contention, *Whitfield v. Scully* does not require costs for every deposition transcript attached by any party to a summary judgment motion. 241 F.3d 264, 271 (2d Cir. 2001). The plaintiff in that case was objecting to paying costs for all transcripts attached by the moving party because "such a broad reading would invite abuse insofar as prevailing parties could render a deposition taxable simply by appending it to a motion for summary judgment." *Id.* In rejecting this objection, the Second Circuit merely recognized that summary judgment is normally based on all the transcripts submitted in support. *Id.* (holding that a court is generally considered to "use" a transcript if it is submitted to support a motion). That is not the

---

[2] The Second Circuit did not review this Court's ruling on Article III standing and disposed of it exclusively on the basis of the real party in interest objection. *Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, 2021 U.S. App. LEXIS 29749, at *3-5 (2d Cir. Oct. 4, 2021). Plaintiffs submit that this was an error because it rendered the Second Circuit's decision an advisory opinion and was an improper exercise of hypothetical jurisdiction.

case here, where the Court found the prudential standing issue dispositive and never ruled on the breach of contract claims at issue. *Whitfield* did not involve a case where the court never needed to wade into the factual basis of the plaintiff's claims due to a real party in interest challenge. And *Whitfield* did not abrogate decisions in this District holding that when a "ruling did not address any substantive matters" relating to transcripts that were submitted, costs relating to those transcripts are not taxable. *Rosary-Take One Prod. Co. Ltd. Pshp. v. New Line Distrib.*, 1996 U.S. Dist. LEXIS 8690, at *4 (S.D.N.Y. June 19, 1996); *see also Sylvester*, 2006 U.S. Dist. LEXIS 81716, at *44; *V-Formation, Inc.*, 2003 U.S. Dist. LEXIS 10223, at *10; *Lewis v. Keane*, 1998 U.S. Dist. LEXIS 7652, at *5. Because the Court relied only on the depositions of Balz, Collins, and Geraghty in finding Plaintiffs lacked standing at summary judgment, the Court should not exercise its discretion to tax rest of the submitted depositions.[3]

U.S. Bank's challenge to the Clerk's award is unfounded for the following additional reasons:

- Of the depositions noticed by Plaintiffs, 25 were of U.S. Bank's current or former employees, for which 28 transcripts were prepared. *See* ECF 449 at 4; ECF 450 ¶ 9. Costs relating to a party's own deposition transcripts are not "necessarily incurred" because the "testimony of these individuals, as parties to the litigation, was readily available without the need of deposition transcripts." *Palomar Techs. v. Mrsi Sys.*, 2020 U.S. Dist. LEXIS 155330, at *12 (D. Mass. Aug. 12, 2020) (quoting *Legrice v. Harrington*, 2010 U.S. Dist. LEXIS 88016, at *3 (D. Mass. July 26, 2010)). U.S. Bank cannot claim costs where

---

[3] Even if *Whitfield* were read more broadly, U.S. Bank would only be entitled to the 16 transcripts it cited in support of summary judgment. That would be $21,204.20. ECF 448-5; ECF 450 ¶¶ 3,6. Plaintiffs do not contend that only transcripts actually cited by the Court are taxable. As a result, *Sim v. N.Y. Mailers' Union No. 6*, cited by U.S. Bank, is irrelevant because the court merely rejected an argument not made here. 1999 U.S. Dist. LEXIS 13256, at *4 (S.D.N.Y. Aug. 27, 1999). The court did not address the circumstance presented here, i.e., where a case was disposed on a real party in interest objection and the prevailing party sought costs incurred on totally unrelated issues.

4

transcripts were obtained merely for convenience. *Id.* (transcripts of party's own employees or witnesses are "only for the convenience of counsel or discovery purposes").

- Similarly, of the depositions noticed by Plaintiffs, seven were of co-defendant Bank of America's current or former employees, for which eight transcripts were prepared. *See* ECF 449 at 4; ECF 450 ¶ 10. U.S. Bank failed to demonstrate that it obtained these transcripts for any reason other than convenience or solely discovery purposes. Its contention that Plaintiffs were seeking to hold U.S. Bank liable for Bank of America's breaches is not supported by their citation. ECF 453 at 5 (citing ECF 310 at 8-9). In fact, the cited argument states the opposite.

- U.S. Bank relies on evidence that appears nowhere in its application for an award, citing, among other things, interrogatory responses, initial disclosures, and deposition testimony. ECF 453 at 6-7. Plaintiffs established in their objection that most of the depositions of Plaintiffs or their agents were unnecessary. ECF 449 at 4-5; ECF 450 ¶¶ 13-15. At this stage, the Court is reviewing the Clerk's decision to award fees, which could not have been erroneous since U.S. Bank is only citing the materials for the first time. And, in any event, none of the cases cited by U.S. Bank hold that transcripts are taxable merely because they were referenced in interrogatory responses or initial disclosures.[4]

- U.S. Bank is not entitled to the cost of deposition transcripts submitted by other parties. *Sylvester,* 2006 U.S. Dist. LEXIS 81716, at *44 (declining to award cost because the

---

[4] *Ramos v. City of N.Y.*, cited by U.S. Bank, involved a matter that went to trial on the merits of the claim and merely held that the deposition testimony of an eye witness was taxable. 2019 U.S. Dist. LEXIS 121622, at *7 (S.D.N.Y. July 21, 2019). In *Choi v. City of N.Y.*, the prevailing party was awarded the cost for one transcript where the witness was identified on the list of trial witnesses and withdrawn only one day before the witness was to appear. 2013 U.S. Dist. LEXIS 49725, at *9 (S.D.N.Y. Apr. 5, 2013). And *Gym Door Repairs v. Total Gym Repairs* explained that "[m]ost of these transcripts were cited in Defendants' summary judgment motions, which were ultimately successful in dismissing Plaintiffs' claims." 2021 U.S. Dist. LEXIS 34790, at *34 (S.D.N.Y. Feb. 22, 2021).

5

transcript "was used only by the plaintiffs"). As noted, U.S. Bank cited only 16 transcripts in support of its motion. *See* ECF 449 at 4; ECF 450 ¶ 5. Virtually all of these transcripts were unrelated to standing. Collectively, U.S. Bank and Plaintiffs submitted and cited 29 transcripts for which U.S. Bank is seeking costs. *See* ECF 449 at 4; ECF 450 ¶ 7.

- There is no evidence that any witness would be unavailable for trial. U.S. Bank's speculation that a witness might not be available is insufficient. In addition, Plaintiffs hired the court reporter and purchased the transcripts of the depositions they noticed. If a witness turned out to be unavailable, U.S. Bank could have accessed the transcripts in Plaintiffs' possession or purchased them from the court reporter at a later date.

- Most of the cases U.S. Bank relies upon taxed the cost of transcripts of witnesses who testified at a trial.[5] Local Rule 54.1 differentiates deposition transcripts that were "used or received in evidence at the trial" from transcripts "used by the Court in ruling on a motion for summary judgment." LR 54.1(c)(1)-(2). When a court disposes of a case on a real party in interest objection, there is no basis to argue that the prevailing party reasonably anticipated calling fact witnesses with no knowledge concerning that objection at a trial. In contrast, in the cases cited by U.S. Bank, the courts concluded that there was a reasonable basis to conclude the witness would be called to a trial that actually occurred.

---

[5] *See Endo Pharms. Inc. v. Amneal Pharms.*, LLC, 331 F.R.D. 575, 582 (S.D.N.Y. 2019) (taxing costs for depositions of three "witnesses who ultimately testified at trial" and one witness who plaintiff was informed had "intended to offer trial testimony"); *Farberware Licensing Co. LLC v. Meyer Mktg. Co.*, 2009 U.S. Dist. LEXIS 121323, at *18 (S.D.N.Y. Dec. 29, 2009) (matter went to trial and vast majority of deponents testified at trial); *Anderson v. City of N.Y.*, 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001) (same); *see also supra* n.4.

Under these circumstances, it would be inequitable for the Court to exercise its discretion to award U.S. Bank costs for all 63 depositions. *Bekiaris v. United States*, 1998 U.S. Dist. LEXIS 16574, at *3 (S.D.N.Y. Oct. 19, 1998) ("A court need not award costs if it finds that such an award would be inequitable.").

**II.     U.S. Bank is not entitled to video costs for the 63 depositions.**

U.S. Bank is not entitled to video costs for the 63 depositions. As Plaintiffs explained in their objection, a party may not recover costs of both written transcripts and the videorecording of the same deposition. ECF 449 at 5 (citing *Citigroup Glob. Mkts. v. Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014) ("recover[y] for the video copies as well as the paper copies would be duplicative")). In its motion, U.S. Bank ignores this point and doubles down on its assertion that the costs for videos should be taxed because there was an expectation they would be used at trial. U.S. Bank has not offered any new evidence to support this assertion.

While videos may be taxable when "there was an expectation among the parties that the video of the testimony might be presented at trial," the party seeking these costs must establish this expectation with specificity. *In re Omeprazole Patent Litig.*, 2012 U.S. Dist. LEXIS 160046, at *18 (S.D.N.Y. Nov. 6, 2012). When it first requested that the videos be taxed, U.S. Bank claimed without support that it "expected that the video of the testimony might be used to present evidence at trial." ECF 448 ¶ 16. After Plaintiffs explained why this conclusory statement could not establish with specificity an expectation that the videos would be used at trial (ECF 449 at 11-12), U.S. Bank changed course. It now claims that "it was impossible to know whether a witness would testify at trial." ECF 453 at 11. But this new theory is still much too vague to fix U.S. Bank's inability to show with specificity that the parties expected all 63 videos to be presented at trial. *In re Omeprazole Patent Litig.*, 2012 U.S. Dist. LEXIS 160046, at *20 (defendant "made no effort to establish with any specificity that the parties reasonably believed

7

that video testimony would be used at trial for the depositions for which they charge video fees."). Moreover, any such expectation is contradicted by the fact that only a limited set of transcripts were cited by the parties at summary judgment, and no videos were submitted. Plaintiffs also did not purchase videos other than for the depositions they noticed as there was no expectation that video was going to be used at trial. And if videos of U.S. Bank's or Bank of America's current or former employees were required for trial, U.S. Bank could have simply purchased them before the actual trial occurred. There was no need to purchase them years ahead of time. There is no justification to award costs for videos when U.S. Bank has failed to show that the videos were necessary and non-duplicative of the transcripts for those same depositions.

The cases U.S. Bank cites as support are misplaced. For example, in *American Technical*, the court taxed costs for videos that were either (1) played at trial, (2) used or were expected to be used to impeach the objecting party's expert witnesses, or (3) prepared at the *objecting party's* request due to uncertainty over certain witnesses' availability for trial who were not employed by the parties. *See Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 490 F. Supp. 3d 593, 639 (E.D.N.Y. 2020); *see also* Pls.' Dmgs. Reply 5, *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, Case No. 14-cv-06544 (E.D.N.Y. Jan. 21, 2020), ECF 232. And *PPC Broadband*, to the extent that it established the broad rule suggested by U.S. Bank that costs for any and all videos are taxable simply due to uncertainty over witness availability, that rule would conflict with this District's authority rejecting costs for videos as duplicative of the written transcripts for the same depositions. *Compare PPC Broadband, Inc. v. Corning Optical Communs. RF, LLC*, 2017 U.S. Dist. LEXIS 15223, at *5 (N.D.N.Y. Feb. 3, 2017) (taxing prevailing party's video costs of its own witnesses), *with Citigroup Glob. Mkts.*, 63 F. Supp. 3d at 362 (rejecting prevailing party's request for video costs as duplicative of transcript costs).

8

Consistent with the courts in this District, the better approach here is to decline to tax video costs for the 63 depositions as duplicative of their transcript costs.

## CONCLUSION

For these reasons, the Clerk reasonably awarded $5,193.50 in costs to U.S. Bank consisting of $5,173.50 for the depositions of the witnesses cited in the Court's summary judgment decision and the $20 statutory docket fee. U.S. Bank's motion should be denied.

Dated: New York, New York
February 16, 2022

By: */s/ Steven S. Fitzgerald*

David H. Wollmuth
Lyndon M. Tretter
Steven S. Fitzgerald
Roselind F. Hallinan
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
ltretter@wmd-law.com
sfitzgerald@wmd-law.com
rhallinan@wmd-law.com

*Attorneys for Plaintiffs*