UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
PHOENIX LIGHT SF DAC, BLUE HERON       :
FUNDING VI LTD., BLUE HERON            :
FUNDING VII LTD., KLEROS               :
PREFERRED FUNDING V PLC, SILVER        :  14-CV-10116 (VSB)
ELMS CDO PLC, SILVER ELMS CDO II       :
LTD., C-BASS CBO XIV LTD., and C-BASS  :  **OPINION & ORDER**
CBO XVII LTD.,                         :
                                       :
                            Plaintiffs,:
                                       :
            - against -                :
                                       :
                                       :
U.S. BANK NATIONAL ASSOCIATION,        :
                                       :
                            Defendant. :
                                       :
------------------------------------------------------------X

Appearances:

David H. Wollmuth
Lyndon M. Tretter
Steven S. Fitzgerald
Roselind F. Hallinan
Wollmuth Maher & Deutsch LLP
New York, New York
*Counsel for Plaintiffs*

David F. Adler
Michael T. Marcucci
Jones Day
Boston, Massachusetts

Louis A. Chaiten
Jones Day
Cleveland, Ohio

Albert J. Rota
Jones Day
Dallas, Texas

Samuel L. Walling
Jones Day
Minneapolis, Minnesota
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is Defendant U.S. Bank National Association's ("U.S. Bank" or "Defendant") appeal of the Clerk of Court's assessment of U.S. Bank's bill of costs. (Doc. 452.) U.S. Bank's appeal is GRANTED IN PART and DENIED IN PART.

I. **Factual and Procedural Background**

Plaintiffs initiated the original action by filing a complaint on December 24, 2014. (Doc. 1.) The complaint alleged that U.S. Bank breached its contractual duties in its role as trustee for 53 residential mortgage-backed securities ("RMBS") trusts. (*Id.* ¶ 1.) Following the close of discovery, U.S. Bank moved for summary judgment. (Doc. 243.) On March 18, 2020, I issued an Opinion & Order granting U.S. Bank's motion for summary judgment on its champerty defense (the "SJ O&O"). (Doc. 421.) On November 29, 2021, the Court of Appeals for the Second Circuit affirmed my decision. (Doc. 446.)

U.S. Bank filed a bill of costs, seeking transcript and video costs for the 63 depositions taken by the parties. (Docs. 447–48.) Plaintiffs filed objections to the bill of costs. (Docs. 449–50.) On January 11, 2022, the Clerk entered an order taxing $5,173.50 of the $109,125.38 costs that U.S. Bank requested. (Doc. 451.) The Clerk limited the costs to those related to five transcripts connected to the depositions of three people (Enno Balz, Peter Collins, and Alan Geraghty) whose testimony I cited in the SJ O&O. (*Id.* 3–4.)

On February 2, 2022, U.S. Bank appealed Clerk's assessment of the taxation of costs, (Doc. 452), and filed a supporting memorandum of law, (Doc. 453 ("Mot.")), and the declaration of Samuel L. Walling, (Doc. 454.) On February 16, 2022, Plaintiffs filed their memorandum of

2

law in opposition.  (Doc. 455 ("Opp.").)  On February 23, 2022, U.S. Bank filed its reply.  (Doc. 456.)

## II. Legal Standards

A district court reviews an objection to the award of costs de novo.  *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015) (internal citation omitted).  "A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself."  *Karmel v. City of New York*, No. 00–CV–9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008) (citing *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), abrogated on other grounds by *Bruce v. Samuels*, 577 U.S. 82 (2016)).

Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "Local Civil Rule 54.1 further outlines those costs which are taxable in the Southern District of New York."  *Karmel*, 2008 WL 216929, at *1. "[A]n award against the losing party is the normal rule obtaining in civil litigation, not an exception."  *Whitfield*, 241 F.3d at 270.

## III. Discussion

The parties do not contest that U.S. Bank was properly awarded the statutory fee provided for by 28 U.S.C. § 1923.  (*Compare* Mot. 12 *with* Opp. 9.)  Accordingly, I restrict my review to the question of whether U.S. Bank is entitled to costs for deposition transcripts and videos.  U.S. Bank is entitled to costs for the 38 transcripts submitted in connection with summary judgment proceedings but not the costs associated with the videos or for the deposition transcripts not submitted in summary judgment proceedings.

### A.   *Deposition Transcripts*

Local Rule 54.1 provides that "[c]osts for depositions are [] taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Local Rule 54.1(c)(2). "Costs for depositions taken solely for discovery are not taxable." *Id*. "Notwithstanding that the text of Local Rule 54.1 refers only to the recovery of costs related to deposition transcripts actually *used* during dispositive motion practice or trial, 'courts in this District have repeatedly construed the local rules as authorizing a court to tax the costs of a deposition transcript if, at the time the deposition was taken, the deponent's testimony appeared to be reasonably necessary to the litigation.'" *Ramos v. City of New York*, No. 15 CIV. 6085 (ER), 2019 WL 3254964, at *2 (S.D.N.Y. July 21, 2019) (quoting *Endo Pharms. Inc. v. Amneal Pharms., LLC*, 331 F.R.D. 575, 582 (S.D.N.Y. 2019) (emphasis in original) (internal quotation marks omitted) (collecting cases)). Deposition transcripts are "reasonably necessary" if "at the time the deposition was taken, it was reasonably expected that the transcript would be used for trial preparation." *Faberware Licensing Co. LLC v. Meyer Mktg. Co., Ltd.*, No. 09 CIV. 2570 (HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009), *aff'd*, 428 F. App'x 97 (2d Cir. 2011).

In its bill of costs, U.S. Bank sought costs for the deposition transcripts for all 63 depositions. (Mot. 2.) The Clerk of Court limited the award to the depositions of those witnesses whose testimony was cited in my SJ O&O. (Doc. 451.) U.S. Bank contends that the Clerk's award was erroneous because all 63 transcripts were necessary because the depositions at issue were noticed by the Plaintiffs, (Mot. 5), covered deponents for witnesses identified by Plaintiffs in their initial disclosures, (*id.* 5–7), or were otherwise relevant to claims and defenses, (*id.* 7–8). Alternatively, it argues that, at minimum, 38 depositions are independently taxable because they were submitted in summary judgment proceedings. (*Id.* 8–10.)

### 1. Deposition Transcripts of Witnesses Noticed by Plaintiffs (36 of 63 Depositions)

Deposition transcripts may not be taxed as "reasonably necessary" costs simply because the other party noticed the deposition. The *per se* taxation of costs from depositions the other party noticed, without any reference to whether those transcripts were received at trial or used in dispositive motions would hollow out Local Rule 54.1(c)(2)'s prohibition on the taxation of costs for "depositions taken solely for discovery." Local Rule 54.1(c)(2). As *Whitfield* explains "allowing taxation if the deposition was 'used by the court in a ruling on a motion for summary judgment' but not if 'taken solely for discovery,' . . . suggest[s] an either-or dichotomy between depositions submitted in conjunction with a motion for summary judgment, on the one hand, and purely investigative depositions never actually submitted to the court for its use, on the other." 241 F.3d at 271 (quoting Local Rule 54.1(c)(2)).

I recognize the tension between the permissive "reasonably necessary" gloss courts in this District have applied to Local Rule 54.1(c)(2) and that Rule's plainly stated prohibition on the taxation of costs associated with depositions taken for discovery. *Ramos*, for example, permitted the taxation of costs for a deponent who was not initially disclosed as a person likely to have discoverable information, whose testimony was not used in any dispositive motion, who was not listed as a trial witness, who was not called at trial, and whose transcript was not employed at trial. 2019 WL 3254964, at *3. Similarly, *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, permitted the taxation of costs for a records custodian whose testimony was not used in any dispositive motion. No. 15-CV-4244 (JGK), 2021 WL 1172335, at *6 (S.D.N.Y. Mar. 26, 2021).[1] I disagree with these applications of Local Rule 54.1(c)(2) in *Ramos* and *Gym Door*

---

[1] *Sung Choi v. City of New York*, which U.S. Bank also cites, is inapposite. No. 10 CIV. 6617 JPO, 2013 WL 1387021 (S.D.N.Y. Apr. 5, 2013). There, the court taxed costs for a deposition transcript for a person that a litigant identified as a potential witness and decided not to call only the day before his scheduled testimony. *Id.* at *3. *Sung*

*Repairs, Inc.*

*Whitfield* distinguishes between deposition costs for materials used in dispositive motion practice and those not employed by the court in any capacity.  241 F.3d at 271.  The Committee Note to Local Rule 54.1(c)(2) tracks this distinction, noting that "the practice of taxing the expenses of a deposition when it is received in evidence or employed on a successful motion for summary judgment is widespread."  Committee Note to Local Rule 54.1(c)(2) (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2676 (3d ed. 1998), 7 James Wm. Moore et al., Moore's Federal Practice § 54.103(3)(c)(i) (3d ed. 2011)).  This distinction collapses if costs may be taxed for depositions that are not raised to the court's attention in any capacity and are taken solely in the context of investigating a claim through the "broad and liberal" provisions associated with civil discovery practice.  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  In the absence of any evidence that a deposition was submitted for the court's consideration in any context, the deposition and its associated costs are the kind of "purely investigative depositions," *Whitfield*, 241 F.3d at 271, "taken solely for discovery," which "are not taxable," Local Rule 54.1(c)(2).  Moreover, while some courts in this District have permitted the taxation of these costs, others have declined to tax costs for depositions not used in actual motion practice.  *See, e.g.*, *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-CV-6604 (CM)(RLE), 2016 WL 1253899, at *4 (S.D.N.Y. Feb. 23, 2016), *report and recommendation adopted sub nom. Advanced Video Techs. v. HTC Corp.*, No. 11 CIV. 8908 (CM), 2016 WL 1271498 (S.D.N.Y. Mar. 30, 2016) (awarding costs only for deposition transcripts used in dispositive motion practice); *Balance Point Divorce Funding, LLC*, 305 F.R.D. at 77

---

*Choi* thus implicates Local Rule 54.1(c)(2)'s rules on the use of transcripts at trial rather than in dispositive motion practice or for investigative reasons.

6

("[B]ecause none of the deposition transcripts at issue were used on any actual motion or response to a motion and no premotion letter had been submitted, the Court declines to tax the deposition costs."); *Rosary-Take One Prod. Co. P'ship v. New Line Distribution, Inc.*, No. 89 CIV. 1905 (CSH), 1996 WL 345902, at *2 (S.D.N.Y. June 21, 1996) (declining to permit the taxation of costs where "[n]one of those depositions was offered at trial" and "[n]one was considered by the Court in the context of a substantive motion.")

U.S. Bank seeks an award of costs for 36 depositions on the grounds that these depositions were noticed by Plaintiffs. (Doc. 454-2 columns 4–5.) Some of these depositions were also used by the parties in summary judgement proceedings, (*id.* column 11), and I address the award of these costs below. However, to the degree that any of these 36 depositions were used only for investigative purposes and were not submitted as part of a dispositive motion, it would be an improper use of discretion inconsistent with Local Rule 54.1(c)(2) to award costs for these depositions.

### 2. Transcripts for Witnesses Identified by Plaintiffs in Initial Disclosures and Discovery Responses (26 of 63 Depositions)

Taxation of deposition transcript costs is a similarly improper use of discretion when the deposition is undertaken because a witness was identified by a party in disclosures or interrogatory responses, but the transcript was not used in subsequent motion practice. U.S. Bank identifies 26 depositions undertaken because the deponent was named in a party's initial or supplemental disclosures or interrogatory responses. (Doc. 454-2 columns 6–9.) Some of these deposition transcripts were later submitted as part of summary judgment proceedings, (*id.* column 11), and I address the award of these costs below.

However, costs of depositions taken for investigative purposes and not used in dispositive motion proceedings are not properly taxed as costs for the reasons discussed in § III.A.1. U.S.

7

Bank states that the key reason for deposing this class was that "U.S. Bank reasonably believed it was necessary to secure their deposition testimony and obtain transcripts as part of its preparation for trial" such that "U.S. Bank would have needed the transcripts for cross-examination and impeachment purposes." (Mot. 7.) Had there been a trial, these costs would have fallen within Local Rule 54.1(c)(2)'s trial provision which provides that deposition transcript costs are "taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety." In *Sung Choi*, for example, the court taxed costs for a deposition transcript for an identified witness who a litigant decided not to call the day before that witness's testimony. 2013 WL 1387021 at *3. Awarding these costs is a sensible use of discretion given the need to account for exigencies that can arise from live testimony at trial. Local Rule 54.1(c)(2) appropriately provides for the taxing of costs for depositions used at trial regardless of whether that deposition is received into evidence or not, and indeed, whether it was read or not. Local Rule 54.1(c)(2). However, where, as here, there is no trial and deposition testimony is not used in any form in dispositive motion practice, those deposition transcripts are the kind of investigative material that are not properly taxed as a cost. Except as discussed below, U.S. Bank does not argue that these depositions were used in dispositive motion practice, (Mot. 6–7), and therefore I do not award these costs.

### 3. Transcripts Otherwise Relevant to Claims and Defenses (1 of 63 Depositions)

U.S. Bank also argues that the costs of costs of the deposition of Karim Berichi ("Berichi") should be taxed because he had information relevant to its positions and defenses. (*Id.* 7–8.) Berichi's deposition was not used in summary judgement proceedings. (Doc. 454-2 columns 10–11.) The Federal Rules for Evidence set out "low bar for relevancy." *United States v. Skelos*, 988 F.3d 645, 663 (2d Cir. 2021). Permitting the recovery of costs for a deposition

8

that was not used in dispositive motion practice, not used at trial, and was merely "relevant" would nullify Local Rule 54.1(c)(2)'s restrictions on the taxation of deposition costs, making it an improper use of discretion for the reasons already discussed.

### 4. Transcripts Submitted on Summary Judgment (38 of 63 Depositions)

The deposition transcripts used at summary judgment in this matter are taxable. Thirty-eight transcripts were submitted by the parties in their summary judgment papers. (Doc. 454-2 column 11.) "Costs for depositions are . . . taxable if they were *used by the Court* in ruling on a motion for summary judgment." Local Rule 54.1(c)(2) (emphasis added). "The filing of a deposition transcript necessarily means a court will use it, since summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Whitfield*, 241 F.3d at 271 (cleaned up). While the appellant in *Whitfield* argued "that such a broad reading would invite abuse insofar as prevailing parties could render a deposition taxable simply by appending it to a motion for summary judgment, regardless of its pertinence to the litigation," the *Whitfield* court found that argument uncompelling. *Id.* Given this, courts in this District have consistently permitted costs to be taxed for deposition transcripts submitted in connection with a summary judgment regardless of how or if the court uses those transcripts in its decision. *See, e.g.*, *Johnson v. IAC/Interactive Corp.*, No. 11 CIV. 7909 NRB, 2014 WL 5020591, at *3 (S.D.N.Y. Oct. 8, 2014); *Realtime Data, LLC v. CME Grp. Inc.*, No. 11-CV-6697-KBF, 2014 WL 11820242, at *5 (S.D.N.Y. June 24, 2014), *aff'd*, 600 F. App'x 771 (Fed. Cir. 2015); *Internet L. Libr., Inc. v. Southridge Cap. Mgmt. LLC*, No. 01 CIV 0877 JSR, 2010 WL 3290965, at *7 (S.D.N.Y. Aug. 11, 2010).

Moreover, both *Whitfield* and subsequent precedent suggests the fear of abuse due to the

broad framing of this Rule is unwarranted. *Whitfield* acknowledged that "costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* at 270. Thus, subsequent courts exercising their discretion have frequently declined to award the full costs that Local Rule 54.1(c)(2) might provide. *See, e.g.*, *Grewal v. Cuneo Gilbert & LaDuca LLP*, No. 13-CV-6836 (RA), 2020 WL 6273781, at *3 (S.D.N.Y. Oct. 26, 2020) (declining to award the full array of costs in light of parties' relative resources and plaintiff's pro se status); *Figueroa v. City of New York*, No. 00 CIV. 7559 (SAS), 2005 WL 883533, at *1 (S.D.N.Y. Apr. 14, 2005) (declining to award costs on the basis of the plaintiff's financial condition and good faith in bringing the suit).

There is no evidence that U.S. Bank or any party's submission of the 38 transcripts submitted on summary judgement was done in bad faith or that the financial disparities between the parties are such that the discretionary award of costs would be otherwise improvident.[2] Accordingly, given the guidance in *Whitfield*, 241 F.3d at 271, and the broader principle that the taxation of costs "against the losing party is the normal rule obtaining in civil litigation, not an exception," *id.* at 270, I find that U.S. Bank is properly awarded costs for the 38 transcripts used at summary judgment.

### B.  *Deposition Videos*

Lastly, U.S. Bank argues that it is entitled to taxation of video costs for the 63 depositions. (Mot. 11–12.) Local Rule 54.1(c)(2) does not specifically provide for video costs. However, courts in this District have found that "[v]ideo fees have been deemed taxable where

---

[2] There is no requirement that the prevailing party be the one to have introduced a transcript in connection with a dispositive motion or trial for that transcript to be awarded as a cost so long as the prevailing party also purchased the transcript. *See, e.g.*, *In re Omeprazole Pat. Litig.*, No. 00 CIV. 4541 BSJ, 2012 WL 5427791, at *3 (S.D.N.Y. Nov. 7, 2012) ("the Court will tax costs against [litigant] for one original transcript and one copy of all depositions introduced and received into evidence in relation to *any* party during the trial.") (emphasis in original).

'there was an expectation among the parties that the video of the testimony might be presented at trial [.]'" *In re Omeprazole Pat. Litig.*, 2012 WL 5427791, at *4 (quoting *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 CV 8685(HB), 2011 WL 2848644, at *3–4 (S.D.N.Y, July 18, 2011) (second alteration in original); *see also Endo Pharms. Inc.*, 331 F.R.D. at 583 (same).

The party seeking costs must specifically explain why it expected to present testimony by video. *Settlement Funding, LLC*, 2011 WL 2848644, at *4 (declining to permit the taxation of video costs where a litigant "fails to show why it reasonably expected to present video at trial"); *In re Omeprazole Pat. Litig.*, 2012 WL 5427791, at *4 (declining to award costs where a party "made no effort to establish with any specificity that the parties reasonably believed that video testimony would be used at trial for the depositions for which it charges video fees").

U.S. Bank does not provide sufficient justification for taking video to merit a taxation of costs. In the declaration supporting its motion, U.S. Bank states only that it "ordered each video in order to preserve the deponent's testimony for later use, including for impeachment purposes at trial and to the extent the witness would be unavailable to testify at trial." (Doc. 454 ¶ 8.) This is too generic to provide grounds for an award of video costs. Moreover, at least some of the witnesses for whom U.S. Bank requests videos were its own witnesses. (Doc. 454 ¶ 3; Doc. 454-2 column 3.) While it is not impossible that U.S. Bank might need to impeach its own witnesses, or that those witnesses might not be available for trial, at least some justification is called to support the claim that video footage for such witnesses were "reasonably necessary." Accordingly, U.S. Bank is not entitled to an award of the costs of videos of the depositions.

**IV.     Conclusion**

U.S Bank's appeal on the taxation of costs is GRANTED IN PART and DENIED IN PART.  U.S Bank shall submit to the Clerk of Court a revised application to tax costs consistent with this Opinion & Order by October 4, 2023.  The Clerk of Court is respectfully directed to close the motion at Doc. 452.

SO ORDERED.

Dated: August 25, 2023
        New York, New York

Vernon S. Broderick
United States District Judge